| | |
|---|---|
| Book | Policy Manual |
| Section | 2000 Program |
| Title | TITLE IX SEXUAL HARASSMENT |
| Code | po2266 |
| Status | Active |
| Adopted | May 11, 2021 |

## 2266 - TITLE IX SEXUAL HARASSMENT

The District prohibits unlawful sex discrimination, including harassment and retaliation, in any of its education programs or activities in accordance with Title IX of the Education Amendments of 1972 and corresponding implementing regulations.

This Policy addresses allegations of Title IX sexual harassment that occurred on or after August 14, 2020. Allegations of discrimination, harassment, or retaliation not covered by this Policy should be addressed under the District's applicable non-discrimination or anti-harassment policies. Allegations alleging both Title IX sexual harassment and other forms of unlawful discrimination and harassment (e.g., race, age, disability) that cannot be reasonably separated into two distinct complaints should be investigated under this Policy. Investigating other forms of discrimination, including harassment and retaliation, through this Policy will fulfill the District's investigation requirements under other applicable Board Policies, but nothing in this paragraph limits the District's right to determine at any time that a non-Title IX allegation should be addressed under another applicable Policy.

The Board directs the Superintendent or designee to designate one or more employees who meet the training requirements in Section M of this Policy to serve as the District's Title IX Coordinator(s). The Title IX Coordinator will designate an Investigator, Decision-Maker, and Appeals Officer, if applicable, for each Formal Complaint made under this Policy. If a Formal Complaint is made under this Policy against the Title IX Coordinator, the Board President will designate the persons who will serve as the Investigator, Decision-Maker, and Appeals Officer and will work with District administrators to ensure that all other requirements of this Policy are met.

The Investigator, Decision-Maker, Appeals Officer, and any person designated to facilitate an informal resolution process cannot be the same person on a specific matter, and the persons designated to serve in those roles may or may not be District employees. Any person serving as the Investigator, Decision-Maker, Appeals Officer, or person designated to facilitate an informal resolution process must meet the training requirements in Section M of this Policy.

Inquiries about Title IX's application to a particular situation may be referred to the Title IX Coordinator, the Assistant Secretary for Civil Rights of the United States Department of Education, or both.

A. **Definitions**

   For purposes of this Policy, the below terms are defined as follows:

   1. "Sexual Harassment" means conduct on the basis of sex that satisfies one or more of the following:

      a. A District employee conditioning the provision of a District aid, benefit, or service on a person's participation in unwelcome sexual conduct;

      b. Unwelcome conduct that a reasonable person would determine to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the District's education program or activity; or

      c. Sexual assault, dating violence, domestic violence, or stalking, as defined by the Violence Against Women Act, 34 USC § 12291 et. seq., and the uniform crime reporting system of the Federal Bureau of Investigation, 20 USC 1092(f)(6)(A)(v).

         1. "Sexual assault" means an offense classified as a forcible or nonforcible sex offense under the uniform crime reporting system of the Federal Bureau of Investigation.

         2. "Dating violence" means violence committed by a person who is or has been in a romantic or intimate relationship with the Complainant. The existence of such a relationship is based on a consideration of the length of the relationship, the type of relationship, and the frequency of interaction between the

persons involved in the relationship.

3. "Domestic violence" means felony or misdemeanor crimes of violence committed by a current or former spouse or intimate partner of the Complainant, person with whom the Complainant shares a child, person who is cohabitating with or has cohabitated with the Complainant as a spouse or intimate partner, person similarly situated to a spouse of the Complainant under the domestic or family violence laws of Michigan; or any other person against an adult or youth Complainant who is protected from that person's acts under the domestic or family violence laws of Michigan.

4. "Stalking" means engaging in a course of conduct directed at a specific person that would cause a reasonable person to (1) fear for the person's safety or the safety of others; or (2) suffer substantial emotional distress.

2. "Actual Knowledge" means notice of sexual harassment or allegations of sexual harassment to the District's Title IX Coordinator or any District employee. Imputation of knowledge based solely on vicarious liability or constructive notice is insufficient to constitute actual knowledge. This standard is not met when the only District employee with actual knowledge is the Respondent.

3. "Appeals Officer" is the person designated by the District to handle appeals of a dismissal or determination of responsibility for matters investigated under this Policy. The Appeals Officer may not be the same person as the Investigator, Title IX Coordinator, Decision-Maker, or person designated to facilitate an informal resolution process on a specific matter.

4. "Complainant" is a person who is alleged to be the victim of conduct that could constitute Title IX sexual harassment.

5. "Consent" means a voluntary agreement to engage in sexual activity by a person legally capable of consenting. Someone who is incapacitated cannot consent. Past consent does not imply future consent. Silence or an absence of resistance does not imply consent. Consent to engage in sexual activity with one person does not imply consent to engage in sexual activity with another. Consent can be withdrawn at any time. Coercion, force, or threat of either invalidates consent. Sexual conduct or relationships between District employees, volunteers, or contractors and students, regardless of age or consent, are prohibited.

6. "Day," unless otherwise indicated, means a day that the District's central office is open for business.

7. "Decision-Maker" is the person designated by the District to review the investigation report and provide a written determination of responsibility that provides the evidentiary basis for the Decision-Maker's conclusions. The Decision-Maker may not be the same person as the Investigator, Title IX Coordinator, Appeals Officer, or person designated to facilitate an informal resolution process on a specific matter.

8. "Education Program or Activity" means any location, event, or circumstance over which the District exercised substantial control over both the Respondent and the context in which the harassment occurred.

9. "Formal Complaint" means a written document or electronic submission signed and filed by a Complainant or signed by the Title IX Coordinator alleging sexual harassment against a Respondent and requesting that the District investigate the sexual harassment allegation.

10. "Grievance Process" is the process by which the District handles Formal Complaints.

11. "Investigator" is the person designated by the District to investigate a Title IX Formal Complaint. The Investigator cannot be the same person as the Decision-Maker, Appeals Officer, or person designated to facilitate an informal resolution process on a specific matter. The Title IX Coordinator may serve as the Investigator on a particular investigation, unless the Title IX Coordinator signed the Formal Complaint.

12. "Report" means an account of alleged Title IX sexual harassment made by any person (regardless of whether the reporting party is the alleged victim).

13. "Respondent" is a person who has been reported to be the perpetrator of conduct that could constitute Title IX sexual harassment.

14. "Supportive Measures" are non-disciplinary, non-punitive, individualized services offered and implemented by the Title IX Coordinator as appropriate, as reasonably available, and at no cost to the Complainant and the Respondent before or after the filing of a Formal Complaint or when no Formal Complaint has been filed. Supportive measures are designed to restore or preserve equal access to the District's education program or activity without unreasonably burdening the other party, including measures designed to protect the safety of all parties or the District's educational

environment, or deter sexual harassment.

15. "Title IX Coordinator" is the person(s) designated by the District to coordinate the District's Title IX compliance. The Title IX Coordinator may not be the same person as the Appeals Officer or Decision-Maker on a specific matter. A person not serving as a Title IX Coordinator in a particular matter is not disqualified from serving in another role in that matter. The Title IX Coordinator may also serve as the Investigator or person designated to facilitate an informal resolution process on a particular investigation, unless the Title IX Coordinator signed the Formal Complaint.

### B. Posting Requirement

The Title IX Coordinator's contact information (name or title, office address, electronic mail address, and telephone number), along with the District's Title IX nondiscrimination statement, must be prominently posted on the District's website and in any catalogs or handbooks provided to applicants for admission or employment, students, parents/guardians, and unions or professional organizations with a collective bargaining or professional agreement with the District.

The District will provide notice of this Policy to all applicants, students, parents/guardians, employees, and unions or professional organizations with a collective bargaining or professional agreement with the District by prominently posting this Policy on its website and referencing this Policy in its handbooks, which will include the Title IX Coordinator's name or title, office address, electronic mail address, and telephone number.

### C. Designation of Title IX Coordinator

The District designates the following person(s) as the Title IX Coordinator(s):

Melinda Bohan
305 Arbor, Marcellus, MI 49067
269-646-7655
mbohan@marcelluscs.org

Donald Price
303 Arbor. Marcellus, MI 49067
269-646-5081
dprice@marcelluscs.org

### D. Reporting Title IX Sexual Harassment

A person may make a report of sexual harassment or retaliation at any time. Reports may be made in person, by mail, by telephone, or by electronic mail, using the contact information listed for the Title IX Coordinator, or by any other means that result in the Title IX Coordinator receiving the person's verbal or written report.

Any District employee who receives a report of sexual harassment or has actual knowledge of sexual harassment must convey that information to the Title IX Coordinator by the end of the next day.

Any other person who witnesses an act of sexual harassment is encouraged to report it to a District employee and may do so anonymously. No person will be retaliated against based on any report of suspected sexual harassment or retaliation.

### E. General Response to Sexual Harassment

#### 1. District's Obligation to Respond without Deliberate Indifference

Upon actual knowledge of Title IX sexual harassment, the Title IX Coordinator must respond promptly in a manner that is not deliberately indifferent. The District will be deemed to be deliberately indifferent only if its response to sexual harassment is clearly unreasonable in light of the known circumstances.

If the Title IX Coordinator receives a report of sexual harassment and the Complainant does not file a Formal Complaint, the Title IX Coordinator must evaluate the information and determine whether to sign and file a Formal Complaint. If the Title IX Coordinator determines not to sign and file a Formal Complaint, the Title IX Coordinator must address the allegations in a manner that is not deliberately indifferent.

#### 2. Response to Report of Title IX Sexual Harassment

Upon receipt of a report of sexual harassment, the Title IX Coordinator must promptly contact the Complainant to discuss the availability of supportive measures, consider the Complainant's wishes with respect to supportive measures, inform the Complainant of the availability of supportive measures with or without the filing of a Formal

Complaint, and explain to the Complainant the process for filing a Formal Complaint.

3. **Formal Complaint Filed**

   Upon the receipt of a Formal Complaint, the District must follow the Grievance Process in Section F of this Policy. A Formal Complaint may be submitted using the Title IX Sexual Harassment Formal Complaint Form.

4. **Equitable Treatment**

   The District will treat the Complainant and Respondent equitably throughout the Grievance Process, which may include offering supportive measures as described in Subsection E(6) of this Policy.

5. **Documentation and Recordkeeping**

   The Title IX Coordinator will document all sexual harassment reports and all incidents of sexual harassment that the Title IX Coordinator receives or personally observes.

   The District will retain this documentation in accordance with applicable record retention requirements in Section N of this Policy.

6. **Supportive Measures**

   After receiving a report of Title IX sexual harassment, the Title IX Coordinator must promptly contact the Complainant to discuss the availability of supportive measures, with or without the filing of a Formal Complaint. If the District does not provide a Complainant with supportive measures, then the Title IX Coordinator must document the reasons why such a response was not clearly unreasonable in light of the known circumstances.

   The District may provide, as appropriate, non-disciplinary, non-punitive individualized services to the Complainant or Respondent before or after the filing of a Formal Complaint or when no Formal Complaint has been filed.

   Supportive measures should be designed to restore or preserve equal access to the District's education program or activity without unreasonably burdening the other party.

   Supportive measures are offered without charge to all parties and are designed to protect the safety of all parties or the District's educational environment, or deter sexual harassment.

   Supportive measures may include, but are not limited to:

   a. District-provided counseling;

   b. Course-related adjustments, such as deadline extensions;

   c. Modifications to class or work schedules;

   d. Provision of an escort to ensure that the Complainant and Respondent can safely attend classes and school activities; and

   e. No-contact orders.

   All supportive measures must be kept confidential, to the extent that maintaining such confidentiality would not impair the District's ability to provide the supportive measures.

7. **Respondent Removal**

   a. **Emergency Removal (Student)**

      The District may only remove a student Respondent from a District program or activity if, following an individualized safety and risk analysis, the District determines that there is an immediate threat to the physical health or safety of any student or other person arising from the sexual harassment allegations.
      The District must provide the Respondent with notice and an opportunity to immediately challenge the removal decision. This provision may not be construed to modify any rights under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, or the Americans with Disabilities Act.

   b. **Administrative Leave (Employee)**

      The District may place an employee Respondent on non-disciplinary administrative leave during the pendency of the Grievance Process. This provision may not be construed to modify any rights under Section 504 of the

Rehabilitation Act of 1973 or the Americans with Disabilities Act.

8. **Law Enforcement**

   In appropriate circumstances, a District employee will notify law enforcement or Child Protective Services.

   The District will attempt to comply with all law enforcement requests for cooperation with related law enforcement activity. In some circumstances, compliance with law enforcement requests may require the District to briefly suspend or delay its investigation. If an investigation is delayed, the District will notify the parties in writing of the delay and the reasons for the delay.

   If the District's investigation is suspended or delayed, supportive measures will continue during the suspension or delay. If the law enforcement agency does not notify the District within 10 days that the District's investigation may resume, the District will notify the law enforcement agency that the District intends to promptly resume its investigation.

F. **Grievance Process**

   1. **Generally**

      The Grievance Process begins when a Formal Complaint is filed or when the Title IX Coordinator signs a Formal Complaint and concludes the date the parties receive the Appeals Officer's written decision or the date on which an appeal is no longer timely. The District will endeavor to complete the Grievance Process within 90-120 days, absent extenuating circumstances or delays as described below. The District will treat both the Complainant and the Respondent equitably throughout the Grievance Process.

      Neither the Title IX Coordinator, the Decision-Maker, the Investigator, Appeals Officer, nor any person designated to facilitate an informal resolution process will have a conflict of interest or bias for or against Complainants or Respondents generally or for or against an individual Complainant or Respondent.

      The Grievance Process requires an objective evaluation of all relevant evidence – including both inculpatory and exculpatory evidence. Credibility determinations may not be based on a person's status as a Complainant, Respondent, or witness.

      Throughout the Grievance Process, there is a presumption that the Respondent is not responsible for the alleged conduct unless, in the determination of responsibility, the Decision-Maker finds the Respondent responsible for the alleged conduct.

      At any point, the Title IX Coordinator, Investigator, Decision-Maker, or Appeals Officer may temporarily delay the Grievance Process or permit a limited extension of time frames for good cause. Good cause may include absence of a party, party's advisor, or witness; concurrent law enforcement activity; or the need for accommodations (e.g., language assistance or accommodation of disabilities). If there is a delay or extension, the parties will receive written notice of the delay or extension and the reasons for the action.

      Any disciplinary action resulting from the Grievance Process will be issued in accordance with District Policy, as applicable, and any applicable codes of conduct, handbooks, collective bargaining agreements, and individual employee contracts.

      After the investigation portion of the Grievance Process has concluded, the Decision-Maker will endeavor to issue a determination of responsibility within 30 days, absent extenuating circumstances.

   2. **Notice of Allegations**

      Upon receipt of a Formal Complaint, the District must provide written notice to the parties who are known at the time that includes:

      a. A copy of this Policy, which includes the District's Grievance Process, and any informal resolution process;

      b. The sexual harassment allegations, including sufficient details known at the time and with sufficient time so that parties may prepare a response before the initial interview. Sufficient details include parties involved in the incident, if known; the alleged conduct constituting sexual harassment; and the date and time of the alleged incident;

      c. A statement that the Respondent is presumed not responsible for the alleged conduct;

  d. A statement that a determination of responsibility is made at the Grievance Process's conclusion;

  e. A statement that the parties may have an advisor of their choice, who may be an attorney, although any attorney or advisor who is not a District employee will be at the party's own cost;

  f. A statement that the parties will be provided an opportunity to inspect and review any evidence before the investigation report is finalized; and

  g. If the Complainant or Respondent is a student, and the District's Student Code of Conduct addresses false statements by students during the disciplinary process, a citation to that portion of the Code of Conduct. If the Code of Conduct does not address false statements by students, the notice is not required to include any reference.

If, during the course of an investigation, the Investigator decides to investigate allegations that are not included in this notice, the District will provide notice of the additional allegations to the Complainant and Respondent.

3. **Informal Resolution**

During the Grievance Process, after a Formal Complaint has been filed but before a determination of responsibility has been made, the District may offer to facilitate an informal resolution process, or either party may request the informal resolution process. A Formal Complaint must be filed to initiate the informal resolution process.

Informal resolution does not require a full investigation and may encompass a broad range of conflict resolution strategies, including, but not limited to, arbitration, mediation, or restorative justice. The Title IX Coordinator will determine the informal resolution process that will be used, including the person who will facilitate that process.

Informal resolution is not available for a Formal Complaint alleging that an employee sexually harassed a student.

A party is not required to participate in an informal resolution process.

When offering informal resolution, the Title IX Coordinator must (1) provide both parties written notice of their rights in an informal resolution; and (2) obtain written, voluntary consent from both parties to enter into the informal resolution process. The written notice must contain the:

  a. Allegations;

  b. Informal resolution requirements, including the circumstances under which the informal resolution precludes the parties from resuming a Formal Complaint arising from the same allegations;

  c. Right to withdraw from informal resolution and resume the Grievance Process at any time prior to agreeing to a resolution; and

  d. Any consequences resulting from participating in the informal resolution process, including the records that will be maintained or could be shared

4. **Investigation**

The District has the burden of proof and the burden to gather evidence sufficient to reach a determination of responsibility.

 a. **Investigation Process**

  The District will not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, information protected under a legally recognized privilege unless the person holding such privilege has waived the privilege in writing.

  The District may not access, consider, disclose, or otherwise use a party's medical records, including mental health records, which are made and maintained by a healthcare provider in connection with the party's treatment unless the District obtains that party's voluntary, written consent to do so for the Grievance Process.

  The Investigator must provide an equal opportunity for the parties to present witnesses, including fact and expert witnesses, and other inculpatory or exculpatory evidence. The Investigator cannot restrict parties from discussing the allegations under investigation, nor can the Investigator restrict parties from gathering or presenting relevant evidence.

  Parties may be accompanied by an advisor of their choice, including an attorney, in any meeting or Grievance

Process proceeding. If a party chooses an advisor who is not a District employee, the District is not responsible for any associated costs. The Superintendent or designee may establish restrictions regarding the extent to which the advisor may participate in the proceedings, as long as the restrictions apply equally to both parties (e.g., abusive, disruptive behavior or language will not be tolerated; advisor will not interrupt the investigator to ask questions of witnesses).

The Investigator must provide the date, time, location, participants, and purpose of all hearings (if any), investigative interviews, and meetings, to a party whose participation is invited or expected. Written notice must be provided a sufficient time in advance so that a party may prepare to participate.

As described in Section L of this Policy, retaliation against a person for making a complaint or participating in an investigation is prohibited.

The Investigator must ensure that the Complainant and Respondent have an equal opportunity to inspect and review any evidence obtained as part of the investigation so that each party has the opportunity to meaningfully respond to the evidence before the investigation's conclusion. This evidence includes (1) evidence upon which the District does not intend to rely in reaching a determination regarding responsibility, and (2) inculpatory or exculpatory evidence obtained from any source.

Before the investigation's completion, the Investigator must send to each party and the party's advisor, if any, the evidence subject to inspection and review in an electronic format or a hard copy, and the parties must have at least 10 calendar days to submit a written response to the Investigator. The party's response must be considered by the Investigator before completing the final investigation report.

b. **Investigation Report**

The Investigator must create an investigation report that fairly summarizes relevant evidence and submit the investigation report to the Decision-Maker.

At least 10 calendar days before a determination of responsibility is issued, the Investigator must send the investigation report to each party for review and written response. Written responses to the investigation report must be submitted directly to the Decision-Maker.

The Investigator will endeavor to complete the investigation and finalize the report within 60 days.

5. **Determination of Responsibility**

The Decision-Maker cannot be the same person as the Title IX Coordinator, Investigator, Appeals Officer, or person designated to facilitate an informal resolution process.

Before the Decision-Maker reaches a determination of responsibility, and after the Investigator has sent the investigation report to the parties, the Decision-Maker must:

   a. Afford each party the opportunity to submit written, relevant questions that a party wants asked of any party or witness; and

   b. Provide each party with the answers, and allow for additional, limited follow-up questions from each party. Questions and evidence about the Complainant's sexual predisposition or prior sexual behavior are not relevant unless offered to prove that someone other than the Respondent committed the alleged misconduct, or the questions and evidence concern specific incidents of the Complainant's prior sexual behavior with respect to the Respondent and are offered to prove consent.

If the Decision-Maker decides to exclude questions from either party as not relevant, the Decision-Maker must explain the decision to the party proposing the questions.

The Decision-Maker must issue a written determination of responsibility based on a preponderance of the evidence standard (i.e., more likely than not) simultaneously to both parties. The written determination of responsibility must include:
   a. Identification of the sexual harassment allegations;

   b. Description of the procedural steps taken from the receipt of the Formal Complaint through the determination of responsibility, including any:

      1. Notification to the parties;

      2. Party and witness interviews;

      3. Site visits;

      4. Methods used to collect evidence; and

      5. Hearings held.

  c. Factual findings that support the determination;

  d. Conclusions about the application of any relevant code of conduct, policy, law, or rule to the facts;

  e. A statement of, and rationale for, the result as to each allegation, including:

      1. A determination of responsibility;

      2. Any disciplinary action taken against the Respondent (consistent with Board Policy, as applicable, and any applicable codes of conduct, handbooks, collective bargaining agreements, or individual employee contracts); and

      3. Whether remedies designed to restore and preserve equal access to the District's education program or activity will be provided to the Complainant.

  f. Appeal rights

The determination of responsibility is final upon the date the parties receive the Appeals Officer's written decision or on the date on which an appeal is no longer timely.

G. **Appeals**

Notice of the determination of responsibility or dismissal decision must include notice of the parties' appeal rights.

Both parties may appeal a determination of responsibility or the decision to dismiss a Formal Complaint in whole or in part for the following reasons only:

1. A procedural irregularity that affected the outcome.

2. New evidence that was not reasonably available at the time the determination of responsibility or dismissal decision was made that could affect the outcome.

3. The Title IX Coordinator, Investigator, or Decision-Maker had a conflict of interest or bias for or against the Complainant or Respondent, generally or individually, that affected the outcome.

An appeal must be filed with the Title IX Coordinator within 5 days of the date of the determination of responsibility or dismissal decision.

Upon receipt of an appeal, the Title IX Coordinator will assign an Appeals Officer who will provide both parties written notice of the appeal and an equal opportunity to submit a written statement in support of, or challenging, the determination or dismissal decision.

The Appeals Officer must provide a written decision describing the result of the appeal and the rationale for the result to both parties simultaneously. The Appeals Officer will endeavor to decide an appeal within 30 days.

The Appeals Officer cannot be the same person who acts as the Title IX Coordinator, Investigator, Decision-Maker, or person designated to facilitate an informal resolution process on the same matter. The Appeals Officer also cannot have a conflict of interest or bias against Complainants and Respondents generally or individually.

H. **Dismissal**

  1. Mandatory Dismissals

    The Title IX Coordinator must dismiss a Formal Complaint if:

      a. The Formal Complaint's allegations, even if proven, would not constitute sexual harassment as defined in this Policy;

      b. The Formal Complaint's allegations did not occur in the District's programs or activities; or

      c. The Formal Complaint's allegations did not occur in the United States.

2. Discretionary Dismissals

The Title IX Coordinator may dismiss a Formal Complaint if:

    a. The Complainant notifies the Title IX Coordinator in writing that the Complainant wishes to withdraw the Formal Complaint in whole or in part;

    b. The Respondent's enrollment or employment ends; or

    c. Specific circumstances prevent the District from gathering evidence sufficient to reach a determination (e.g., several years have passed between alleged misconduct and Formal Complaint filing, Complainant refuses or ceases to cooperate with Grievance Process).

The Title IX Coordinator will promptly and simultaneously notify both parties when a Formal Complaint is dismissed. The notice must include the reasons for mandatory or discretionary dismissal and the right to appeal. Appeal rights are discussed above in Subsection F(6) of this Policy.

Dismissal of a Formal Complaint under this Policy does not excuse or preclude the District from investigating alleged violations of other policy, rule, or law, or from issuing appropriate discipline based on the results of the investigation.

I. **Consolidation of Complaints**

The Title IX Coordinator or Investigator may consolidate Formal Complaints where the allegations arise out of the same facts or circumstances. Where a Grievance Process involves more than one Complainant or more than one Respondent, references in this Policy to the singular "party," "Complainant," or "Respondent" include the plural, as applicable.

J. **Remedies**

The District will take appropriate and effective measures to promptly remedy the effects of sexual harassment. The Title IX Coordinator is responsible for the effective implementation of any remedies.

Appropriate remedies will be based on the circumstances and may include, but are not limited to:

1. Providing an escort to ensure that the Complainant and Respondent can safely attend classes and school activities;

2. Offering the parties school-based counseling services, as necessary;

3. Providing the parties with academic support services, such as tutoring, as necessary;

4. Rearranging course or work schedules, to the extent practicable, to minimize contact between the Complainant and Respondent;

5. Moving the Complainant's or the Respondent's locker or work space;

6. Issuing a "no contact" directive between the Complainant and Respondent;

7. Providing counseling memoranda with directives or recommendations;

8. Imposing discipline consistent with District Policy, as applicable, and any applicable codes of conduct, handbooks, collective bargaining agreements, or individual employee contracts.

These remedies may also be available to any other student or person who is or was affected by the sexual harassment.

After a determination of responsibility, the Title IX Coordinator should consider whether broader remedies are required, which may include, but are not limited to:

1. Assemblies reminding students and staff of their obligations under this Policy and applicable handbooks;

2. Additional staff training;

3. A climate survey; or

4. Letters to students, staff, and parents/guardians reminding persons of their obligations under this Policy and applicable handbooks.

If the Complainant or Respondent is a student with a disability, the District will convene an IEP or Section 504 Team meeting to determine if additional or different programs, services, accommodations, or supports are required to ensure that the Complainant or Respondent continues to receive a free appropriate public education. Any disciplinary action taken against a

Respondent who is a student with a disability must be made in accordance with Policy 5206B and the Individuals with Disabilities Education Act or Section 504 of the Rehabilitation Act.

K. **False Statements**

Any person who knowingly makes a materially false statement in bad faith in a Title IX investigation will be subject to discipline, up to and including discharge or permanent expulsion. A dismissal or determination that the Respondent did not violate this Policy is not sufficient, on its own, to conclude that a person made a materially false statement in bad faith.

L. **Confidentiality**

The District will keep confidential the identity of a person who reports sexual harassment or files a Formal Complaint, including parties and witnesses, except as permitted or required by law or to carry out any provision of this Policy, applicable regulations, or laws.

M. **Retaliation**

Retaliation (e.g., intimidation, threats, coercion) for the purpose of interfering with a person's rights under Title IX is prohibited. This prohibition applies to retaliation against any person who makes a report, files a Formal Complaint, or participates in, or refuses to participate in a Title IX proceeding. Complaints alleging retaliation may be pursued in accordance with District Policy.

The exercise of rights protected under the First Amendment does not constitute retaliation prohibited by this Section.

When processing a report or Formal Complaint of sexual harassment, pursuing discipline for other conduct arising out of the same facts or circumstances constitutes retaliation if done for the purpose of interfering with that person's rights under Title IX.

Any person who engages in retaliation will be disciplined in accordance with District Policy, as applicable, and any applicable codes of conduct, handbooks, collective bargaining agreements, and individual employee contracts.

N. **Training**

All District employees must be trained on how to identify and report sexual harassment.

Any person designated as a Title IX Coordinator, Investigator, Decision-Maker, Appeals Officer, or any person who facilitates an informal resolution process must be trained on the following:

   1. The definition of sexual harassment;

   2. The scope of the District's education programs or activities;

   3. How to conduct an investigation and the District's grievance process, including, as applicable, hearings, appeals, and informal resolution processes; and

   4. How to serve impartially, including avoiding prejudgment of the facts at issue, conflicts of interest, and bias.

Investigators must receive training on how to prepare an investigation report as outlined in Subsection F(4)(b) above, including, but not limited to, issues of relevance.

Decision-Makers and Appeals Officers must receive training on issues of evidence and questioning, including, but not limited to, when questions about a Complainant's prior sexual history or disposition are not relevant.

Any materials used to train District employees who act as Title IX Coordinators, Investigators, Decision-Makers, Appeals Officers, or who facilitate an informal resolution process must not rely on sex stereotypes and must promote impartial investigations and adjudications of Formal Complaints. These training materials must be posted on the District's website.

O. **Record Keeping**

The District will maintain records related to reports of alleged Title IX sexual harassment for a minimum of seven years. This retention requirement applies to investigation records, disciplinary sanctions, remedies, appeals, and records of any action taken, such as supportive measures.

The District will also retain any materials used to train Title IX Coordinators, Investigators, Decision-Makers, Appeals Officers, and any person designated to facilitate an informal resolution process.

P. **Office for Civil Rights**

Any person who believes that he or she was the victim of sexual harassment may file a complaint with the Office for Civil Rights (OCR) at any time:

U.S. Department of Education Office for Civil Rights
1350 Euclid Avenue, Suite 325
Cleveland, Ohio 44115
Phone: (216) 522-4970
E-mail: OCR.Cleveland@ed.gov

An OCR complaint may be filed before, during, or after filing a Formal Complaint with the District. A person may forego filing a Formal Complaint with the District and instead file a complaint directly with OCR. The District recommends that a person who has been subjected to sexual harassment also file a Formal Complaint with the District to ensure that the District is able to take steps to prevent any further harassment and to discipline the alleged perpetrator, if necessary. OCR does not serve as an appellate body for District decisions under this Policy. An investigation by OCR will occur separately from any District investigation.

© Thrun Law Firm, P.C. (2020)

Legal    Education Amendments Act of 1972, 20 USC 1681 - 1688; 34 CFR Part 106