

## Marcellus Community Schools

305 West Arbor Street • PO Box 48 • Marcellus, MI 49067
Phone: 269-646-7655 • Fax: 269-646-2700

**Learning Today . . . Leading Tomorrow**

April 15, 2022

Via E-mail

Re: Title IX Investigation - Determination of Responsibility

Dear Ms. ▮:

The District has completed its investigation into the Formal Complaint of sexual harassment, filed on November 11, 2021 by you as a parent of Complainant, District Student ▮.

The allegations of sexual harassment, as that term is defined in the District's Title IX Sexual Harassment Policy (the "Policy"), include that District students ▮ and ▮ allegedly inappropriately touched ▮ on several occasions, including once in a school bathroom when ▮ allegedly restrained ▮'s hands and forced her to the ground. Additionally, ▮ and ▮ allegedly inappropriately touched ▮, and other students, as part of a "Tweedledee game." These incidents allegedly occurred in the Fall of 2021 in the school building, in the school restroom, and outside on school grounds during recess. The incident in the school bathroom allegedly occurred on October 6, 2021.

The Policy defines "sexual harassment" as conduct on the basis of sex that satisfies one or more of the following:

- A District employee conditioning the provision of a District aid, benefit, or service on an individual's participation in unwelcome sexual conduct;

- Unwelcome conduct that a reasonable person would determine to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the District's education program or activity; or

- Sexual assault, dating violence, domestic violence, or stalking, as defined by the Violence Against Women Act, 34 USC § 12291 et. seq., and the uniform crime reporting system of the Federal Bureau of Investigation, 20 USC 1092(f)(6)(A)(v)[1].

---

[1] The Title IX Regulations and District Policy 2266 incorporate the FBI's uniform crime reporting definitions for sexual assault, which include forcible rape, forcible sodomy, sexual assault with an object, forcible fondling, incest, and statutory rape. The only one of those offenses alleged in the Formal Complaint is forcible fondling. An element of forcible fondling is that the touch must be for sexual gratification.

Upon the receipt of the Formal Complaint, the District took the following procedural steps:

- November 11, 2021 – Formal Complaint filed.
- November 15, 2021 – Melinda Bohan, Title IX Coordinator, sent notice letters to Complainant's parents and Respondents' parents notifying them of the Title IX complaint.
- November 17, 2021 – Attorney Robert Dietzel from Thrun Law Firm was assigned to investigate the complaint.
- December 8, 2021 – January 26, 2022 – Investigator conducts interviews and compiles evidence from parties.
- February 14, 2022 – The Investigator sent correspondence to Complainant and Respondents advising them of their right to inspect and review all evidence collected during the investigation. All parties were provided access to an electronic version of all collected evidence.
- February 22, 2022 – ███████████ submitted a response to the evidence. (Exhibit 7).
- February 23, 2022 – ███████████ submitted a response to the evidence. (Exhibit 8).
- March 14, 2022 – This investigation report was transmitted to the Complainant and Respondent through their respective parent Advisors and to Melinda Bohan, the District's Title IX Coordinator.

On February 14, 2022 you were given an opportunity to review all evidence compiled during the investigation and to provide a written response, which you did. On March 14, 2022 you received a copy of the investigation report. You had the opportunity to review the investigation report, submit a written response to the report, and submit written questions to the other party or witnesses before my determination of responsibility. You submitted a written response to the report.

Based on a preponderance of the evidence, after reviewing the investigation report and attached exhibits, I accept and adopt all findings of fact made by the Investigator, including, but not limited to:

- On October 6, 2021 at approximately 11:42 a.m., a group of 5th grade girls entered the girls' restroom at Marcellus Elementary School. ███████, ███████, and ███████ were part of the group. While in the restroom, ███████ grabbed ███████'s shirt and tried to push or pull her to the ground. ███████ told ███████ to stop, but ███████ did not. ███████ was able to get away from ███████. ███████ told ███████ that she was "going to hump her," but did not touch ███████'s breasts, genital area, or buttocks during this interaction.

- Sometime in Fall 2021, ███████ invented what she believed to be a "game," where she would grab or tickle other girls in the genital area over their clothes, yell "Twiddle Dee," laugh, and run away. ███████ and ███████ both touched other students during the "Tickle Game." The conduct usually occurred outside during recess on the playground. Neither ███████ or ███████ derived sexual gratification from the "Tickle Game."

- As part of the "Tickle Game," ███████ touched ███████'s genital area over the clothes on multiple occasions between September 20, 2021 through October 17, 2021. The touch was a brief tap. It did not include stroking, rubbing, pinching, or lingering.

- As part of the "Tickle Game," ▇ touched ▇'s genital area over the clothes on approximately five occasions between September 20, 2021 through October 17, 2021. The touch was a brief tap. It did not include stroking, rubbing, pinching, or lingering.

- ▇ asked ▇ and ▇ to stop touching her as part of the "Tickle Game." ▇ touched ▇ at least one time after being asked to stop. ▇ did not touch ▇ after being asked to stop

- ▇ is apprehensive about attending school because of ▇ and ▇'s conduct.

Based on the foregoing, I determine that ▇'s actions towards ▇ on October 6, 2021 in the girls' restroom (accosting her in the girls' restroom, attempting to push her to the ground, and threatening to "hump" her) rise to the level of sexual harassment as defined by District Policy. Given the circumstances predating the incident, including that ▇ had repeatedly touched ▇ in the genital area against her will before October 6, 2021, a reasonable person in ▇'s position would find the October 6, 2021 incident to be so severe, pervasive, and objectively offensive to effectively deny equal access to District programs and activities.

I do not find, however, that this incident was sexual assault, as that term is defined in District policy, because there was no unwanted sexual touching.

▇ and ▇'s conduct between September 20, 2021 and October 17, 2021, of repeatedly tapping ▇ in the genital area over the clothes, yelling Twiddle Dee, laughing, and running away also constitutes sexual harassment. A reasonable person in ▇'s position would find such repeated unwanted touching to be so severe, pervasive, and objectively offensive to effectively deny equal access to District programs and activities.

I do not find, however, that this behavior by ▇ and ▇ was sexual assault, as that term is defined in District policy and federal law, because a preponderance of the evidence does not establish that the touching was for sexual gratification.

As a result of this determination of responsibility, the District will take the following actions to restore or preserve equal access to the District's education programs and activities:

For Complainant and Respondents, supportive measures will continue to be provided.

For Respondents, the District will not impose additional disciplinary sanctions on top of discipline previously issued to them related to the misconduct alleged in the Complaint.

For all parties and all District students, safety measures implemented by the District will remain in place through the end of the 2021-2022 school year, including, but not limited to, extra supervision outside restrooms, extra supervision during recess, and a policy of only allowing one student at a time in the restrooms.

▇ is welcome back to the District at any time. If she chooses to return to a District school, the District is willing to discuss suggestions or supports you and ▇ believe are necessary for her to succeed and feel safe in school. Please contact me to discuss the need for additional supports.

The Title IX Coordinator will communicate separately with each party about implementation of applicable remedial measures.

Pursuant to the Policy, you may appeal this determination of responsibility within 5 business days of this correspondence for the following reasons:

1. A procedural irregularity that affected the outcome;

2. New evidence that was not reasonably available at the time the determination of responsibility was made that could affect the outcome; or

3. The Title IX Coordinator, Investigator, or Decision-Maker had a conflict of interest or bias for or against the Complainant or Respondent, generally or individually, that affected the outcome.

The Appeals process is described in the District's Title IX Policy, which can be found here: https://go.boarddocs.com/mi/marcel/Board.nsf/Public#. A hard copy of the Policy is also enclosed.

As a reminder, the District prohibits retaliation against any person who files a sexual harassment complaint or who cooperates in the investigation of such a complaint. Additionally, the information contained in the evidence and investigation report that were previously provided to the parties, and in this letter, is confidential and the Parties and their advisors are not authorized to verbally or electronically disclose copies of the report, the evidence referenced in the report, or the information contained in the report to others who are not parties in his matter.

Please do not hesitate to contact me if you have any additional information or questions.

Sincerely,

Nanette Pauley

Enclosure: District's Title IX Sexual Harassment Policy

C: Title IX Coordinator