# Exhibit 3

2009 WL 5171839
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

David SCHIED, Plaintiff,
v.
Ronald WARD, Ken Hamman, Kirk Hobson, Patricia Meyer, Laura Surrey, Karen Ellsworth, Jessica Murray, Jennifer Bouhana, Patricia Ham, and Joe D. Mosier, Defendants.

No. 09–12374.
|
Dec. 22, 2009.

West KeySummary

1   **Education** Pleadings
    **Public Employment** Exercise of rights; retaliation

    A special education teacher failed to state a claim against various employees of a school district for retaliatory conduct taken against him because of his attempts to advocate for the rights of his students under the Individuals with Disabilities Education Act (IDEA). If the teacher was subjected to retaliatory conduct, the right to relief would have been against the employer rather than individually named employees. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

    3 Cases that cite this headnote

**Attorneys and Law Firms**

David Schied, Northville, MI, pro se.

Scott L. Mandel, Foster, Swift, Roy H. Henley, Thrun Law Firm, Lansing, MI, for Defendants.

**OPINION AND ORDER**

PATRICK J. DUGGAN, District Judge.

*1 David Schied ("Plaintiff") filed the present lawsuit on June 19, 2009. Presently before the Court are two motions to dismiss, the first from defendants Ward, Hamman, Hobson, Meyer, Surrey, Ellsworth, Murray, Bouhana, and Ham ("Brighton Defendants") and the second from Defendant Mosier. These motions argue that the present case must be dismissed because the complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted. Also before the Court are motions by Plaintiff for contempt and sanctions against the defendants and their attorneys and for partial summary judgment. All the motions have been briefed. The Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2) on December 17, 2009.

**I. Factual and Procedural Background**

Plaintiff, acting *pro se* and proceeding *in forma pauperis,* filed the present lawsuit on June 19, 2009. In his complaint, Plaintiff asserts various claims arising out of his employment relationship with the Brighton Area Schools as a special education teacher at Brighton High School. Plaintiff began working at the high school in August 2005. By March 2007, Plaintiff alleges that various employees at the school and the Livingston Education Service Agency were conspiring to secure his termination or non-renewal as a teacher. In April 2008, Plaintiff received notice from the school board that his contract would not be renewed. Plaintiff's union appealed the decision and the case went to arbitration. In November 2009, the arbitrator found in Plaintiff's favor on grounds that the school board did not have just cause for Plaintiff's non-renewal. (Pl.'s Reply Ex. A.) The arbitrator ordered that Plaintiff be reinstated and that he "be reimbursed for all wages and benefits lost as a result of the failure of the Board to renew his contract for the 2008–2009 school year ...." (*Id*. at 25.)

In the present case, Plaintiff challenges the conduct of the defendants leading up to his non-renewal in April 2008 as well as their conduct during the arbitration proceedings. Prior to his non-renewal, Plaintiff alleges that the defendants retaliated against him because of his attempts to advocate for the rights of his students as secured by the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* and because he filed other civil lawsuits

Case 1:23-cv-00255-PLM-RSK   ECF No. 12-3,   PageID.245   Filed 05/15/23   Page 3 of 7
Schied v. Ward, Not Reported in F.Supp.2d (2009)
2009 WL 5171839

against the defendants' colleagues in other school districts. During the arbitration, Plaintiff alleges that the defendants conspired to present perjured testimony. While Plaintiff's pleadings are voluminous and somewhat confusing, the Court will attempt to summarize the allegations made against each named defendant.

Ron Ward acted as assistant superintendent of the Brighton Area Schools between December 2006 and the summer of 2008. Plaintiff alleges that Ward attempted to terminate him in March 2007 using a performance evaluation that was completed in violation of the collective bargaining agreement between the teacher's union and the school district. Plaintiff's union successfully defended Plaintiff against that action. In February 2008, Ward submitted an affidavit in support of the defendants in another civil lawsuit filed by Plaintiff. In March 2008, Ward argued to the school board that Plaintiff's contract should not be renewed on the basis of the invalid performance evaluation of March 2007 and a second invalid performance evaluation conducted in December 2007. Ward later mailed the notice of non-renewal to Plaintiff after the Board's decision in April 2008.

*2 Ken Hamman served as the principal at Brighton High School during Plaintiff's employment. Plaintiff alleges that Hamman conducted the invalid performance evaluation in March 2007 and assisted in Ward's attempt to terminate him at that time. Hamman also completed the performance evaluation in December 2007 that inappropriately referenced other allegations that had been successfully refuted by Plaintiff's union. In February 2008, Hamman allegedly began monitoring Plaintiff's classroom in violation of the collective bargaining agreement. Hamman used the information he learned to draft "letters of concern" in an attempt to construct just cause for Plaintiff's impending non-renewal. In March 2008, Hamman wrote a summary performance evaluation that incorporated the two prior invalid evaluations. Ward used this summary evaluation to argue for Plaintiff's non-renewal. Finally, Plaintiff alleges that Hamman gave perjured testimony regarding these and other events during the arbitration proceedings.

Kirk Hobson served as an assistant principal during Plaintiff's employment. Hobson allegedly initiated the conspiracy to construct just cause for Plaintiff's non-renewal shortly after Plaintiff began complaining about violations of students' rights. Hobson allegedly retaliated against Plaintiff by writing two letters in October and November 2007 that accused Plaintiff of violating the school district's special education policies and procedures. After investigation by Plaintiff's union, the letters were supposed to be removed from Plaintiff's file but, as noted above, were used by Hamman in the December 2007 performance evaluation. Hobson later testified at the arbitration hearing, allegedly giving perjured testimony.

Patricia Meyer also served as an assistant principal during Plaintiff's employment. Meyer completed a positive performance evaluation of Plaintiff in January 2008. In retaliation for Plaintiff's documenting student rights violations, however, Meyer allegedly gave perjured testimony during the arbitration regarding the circumstances of the positive evaluation and other events.

Laura Surrey acted as a third assistant principal during Plaintiff's employment. Plaintiff accuses Surrey of being complicit in the conspiracy to deprive him of his rights. Plaintiff also asserts that Surrey committed perjury in the arbitration in order to affirm the testimony of others.

Karen Ellsworth acted as a para-professional assisting one or more the special education students in Plaintiff's classes. When the other defendants began retaliating against Plaintiff in January 2008 for his advocacy of student rights, Plaintiff solicited a letter of support from Ellsworth memorializing his abilities and competency as a special education teacher. Ellsworth allegedly committed perjury during the arbitration hearing by recanting the content of that letter and denying her presence in Plaintiff's classroom.

Jessica Murray also acted as a para-professional in Plaintiff's classroom. Plaintiff alleges that Murray gave perjured testimony regarding her observations of Plaintiff's interactions with students.

*3 Jennifer Bouhana was one of Plaintiff's special education colleagues at Brighton High School. Plaintiff and Bouhana became engaged in a disagreement regarding the proper procedures for the periodic evaluation of special education students. At some point during this disagreement, Plaintiff confronted Bouhana regarding her arrogance and demeaning attitude. Plaintiff alleges that this motivated Bouhana to lodge complaints against him and submit perjured testimony during the arbitration.

Patricia Ham is an employee of the Livingston Education Service Agency. Ham allegedly provided perjured testimony

regarding her knowledge of Plaintiff's students during the arbitration.

Finally, Joe D. Mosier served as legal counsel for the Brighton Area Schools in the arbitration. Plaintiff alleges that Mosier used a fraudulent defense strategy and conspired with the other co-defendants to submit perjured testimony in the arbitration.

Shortly after Plaintiff filed the complaint in this case, the defendants filed motions to dismiss based on Plaintiff's alleged failure to obtain proper service. Plaintiff responded to the motions and filed a separate motion for a finding of contempt and sanctions against the defendants and their attorneys. In an Opinion and Order filed August 20, 2009, the Court denied all of the motions and ordered that the defendants file answers to the complaint within 20 days of August 28, 2009. On September 16, 2009, the Brighton Defendants filed the motion to dismiss presently pending before the Court. Defendant Mosier filed his motion the next day. Plaintiff filed his second motion for contempt and sanctions on September 28, 2009, and his motion for partial summary judgment on November 5, 2009.

## II. Failure to State a Claim upon which Relief can be Granted

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal,* "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 555, 570, 127 S.Ct. 1955, 1964–65, ––L.Ed.2d ––––, ––––, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965.

*4 In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.; see also Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal,* 129 S.Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964– 65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In applying the aforementioned standards to this case, the Court must keep in mind that Plaintiff is proceeding *pro se*. *Pro se* plaintiffs are held to less stringent pleading standards than attorneys, and defendants are entitled to dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (quotation omitted).

### A. Brighton Defendants

Focusing on the statutes expressly cited by Plaintiff in his complaint, the Brighton Defendants argue that Plaintiff has failed to assert claims upon which relief can be granted. In the complaint, Plaintiff set forth ten "counts," one for each defendant in the case. In the title of each count, Plaintiff cites between two and four statutes that purportedly support his requests for relief. The Brighton Defendants assert that these statutes are either inapplicable to the present case or that Plaintiff failed to plead sufficient facts in support of such claims. Mindful of the less stringent *pro se* pleading standard, the Court considers claims under both the statutes cited by Plaintiff and theories of relief reasonably discernable from the content of Plaintiff's allegations.

#### 1. 5 U.S.C. § 2302: Prohibited Employment Practices

One statute relied upon by Plaintiff in support of his claims is a federal statute regarding "Prohibited Employment Practices." 5 U.S.C. § 2302. As the Brighton Defendants correctly note, this statute pertains to prohibited employment practices in the context of federal employment. *See* 5 U.S.C. § 2105. Because neither Plaintiff nor any of the defendants are federal employees or employers, Plaintiff is not entitled to relief under this statute and all such claims are dismissed.

**2. 18 U.S.C. § 241: Conspiracy Against Rights**[1]

A second statute cited by Plaintiff is a federal criminal statute prohibiting conspiracies "to injure, oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 241. This statute, however, "does not authorize a civil suit for damages." *Willing v. Lake Orion Cmty Schs. Bd. of Trs.*, 924 F.Supp. 815, 818 (E.D.Mich.1996). Therefore any civil claims made on the basis of this statute are dismissed.

**\*5** Furthermore, to the extent that Plaintiff seeks the initiation of criminal proceedings on the basis of his complaint or the "Sworn Affidavit and Complaint" attached thereto, the Court reiterates a portion of the August 20, 2009, Opinion and Order: this Court has no authority to honor Plaintiff's requests and demands for criminal prosecution. *See In re Schied,* No. 08–1895, slip op. at 2 (6th Cir. Aug. 5, 2008); *Schied v. Daughtrey,* No. 08–14944, 2009 WL 369484 at \*3 (E.D.Mich. Feb.10, 2009). "Generally, a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989) (per curiam). Rather, the discretion and "authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Milgrom v. Burstein,* 374 F.Supp.2d 523, 529 (E.D.Ky.2005). Consequently, *all* of Plaintiff's requests for relief pertaining to criminal investigations or proceedings are denied.

**3. 18 U.S.C. § 1621: Perjury**

Plaintiff also cites the federal criminal statute establishing the crime of perjury as relevant to his claims. 18 U.S.C. § 1621. Like the aforementioned statute, this criminal statute also fails to create a private cause of action. Witnesses testifying under oath are entitled to absolute immunity. *See Rolon v. Henneman,* 514 F.3d 140, 146 (2d Cir.2008) (applying testimonial immunity to witnesses at arbitration proceedings); *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 740 (7th Cir.1999) ("[T]o hold a witness liable in money damages merely because he or she testified falsely at trial would violate the long-standing common law rule that parties and witnesses are immune from subsequent damages liability for their testimony in judicial proceedings.") Therefore all claims brought pursuant to this statute are dismissed.

**4. 42 U.S.C. § 1983: Civil Action for Deprivation of Rights**

Finally, Plaintiff alleges that five of the Brighton Defendants, acting under color of law, deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. The Brighton Defendants argue that these claims are subject to dismissal either because the complaint fails to give sufficient notice of the conduct that purportedly gives rise to such claims or because the individually named defendants are entitled to qualified immunity.

Having reviewed the entirety of Plaintiff's 90–page complaint,[2] the Court agrees that Plaintiff has insufficiently pled a claim for relief pursuant to 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir.2006). The primary theme of Plaintiff's complaint is that the Brighton Defendant's deprived him of gainful employment.[3] There is no abstract right to employment, however, secured by the Constitution or laws of the United States.[4]

**\*6** Even so, there are a number of federal statutes that protect employees from discriminatory conduct by employers. *See, e.g.,* 42 U.S.C. § 2000e–2. Although Plaintiff fails to cite these employment discrimination laws, repeated assertions of retaliation and a hostile work environment give notice that Plaintiff is attempting to assert employment discrimination claims. Plaintiff specifically asserts that the Brighton Defendants engaged in retaliatory conduct based on his advocacy for the rights of disabled students. For purposes of this motion, the Court assumes—without deciding—that such allegations could give rise to some form of a retaliation claim under the Rehabilitation Act. *See* 29 U.S.C. § 794 (prohibiting disability discrimination by federally funded programs and referring to the retaliation remedy available in the Americans with Disabilities Act ("ADA")); 42 U.S.C. § 12203 (prohibiting retaliation based on an individual's opposition to conduct made unlawful by the ADA); 20 U.S.C. 1400 *et seq.* (securing rights of individuals with disabilities in education); *see also Pasatiempo by Pasatiempo v. Aizawa,* 103 F.3d 796 (9th Cir.1996) (analyzing a claim arising out of the Rehabilitation Act and the IDEA).

Even under this assumption, however, Plaintiff's claims against the Brighton Defendants fail. If Plaintiff was subjected to retaliatory conduct made unlawful by some

Case 1:23-cv-00255-PLM-RSK ECF No. 12-3, PageID.248 Filed 05/15/23 Page 6 of 7
Schied v. Ward, Not Reported in F.Supp.2d (2009)
2009 WL 5171839

combination of the Rehabilitation Act, the ADA, and the IDEA, his right to relief would be against his employer rather than the individually named defendants in the present case.[5] *See Hiler v. Brown,* 177 F.3d 542, 547 (6th Cir.1999) ("[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the Rehabilitation Act's anti-retaliation provision."); *see also Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 120 (concluding that "[e]mployees of the recipients of federal financial assistance" cannot be held individually liable under the Rehabilitation Act because the employees "are not in themselves the recipients of such assistance"). Therefore, even under a liberal reading of Plaintiff's complaint, Plaintiff's claims against the Brighton Defendants fail to state a claim upon which relief can be granted.[6]

### B. Defendant Mosier

Defendant Mosier seeks dismissal of Plaintiff's complaint on grounds similar to those asserted by the Brighton Defendants. In the count alleged against Defendant Mosier, Plaintiff cites 18 U.S.C. § 1981 and 42 U.S.C. § 1983. Insofar as Plaintiff relies on the criminal statute prohibiting conspiracies against rights, Plaintiff's claim against Defendant Mosier is dismissed for the reasons discussed above in section II.A.2. As to the § 1983 claim, the complaint fails to state a claim upon which relief can be granted. All of Defendant Mosier's allegedly unlawful conduct in this case arose in the context of Defendant Mosier's legal representation of the school district during the arbitration. In that capacity, Defendant Mosier never acted under the color of law. *Horen v. Bd. of Educ. of the Toledo Sch. Dist.,* 594 F.Supp.2d 833, 841 (N.D.Ohio 2009). Therefore Plaintiff's claims against Defendant Mosier are dismissed.

### III. Plaintiff's Motion for Contempt and Sanctions

*7 As noted above, Plaintiff filed a motion for contempt and sanctions against defendants and their attorneys.[7] Plaintiff argues that they are subject to contempt and sanctions because, rather than filing answers to the complaint as ordered by the Court,[8] defendants and their attorneys filed the motions to dismiss addressed above. The Federal Rules of Civil Procedure require, however, that parties file motions to dismiss based on the grounds enumerated in Rule 12(b) before filing a responsive pleading. The Court's order that defendants file answers to the complaint was intended to ensure the continued progress of this case, not to foreclose defendants' rights to challenge the litigation as permitted by the Federal Rules of Civil Procedure. Defendants and their attorneys did not violate this Court's prior order by filing motions to dismiss in lieu of answers. Therefore, the Court denies Plaintiff's motion for contempt and sanctions.

### IV. Plaintiff's Motion for Partial Summary Judgment

Finally, Plaintiff filed a "Motion for Partial Summary Judgment" with his response to defendants' motions to dismiss. Therein, Plaintiff requests a ruling that defendants failed to file proper answers to the complaint as required by the Court, an order for sanctions against defendants and their attorneys, and a jury trial to determine Plaintiff's damages related to his claims. For the reasons set forth above, Plaintiff's motion for partial summary judgment is denied in its entirety.

Accordingly,

**IT IS ORDERED** that the Brighton Defendants' Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Joe D. Mosier's Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Finding of Contempt and Sanctioning of Defendants and Their Attorneys is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

A judgment consistent with this opinion shall issue.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 5171839

### Footnotes

1    In his complaint, Plaintiff regularly cites 42 U.S.C. § 241 as a statute titled "Conspiracy Against Rights." That statute, however, actually pertains to the authority of the Secretary of the Public Health Service to conduct research and

|   |   |
|---|---|
|   | investigations. *See id.* The Court believes that Plaintiff intended to cite 18 U.S.C. § 241 because that statute is titled "Conspiracy Against Rights" and is cited by Plaintiff in at least one location in his complaint. (Compl.¶ 258.) |
| 2 | The defendants in this case object to the length of Plaintiff's complaint on grounds that it violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement" of the claim for relief. While the Court agrees that the complaint is unnecessarily long and somewhat confusing, requiring Plaintiff to amend the pleading would only result in the unnecessary extension of this litigation. |
| 3 | Perhaps of greater prominence in the complaint are Plaintiff's allegations that the defendants committed perjury in the arbitration. As discussed above, however, such allegations fail to state a claim (civil or criminal) upon which relief can be granted. |
| 4 | To the extent Plaintiff has a contractually created property interest in his employment and due process rights arising therefrom, those issues appear to have been addressed by the employment arbitration, which found that the school board lacked just cause for Plaintiff's non-renewal. The complaint in the present lawsuit does not reference the contract between the school district and the teacher's union as a basis for Plaintiff's claims. |
| 5 | The Court expresses no opinion regarding the possible impact of Plaintiff's success in the employment arbitration on any potential retaliation claim against the employer. As previously noted, the arbitrator determined that the Brighton Area School District failed to present just cause for Plaintiff's non-renewal in violation of the collective bargaining agreement between the school district and the teacher's union. The facts giving rise to Plaintiff's "non-renewal without just cause" are the same facts alleged in support of Plaintiff's retaliation claim. Plaintiff has already been awarded backpay and reinstatement in the arbitration. |
| 6 | Although the Brighton Defendants did not address any retaliation claims asserted in the complaint, Plaintiff's claims are nonetheless subject to dismissal "at any time if the court determines that ... (B) the action or appeal ... (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). |
| 7 | Insofar as Plaintiff reasserts the grounds raised in his prior motion for contempt and sanctions filed on July 27, 2009, the Court reminds Plaintiff that his prior motion was denied, in its entirety, in the Court's Opinion and Order dated August 20, 2009. |
| 8 | See this Court's prior Opinion and Order filed on August 20, 2009. (Docket no. 25.) |

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.