# Exhibit 5

Case 1:23-cv-00255-PLM-RSK ECF No. 12-5, PageID.262 Filed 05/15/23 Page 2 of 4
Freshwater v. Mount Vernon City School Dist. Bd. of Educ., Not Reported in F.Supp.2d...
2010 WL 1434314

2010 WL 1434314
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Ohio,
Eastern Division.

John FRESHWATER, et al., Plaintiffs,

v.

MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., Defendants.

No. 2:09-cv-464.
|
April 8, 2010.

**Attorneys and Law Firms**

Raymond Kelly Hamilton, Grove City, OH, for Plaintiffs.

David Kane Smith, Krista Keim, Sarah J. Moore, Britton Smith Peters & Kalail Co. LPA, Larry Craig Greathouse, Gallagher Sharp Fulton & Norman, Leah M. Hohenberger, Cleveland, OH, Nicole M. Donovsky, Richard Wayne Ross, Stacy Virginia Pollock, Means Bichimer Burkholder & Baker, Kathleen Vivian Davis, Scott Scriven & Wahoff LLP, Columbus, OH, C. Joseph McCullough, White Getgey & Meyer, Cincinnati, OH, Gregory Bradford Scott, Julie C. Martin, for Defendants.

*OPINION AND ORDER*

GREGORY L. FROST, District Judge.

*1 This matter is before the Court on Defendant David Millstone's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 49.) That motion is unopposed. For the reasons set forth below, the Court **GRANTS** Millstone's motion.

**I. Background**

Plaintiff John Freshwater filed an initial complaint on June 9, 2009 regarding the Mount Vernon City School District Board of Education's ("Board of Education") consideration of termination of his employment pursuant to the Ohio Revised Code § 3319.16. Plaintiff filed an amended complaint on June 18, 2009, which added his wife as a plaintiff.

Freshwater filed this action under 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Ohio Revised Code § 4112.02 *et seq.* ("Chapter 4112"), and the common law of Ohio. Freshwater alleges:

Count 1-Section 1983 violation of the First and Fourteenth Amendments' rights to free speech, free association, and the exercise of religion-filed against all of the defendants.

Count 2-Section 1983 violation of the First and Fourteenth Amendments' rights to equal protection-filed against all of the defendants.

Count 3-Section 1983 violation of the First and Fourteenth Amendments' rights to due process-filed against all of the defendants.

Count 4-Title VII religious discrimination-filed against the Board of Education, superintendent for the Board of Education Steve Short, and principal for the Board of Education William White.

Count 5-Title VII retaliation-filed against the Board of Education.

Count 6-Title VII religious harassment-filed against the Board of Education, Watson, Short, and Weston.

Count 7-Chapter 4112 religious harassment-filed against the Board of Education, Watson, Short, and Weston.

Count 8-Chapter 4112 hostile work environment-filed against all of the defendants.

Count 9-Ohio public policy prohibiting retaliation in employment-filed against the Board of Education.

Count 10-Civil conspiracy to violate Freshwater's civil rights-filed against all of the defendants.

Count 11-Defamation-filed against all of the defendants.

Count 12-Breach of contract-filed against the Board of Education, Short, White, Millstone, H.R. on Call, Inc., and Thomas and Julia Herlevi.

Case 1:23-cv-00255-PLM-RSK   ECF No. 12-5,  PageID.263   Filed 05/15/23   Page 3 of 4

Freshwater v. Mount Vernon City School Dist. Bd. of Educ., Not Reported in F.Supp.2d...
2010 WL 1434314

Count 13-Res judicata-filed against the Board of Education.

Count 14-Negligent retention, supervision, and failure to train-filed against the Board of Education.

Count 15-Malicious purpose, bad faith, or wanton or reckless behavior-filed against all of the defendants.

Count 16-Declaratory judgment.

Count 17-False light invasion of privacy-filed against all of the defendants.

Count 18-Loss of consortium-filed against all defendants by both Freshwater and his spouse.

Freshwater named as defendants the Board of Education, several individual members of the Board of Education, several Mount Vernon City School District employees, Thomas J. Herlevi, Julia F. Herlevi, H.R. on Call, Inc., and attorney David J. Millstone. The Board of Education retained Millstone to represent it in the matter regarding the termination of Freshwater's employment. Plaintiffs are suing Millstone in his official capacity as an agent of the Board.

## II. Standard

*2 To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying plausibility standard).

## III. Analysis

Millstone moves for dismissal of all of the claims filed against him.

### A. Section 1983 Claims

The amended complaint asserts claims against Millstone only in his official capacity as a state actor. Millstone argues that he is not a state actor for purposes of Section 1983. This Court agrees.

It is well settled that a private attorney does not become a state actor simply by representing a public body. In *Polk County v. Dodson,* 454 U.S. 312, 329, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court held that an attorney employed by the state, such as a public defender, does not have a sufficient relationship to act "under color of state law within the meaning of Section 1983." *See also Hahn v. Star Bank,* 190 F.3d 708, 717 (6th Cir.1999) (stating that private attorneys are not acting under the color of state law within the meaning of Section 1983 just because they are officers of the court) (citations omitted); *Washington v. Brewer,* No. 91-1935, 1991 WL 243591, at *1 (6th Cir. Nov.21, 1991) ("A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a state actor under 42 U.S.C. Section 1983.")

As Millstone correctly points out, the Northern District of Ohio in *Horen v. Bd. of Educ. of the Toledo City Sch. Dist.,* 594 F.Supp.2d 833 (N.D.Ohio 2009), has properly applied this principle to a private counsel's representation of a school board. In *Horen,* the court explained that "[g]enerally plaintiffs can file § 1983 claims against public officers in their official capacity as 'another way of pleading an action against an entity of which an officer is an agent.' " *Id.* at 844 (quoting *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). The court went on to explain that because the attorneys involved were private parties engaged in the practice of law they were "far from being an official or even a government employee." *Id.* Therefore, they were not agents of the state and could not be sued in their official capacities.

Accordingly, the Court **GRANTS** Millstone's motion to dismiss as it relates to the Section 1983 claims filed against him.

### B. State Law Claims

Plaintiffs remaining claims filed against Millstone are based on state law and include: hostile work environment, violations of Ohio public policy, conspiracy, defamation, breach of contract, false light invasion of privacy, and loss of consortium. Plaintiffs further alleged that Millstone, and all defendants, acted maliciously, in bad faith, and reckless. Millstone argues that none of these allegations are sufficient to state tort claims in Ohio against an opposing party's attorney. This Court agrees.

Case 1:23-cv-00255-PLM-RSK ECF No. 12-5, PageID.264 Filed 05/15/23 Page 4 of 4

Freshwater v. Mount Vernon City School Dist. Bd. of Educ., Not Reported in F.Supp.2d...
2010 WL 1434314

**\*3** In Ohio, an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client of the attorney, or unless the attorney acts with malice. *Scholler v. Scholler,* 10 Ohio St.3d 98, 103, 462 N.E.2d 158 (1984). Plaintiffs do not allege they are in privity with Millstone's client, the Board of Education, and Plaintiffs have not sufficiently pleaded malice against Millstone. Ohio courts require much more than a bald assertion of "malice" to state a tort claim against another party's attorney because "the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client." *Simon v. Zipperstein,* 32 Ohio St.3d 74, 76-77, 512 N.E.2d 636 (1987) (trial court properly dismissed motion to dismiss (converted by the trial court to a motion for summary judgment) against an attorney by a third party because the complaint "set forth no special circumstances such as fraud, bad faith collusion or other malicious conduct which would justify departure from the general rule"). Consequently, the Court **GRANTS** Millstone's motion to dismiss as it relates to the remaining claims.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant David Millstone's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 49.) The Clerk is **DIRECTED** to remove Millstone as a defendant in this action.

**IT IS SO ORDERED.**

### All Citations

Not Reported in F.Supp.2d, 2010 WL 1434314

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.