UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

C.C., as Parent and Legal Guardian of JANE DOE, a Minor,

    Plaintiff,

v

MARCELLUS COMMUNITY SCHOOLS, MARCELLUS COMMUNITY SCHOOLS BOARD OF EDUCATION, and individuals NANETTE PAULEY, MELINDA BOHAN, SARAH BISCHOFF, TAMMY CURTIS, HENRY ESSEX and ROBERT DIETZEL, In their individual capacities,

    Defendants.

CASE NO. 1:23-cv-00255

HON. PAUL L. MALONEY

---

Elizabeth Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
Attorneys for Plaintiff
1100 W. Saginaw St. Ste. 4A-2
Lansing, MI 48915
(517) 292-0067
Email: elizabeth@abdnour.com

Mark T. Ostrowski (P49761)
Jessica M. Stark-Flechsig (P80647)
KLYCZYNSKI, GIRTZ & VOGELZANG
Attorneys for the MSC Defendants
3033 Orchard Vista Dr SE, Ste 308
Grand Rapids, MI 49546
(616) 559-8649
Email: marko@kgvlaw.com

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
mgilchrist@shrr.com
mwiese@shrr.com

---

# **Robert Dietzel's Reply Brief in Support of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

---

Date: August 2, 2023

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## Introduction

In response to Dietzel's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, Plaintiff has abandoned six of her seven claims against Dietzel. Those claims were not warranted by existing law nor by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing law. Sanctions are appropriate as to the six abandoned claims pursuant to Fed. R. Civ. P. 11(b)(2).

The remaining claim against Dietzel, a negligence claim arising out of his actions as a Title IX investigator, is legally meritless. As a Title IX investigator Dietzel owed no common law duty to either the alleged victim or subject of the Title IX investigation that could ever give rise to individual tort liability. Plaintiff will never be able to prove her negligence claim because she will never be able to establish the elemental prerequisite of the claim – a common law legal duty – required to proceed. The Court must dismiss Plaintiff's negligence claim under Fed. R. Civ. P. 12(b)(6).

## Discussion

**I.    Plaintiff Failed to Respond to Defendants' Arguments for Dismissal With Regard to Virtually All of Her Claims, Signaling The Lack of Legal Support for Such Claims. Dietzel is Entitled to Rule 11 Sanctions.**

Sanctions under Fed. R. Civ. P. 11(b)(2) are appropriate where the claims, defenses, and other legal contentions of the offending party are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.[1] Rule 11 sanctions are intended to deter parties from abusing the legal process.[2] The Supreme Court has noted that "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."[3]

---

[1] Fed. R. Civ. P. 11(b)(2).
[2] *Meritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citing *Heron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1998)).
[3] *Cooter & Gell v. Hartmarx* Corp., 496 U.S. 384, 393 (1990).

1

The "central purpose of Rule 11 is to deter baseless filings in the district court and thus … streamline the administration and procedure of the federal courts."[4]  In the Sixth Circuit the test for determining whether a party has violated Rule 11 is whether the individuals' conduct was reasonable under the circumstances.[5]  The standard is an objective one.[6]

Of course, "Plaintiff's counsel ha[s] the duty to research the applicable law *before* filing a Complaint."[7]  Dietzel does not take issue with Plaintiff with respect to the legal basis for the claims pled, as parties are entitled to "justifiably rely on counsel to make a reasonable inquiry into legal precedent based on the facts provided to the party."[8]  But her attorney is obligated to conduct the necessary research to determine whether there is a legal basis to proceed with a claim.  That didn't happen here.  Federal district courts have specifically granted sanctions against counsel for Rule 11 violations where counsel asserts constitutional claims against non-state actors, and where Plaintiff fails to demonstrate that such claims were "brought in the form of a nonfrivolous argument for the reversal of existing law."[9]

Plaintiff asserts the following claims against Dietzel in his individual capacity arising out of his role as Title IX investigator:

- Count III – Denial of Right to Free Speech and Expression and Prior Restraint, 42 U.S.C. § 1983 and the First Amendment.[10]

- Count IV – Denial of Substantive Due Process, 42 U.S.C. § 1983 and the Fourteenth Amendment.[11]

---

[4] *Id*.
[5] See *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).
[6] See *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).
[7] *Bryant v. Thoratec Corp*., No. 2:17-cv-169, 2018 WL 6333565 (S.D. Miss. Ja. 29, 2018) (**Ex. 1**), citing Fed. R. Civ. P. 11(b)(2).
[8] *Del Pino v. Bay of Pigs Veterans Association*, No. 07-22869-CIV, 2008 WL 11411845 (S.D. Fla. Feb. 12, 2008) (**Ex. 2**).
[9] *Del Pino*, supra.
[10] ECF No. 1, PageID.33-35, ¶¶225-238.
[11] ECF No. 1, PageID.35-36, ¶¶239-246.

- Count V – Denial of Procedural Due Process, 42 U.S.C. § 1983 and the Fourteenth Amendment.[12]

- Count VI – Denial of Equal Protection, 42 U.S.C. § 1983 and the Fourteenth Amendment.[13]

- Count VII – Violation of the Elliott-Larsen Civil Rights Act, Sex Discrimination, MCL 37.2101, *et seq*.[14]

- Count VIII – Gross Negligence, MCL 691.1407, *et seq*.[15]

- Count IX – Negligence.[16]

In response to Dietzel's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, Plaintiff responded to Dietzel's arguments regarding *six of the seven claims asserted against him* as follows:

> Based on a thorough review of Defendant Dietzel's arguments and cited law, Plaintiff makes no arguments regarding…" whether those various claims apply to Dietzel.[17]

Said another way, when faced with clear, binding legal precedent, Plaintiff abandoned virtually all of her claims against Dietzel. Unfortunately, that did not happen until Dietzel incurred tens of thousands of dollars in attorney's fees to conduct the necessary legal research and drafting work necessary to advance his clearly meritorious defenses against claims conceded by Plaintiff to have no legal basis whatsoever. This is the exact type of behavior Rule 11 was designed to protect against. The Court should issue an Order granting sanctions to Dietzel pursuant to Fed. R. Civ. P. 11(b)(2) as to 85% (i.e., six out of seven claims) of the attorney fees he incurred up to the date those claims were abandoned in Plaintiff's response brief.

---

[12] ECF No. 1, PageID.37-38, ¶¶247-254.
[13] ECF No. 1, PageID.38-40, ¶¶255-270.
[14] ECF No. 1, PageID.41, ¶¶271-275.
[15] ECF No. 1, PageID.42, ¶¶276-282.
[16] ECF No. 1, PageID.43, ¶¶283-288.
[17] ECF No. 18, PageID.296.

**II.     Plaintiff Has Not Established the Existence of Legal Duty Necessary to Sustain their Negligence Claim.**

In order to recover on a claim of negligence, a plaintiff must establish the following elements: (i) the defendant owed the plaintiff a duty; (ii) the defendant breached that duty; (iii) the plaintiff suffered harm; and (iv) the plaintiff's harm was caused by the defendant's negligence.[18] Duty, in the context of negligence law, is a legally recognized obligation to conform to a particular standard of conduct to protect others from unreasonable risks of harm.[19] A plaintiff may only maintain a negligence action if such a legal duty exists.[20] Whether a defendant owes a duty to avoid negligent conduct is ordinarily a question of law for courts to resolve.[21]

Plaintiff outlines a series of alleged breaches of various Title IX requirements for Title IX investigators. At this point, Dietzel is not contesting any alleged breach—that is typically a question for the factfinder. Rather, Dietzel disagrees that he owed any duty to any of the subjects in his investigation, be they the victim or the accused. Plaintiff has not cited a single case that stands for the proposition that a Title IX investigator *does* owe a duty to any subject(s) of the investigation. In fact, "[c]laimed violations of Title IX have … been analyzed in their proper place, under recognized Title IX rubrics – not as freestanding tort claims."[22] In *Doherty v. Emerson College*,[23] the plaintiff sued Emerson College as well as

---

[18] *Wilson v. Alpena County Road Comm'n*, 263 Mich. App. 141, 145; 687 N.W.2d 380 (2004).
[19] *Laier v. Kitchen*, 266 Mich. App. 482, 495-496; 702 N.W.2d 199 (2005).
[20] *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 612; 537 N.W.2d 185 (1995).
[21] *Dyer v. Trachtman*, 470 Mich. 45, 49; 679 N.W.2d 311 (2004); *Graves v. Warner Bros.*, 253 Mich. App. 486, 492; 656 N.W.2d 195 (2002). Only once a legal duty is established will the reasonableness of the defendant's conduct become a question of fact for the jury. *Bertrand*, 449 Mich. at 613.
[22] *Doe v. University of Dayton*, 766 F. App'x 276 (6th Cir. 2019). See *Horner ex rel. Horner v. Ky. High Sch. Athletic Ass'n*, 206 F.3d 685, 691 (6th Cir. 2000) ("The Supreme Court rejected the use of agency or negligence principles to render the school district liable for monetary damages under Title IX.") (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285, (1998); see also *Stiles v. Grainger County*, 819 F.3d 834, 849 (6th Cir. 2016) ("Title IX authorizes suit only against the school itself and not individual administrators…").
[23] *Doherty v. Emerson College*, No. 1:14-cv-13281, 2017 WL 4364406, (D. Mass. Sept. 29, 2017) (**Ex. 3**).

its Title IX investigator in his individual capacity. With respect to the negligence claim, in addition to finding that plaintiff had failed to establish the specific duty she sought to impose, the Court said this:

> Insofar as Doherty's negligence claims relate to Title IX, they fail for a further reason. Doherty claims Emerson negligently implemented Title IX, in informing its students about the law and through its investigation and adjudication of her complaint. However, neither Title IX specifically, nor federal law generally, give rise to a cause of action for negligent implementation of Title IX. Federal law limits damage liability claims to deliberate indifference. See *Frazier*, 276 F.3d at 66. Doherty has cited no Massachusetts law establishing a state common-law duty to implement Title IX in a non-negligent manner. Indeed, a negligence claim framed in this manner, with the duty itself arising from a federal law, likely would raise federal preemption concerns.[24]

Based on the foregoing, the Court dismissed the negligence claim against the Title IX investigator as a matter of law. The same analysis and result should occur here. As in *Doherty*, Plaintiff alleges that the Title IX investigation was undertaken negligently. And here, Plaintiff has cited no Michigan law establishing a state common-law duty to implement Title IX in a non-negligent manner. There is no legal basis for Plaintiff's negligence claim against Dietzel to proceed. It should be summarily dismissed under Fed. R. Civ. P. 12(b)(6). Dietzel requests that relief.

Plaintiff cites MRPC 1.7 and its subsequent Comment for the proposition that Mr. Dietzel (or his law firm) may be in conflict for serving as Title IX investigator. In support of this proposition, Plaintiff directs this Court to 34 C.F.R. § 106.45(b)(1)(iii). (Plaintiff's Brief in Response, pp. 9-10.) The issue, however, is that Plaintiff only selectively quotes that regulation and, in fact, places a period after bias, thereby suggesting a completed sentence without actually providing the full quotation. In fact, 34 C.F.R. § 106.45(b)(1)(iii) specifically states that a Title IX investigator "not have a conflict of interest or bias **for or against complainants or respondents generally or an individual complainant or respondent**." (emphasis added.) In short, plaintiff's intimation that Mr. Dietzel could be in conflict due to his or his law

---

[24] *Doherty v. Emerson College*, No. 1:14-cv-13281, 2017 WL 4364406, (D. Mass. Sept. 29, 2017) (**Ex. 3**).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\5888091v1

firm's representation of the school district is valid only if one fails to read the entire regulation which addresses conflicts only as to a complainant or respondent.  Representation of the third-party school district is irrelevant to the regulation.  It is wholly disingenuous to suggest otherwise as the cited support is limited only to the complainant or respondent when read in full.  Plaintiff has simply offered no authority—whether regulatory, statutory, rules of ethics, or even case law—which advances her proposition that a Title IX investigator can be sued under a theory of ordinary negligence.  Defendant Dietzel's motion should be granted.

## Requested Relief

Based on the foregoing, Mr. Dietzel respectfully requests this Honorable Court grant this Motion, issue an Order dismissing Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6), issue sanctions as previously requested pursuant to Rule 11, and grant any other relief deemed appropriate under the circumstances.

Date: August 2, 2023

By: /s/ Mark A. Gilchrist
Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
mgilchrist@shrr.com
mwiese@shrr.com