# EXHIBIT 1

Case 1:23-cv-00255-PLM-RSK ECF No. 19-1, PageID.313 Filed 08/02/23 Page 2 of 2

Bryant v. Thoratec Corp., Not Reported in Fed. Supp. (2018)
2018 WL 6333565

2018 WL 6333565
Only the Westlaw citation is currently available.
United States District Court, S.D.
Mississippi, Eastern Division.

BRYANT, et al., Plaintiffs
v.
THORATEC CORP., et al., Defendants

CIVIL ACTION NO. 2:17-CV-169-KS-MTP
|
Signed 01/29/2018

**Attorneys and Law Firms**

Robin Blackledge Blair, Montague Pittman Varnado PA, Hattiesburg, MS, for Plaintiffs.

Jenny A. Covington, Bowman and Brooke, LLP, Minneapolis, MN, Paul S. Rosenblatt, Butler Snow LLP, Ridgeland, MS, for Defendants.

## ORDER

KEITH STARRETT, UNITED STATES DISTRICT JUDGE

*1 This matter is before the Court on Plaintiff's Motion for Extension of Time to File Response/Reply as to Defendants' Motion to Dismiss and Motion for Judicial Notice [16]. Under this Court's previous Order [17] and in accordance with this Court's local rules, Plaintiff is to respond to these Motions by **February 6, 2016**. Plaintiff has requested that this Court extend the deadline to **March 9, 2018**, citing the complexity of Defendants' motions and preoccupation with other client matters. In their response, Defendants point out that they had previously informed Plaintiff's counsel that they would raise preemption as a defense and note that the parties have already stipulated to extra time for Defendants to respond so that Plaintiff could consider those issues. They oppose Plaintiff's motion to the extent is requests an extension beyond **February 20, 2018**. Plaintiff has responded that she expected Defendants to file an Answer, not a Motion to Dismiss, and has further argued that the Court has noted that Defendants' Exhibits were not properly identified, thus "they are not even accessible at this point." Pl.'s Reply Defs.' Resp. Mot. Enlargement of Time 2, ECF No. 21.

First, whether Plaintiff's counsel anticipated a motion to dismiss being filed is immaterial. Second, the Clerk's Docket Annotation informing Defendants that their Exhibits were not properly identified is not a determination by the Court. Nor does that make those exhibits inaccessible. This argument does not warrant an extension of the deadlines. Finally, while the Court appreciates Plaintiff's counsel disclosure of her "to do" list regarding other client matters, the Court notes that Plaintiff's counsel had the duty to research the applicable law *before* filing a Complaint. See Fed. R. Civ. P. 11(b)(2).

Therefore, the Court will **grant** the motion to the extent it requests an extension to **February 20, 2018**. This gives Plaintiff almost a month to adequately prepare a response to Defendants' motions. To the extent the motion requests a further extension, it is **denied**. If Defendants wish to file rebuttals, they must do so on or before **March 6, 2018**.

SO ORDERED AND ADJUDGED, on this, the 29th day of January, 2018.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 6333565

---