# EXHIBIT 2

Case 1:23-cv-00255-PLM-RSK ECF No. 19-2, PageID.315 Filed 08/02/23 Page 2 of 5

Del Pino v. Bay of Pigs Veterans Association, Not Reported in Fed. Supp. (2008)
2008 WL 11411845

2008 WL 11411845
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Rafael DEL PINO, Plaintiff,
v.
BAY OF PIGS VETERANS ASSOCIATION, et al., Defendants.

Case No. 07-22869-CIV-UNGARO
|
Signed 02/12/2008

**Attorneys and Law Firms**

Richard Jay Burton, Burton Firm (The), Miami, FL, for Plaintiff.

Dexter Wayne Lehtinen, Lehtinen Riedi Brooks Moncarz, P.A., Michael Garrett Austin, Raquel A. Rodriguez, McDermott Will & Emery LLP, Miami, FL, Juan Manuel Vargas, The Law Office of Juan M. Vargas, P.A., Coral Gables, FL, Juan Chardiet, McLean, VA, for Defendants.

### OMNIBUS ORDER

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

*1 THIS CAUSE is before the Court upon (1) the Motions for Rule 11 Sanctions filed by Defendants Martha Flores, Esteban Bovo, Bay of Pigs Veterans, 2506 Brigade, Inc., Felix I. Rodriguez, and Univision Communications, Inc. (D.E. 26, 60, 61 & 96), (2) the Motions for Attorneys' Fees Under 42 U.S.C. § 1988 filed by Defendants Martha Flores and Univision Communications, Inc. (D.E. 72 & 95), and (3) the Motion for Sanctions Pursuant to 28 U.S.C. § 1927 filed by Martha Flores (D.E. 97).

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises. The Court shall consider the three sets of Motions in turn. First, Defendants Martha Flores, Esteban Bovo, Bay of Pigs Veterans, 2506 Brigade, Inc., Felix I. Rodriguez, and Univision Communications, Inc. request that Rule 11 Sanctions be imposed on Plaintiff and/or Plaintiff's counsel because Plaintiff's claims were frivolous, brought in bad faith, and patently barred by case law. Rule 11 allows a court to impose sanctions on an attorney, law firm, or party who violates subsection (b) of the Rule. Fed. R. Civ. P. 11(c). With respect to Rule 11, the Eleventh Circuit has stated:

> Rule 11 sanctions are proper (1) when a party filed a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (internal citations omitted). In essence, a court considering imposing Rule 11 sanctions must determine first whether the contents of the complaint are objectively frivolous and, if they are, whether the person who signed the pleading should have been aware that the pleading was frivolous. See *id.* at 695.

Judging from their emphasis on frivolity and their lack of discussion of Plaintiff's factual contentions [1] or motivations for litigating, [2] it appears from Defendants' Motions that they are contending that Plaintiff and/or Plaintiff's counsel should be sanctioned for violating Fed. R. Civ. P. 11(b)(2). [3] Rule 11 imposes on attorneys and unrepresented parties the duty to make a reasonable inquiry, before filing a pleading, to ensure that the claims or arguments brought in such pleading are nonfrivolous. *Id.* Accordingly, the Court interprets Rule 11(b)(2) as aimed at attorneys and unrepresented parties. See *id.* Generally, a represented party, such as Plaintiff, has no duty to ensure that the legal arguments presented are nonfrivolous because such party may justifiably rely on counsel to make a reasonable inquiry into legal precedent based on the facts provided by the party. Rule 11 itself supports the Court's above interpretation because it proscribes the awarding of monetary sanctions against represented parties in conjunction with a violation of subsection (b)(2). *Id.* at (c)(2)(A). As such, the Court shall only consider Rule 11 sanctions against Plaintiff's counsel.

*2 Defendants primarily argue that Rule 11 sanctions are appropriate because Plaintiff's federal claims in Counts I-III of the Amended Complaint are frivolous and contrary

Case 1:23-cv-00255-PLM-RSK   ECF No. 19-2, PageID.316   Filed 08/02/23   Page 3 of 5

**Del Pino v. Bay of Pigs Veterans Association, Not Reported in Fed. Supp. (2008)**
2008 WL 11411845

to well-established legal precedent. The Court agrees. Count I attempts to assert a cause of action under Article IV, Section 2, and Article I, Section 8, of the Constitution. (Am. Compl. ¶¶ 33-36.) However, had Plaintiff's counsel done minimal research before signing the Amended Complaint, he would have found that it is axiomatic that neither of these Constitutional provisions affords a private right of action. *See, e.g., Washington v. U.S. Tennis Ass'n*, 290 F.Supp. 2d 323 (E.D.N.Y. 2003) (holding that there is no private action for damages under the Commerce Clause (Art. I, § 8) ); *see also Deubert v. Gulf Federal Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987) (holding that the Privileges and Immunities Clause does not support a private cause of action for infringement of a right it secures). Similarly, even were the Court to assume that Count I was brought pursuant to 42 U.S.C. § 1983, it is well-established that, in order to be actionable, a deprivation of Constitutional rights must have been committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In fact, Plaintiff's counsel knew of the state action requirement when filing the Amended Complaint. (*See* Am. Compl. 12 n.4.) Even assuming the truth of all allegations contained in the Amended Complaint, as Plaintiff's counsel must have done, there is not one fact[4] that reasonably intimates that any Defendant exercised any power that was received by virtue of state law or that any Defendant's conduct was "fairly attributable to the State." *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); *United States v. Classic*, 313 U.S. 299, 326 (1941). Neither does Plaintiff demonstrate that Count I was brought in the form of a nonfrivolous argument for the reversal of existing law. *See* Rule 11(b). As such, the Court finds that Count I of the Amended Complaint is objectively frivolous and that Plaintiff's counsel should have known that Count I was frivolous at the time of signing the Amended Complaint. *See Jones*, 49 F.3d at 695.

Count II of the Amended Complaint alleges that Defendants conspired to violate Plaintiff's right to travel under 42 U.S.C. § 1985(3) because of a politically-based animus. (*See* Am. Compl. ¶¶ 37-41.) However, given the facts pled, Count II is objectively frivolous and the most basic research would have informed Plaintiff's counsel of such at the time he signed the Amended Complaint. The Supreme Court has clearly stated that the federal guarantee of interstate travel protects interstate travelers against two wrongs: "the erection of actual barriers to interstate movement" and "being treated differently" from intrastate travelers. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 277 (1993) (quoting *Zobel v. Williams*, 457 U.S. 55, 60 n.6 (1982) ); *see also Paul v. Virginia*, 8 Wall. 168, 180 (1869) (stating that Art. IV, § 2, "inhibits discriminating legislation against [citizens of other States and] gives them the right of free ingress into other States, and egress from them"); *see also Toomer v. Witsell*, 334 U.S. 385, 395 (1948) (stating that Art. IV, § 2, "insure[s] to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy"). However, the Amended Complaint fails to allege either the erection of a barrier to interstate movement or disparate treatment of intrastate travelers as compared to Plaintiff. *See Bray*, 506 U.S. at 277. Neither does Plaintiff demonstrate that Count II was brought in the form of a nonfrivolous argument for the reversal or extension of existing law. *See* Rule 11(b). As such, the Court finds that Count II of the Amended Complaint is objectively frivolous and that Plaintiff's counsel should have known that Count II was frivolous at the time of signing the Amended Complaint. *See Jones*, 49 F.3d at 695.

**\*3** Much like Counts I and II, Count III consists of a claim that Plaintiff's counsel, had he conducted the slightest research, would have discovered was barred by clear legal precedent at the time Plaintiff's counsel signed the Amended Complaint. In Count III, Plaintiff attempts to allege a cause of action against Defendant for conspiracy to violate his right to free speech. (*See* Am. Compl. ¶¶ 42-46.) However, it is well-settled that a § 1985(3) private conspiracy requires an intent to deprive persons of a right guaranteed against private impairment and that the right to free speech is not protected against private infringement by § 1985(3). *See Bray*, 506 U.S. at 274, 278; *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997). Plaintiff does not demonstrate that Count III was brought in the form of a nonfrivolous argument for the reversal of existing law. As such, the Court finds that Count III of the Amended Complaint is objectively frivolous and that Plaintiff's counsel should have known that Count III was frivolous at the time of signing the Amended Complaint. *See Jones*, 49 F.3d at 695.

Defendants Esteban Bovo and Univision Communications, Inc. further argue that Plaintiff's counsel should face sanctions under Rule 11 for Counts IV-VIII of the Amended Complaint. However, the Court fails to see how any of Counts IV-VIII, despite the fact that none states a claim for relief, could be construed as frivolous such that sanctions would be warranted. *See* Fed. R. Civ. P. 11(b). Thus, because Counts I-III are clearly contrary to existing law and because Plaintiff's counsel has failed to establish that the claims contained in such Counts constitute a non-frivolous argument for the extension, modification, or reversal of existing law or the

Case 1:23-cv-00255-PLM-RSK   ECF No. 19-2, PageID.317   Filed 08/02/23   Page 4 of 5

Del Pino v. Bay of Pigs Veterans Association, Not Reported in Fed. Supp. (2008)
2008 WL 11411845

establishment of new law, the Court finds that sanctions, in the form of Defendants' attorneys' fees and costs, are warranted against Plaintiff's counsel based on violations of Rule 11(b)(2) in bringing Counts I-III. *See* Fed. R. Civ. P. 11(c).

Next, the Court turns to the Motions for Attorneys' Fees Under 42 U.S.C. § 1988 filed by Defendants Martha Flores and Univision Communications, Inc. This statute provides that "[i]n any action or proceeding to enforce a provision of sections ... 1983 ... [or] 1985 of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As the prevailing party in this action, Defendants are eligible for attorney's fees under § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation" or if "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). However, the Court exercises its discretion and declines to award any attorneys' fees to Defendants pursuant to § 1988.

It is well-established in the Eleventh Circuit that attorneys' fees under § 1988 are assessed against the losing party, not such party's counsel. *Baker v. Alderman*, 158 F.3d 516, 527 (11th Cir. 1998). As such, the Court does not feel that Plaintiff's conduct in this matter warrants the payment of an attorney's fee to Defendants. Defendants do not argue that Plaintiff's factual allegations were without foundation or unreasonable. In fact, given the intimidating, distasteful and vulgar conduct alleged, the Court cannot fault Plaintiff for seeking legal advice regarding whether he could pursue a claim against Defendants. As discussed above, the Court does not believe that Plaintiff himself had any duty to ensure that the claims brought in the Complaint, and its subsequent iterations, were nonfrivolous because he justifiably relied upon his counsel to conduct a modicum of legal research to ensure that his claims were not barred by law.

Additionally, the Court is convinced that Plaintiff did not knowingly continue to litigate after it was clear that his claims lacked merit. *See Christiansburg*, 434 U.S. at 421-22. As Defendants note, Plaintiff revealed in an interview shortly after the Court issued its Order dismissing all claims against Martha Flores (D.E. 53) that he had decided to voluntarily dismiss all claims against the remaining Defendants. Plaintiff's counsel, however, did not file notice of such voluntary dismissal and continued to litigate the matter. Additionally, given that Defendants will be receiving some attorneys' fees and costs from Plaintiff's counsel as a sanction for Plaintiff's counsel's violation of Rule 11, the Court does not believe that attorneys' fees under § 1988 are warranted.

**\*4** Finally, Defendant Martha Flores requests that Plaintiff's counsel be sanctioned pursuant to 28 U.S.C. § 1927 for "the vexatious multiplication of these proceedings." (D.E. 97 at 10.) Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To justify an award of sanctions pursuant to Section 1927 (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must "multipl[y] the proceedings;" and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (internal citations omitted). Defendant argues that Plaintiff's counsel should be sanctioned for submitting a supplemental brief (D.E. 91) to Plaintiff's Response to Defendant Flores's Motion for Rule 11 Sanctions because such supplemental brief fails to address the legal issues in the Rule 11 Motion but instead engages in irrelevant, scandalous, and baseless attacks against Defendant Flores and her counsel. (D.E. 97 at 3-7.) However, such conduct does not rise to the level of being sanctionable pursuant to Section 1927. While Defendant Flores may view Plaintiff's supplemental brief as unreasonable and vexatious, the Court is unconvinced that such supplemental brief has multiplied the proceedings. *See McMahan*, 256 F.3d at 1128. The supplemental brief was filed in response to a motion filed by Defendant Flores and did not require a further response from Defendant Flores, especially given how irrelevant Defendant Flores believes the brief's arguments are. Additionally, the Court was free to disregard the supplemental brief in ruling on Defendant Flores's Motion for Rule 11 Sanctions. As a result, the Court finds that because it did not require a response from any party or the Court, Plaintiff's supplemental brief did not multiply the proceedings in any way. *See id.* And while the Court is certainly not inviting Plaintiff to file a

Case 1:23-cv-00255-PLM-RSK   ECF No. 19-2, PageID.318   Filed 08/02/23   Page 5 of 5
Del Pino v. Bay of Pigs Veterans Association, Not Reported in Fed. Supp. (2008)
2008 WL 11411845

motion for Section 1927 sanctions, Defendant Flores's instant Motion, ironically, has multiplied the proceedings more than Plaintiff's supplemental brief, for the Court has had to rule on said Motion. Additionally, because the Court is concurrently ruling upon Defendant's Motion for Rule 11 Sanctions, it sees no reason now to strike any portion of Plaintiff's supplemental brief. Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) Defendants' Motions for Sanctions (D.E. 26, 60, 61 & 96) are GRANTED IN PART and DENIED IN PART in accordance with the above Order.

(2) Pursuant to this Court's Amended Referral Order (D.E. 108), Magistrate Judge O'Sullivan shall determine the amount of attorneys' fees and costs to be awarded to Defendants as Rule 11 sanctions against Plaintiff's counsel for filing and pursuing Counts I-III against Defendants.

(3) Defendants' Motions for Attorneys' Fees Under 42 U.S.C. § 1988 (D.E. 72 & 95) are DENIED.

**\*5** (4) Defendant's Motion to Strike and for Sanctions Pursuant to 28 U.S.C. § 1927 (D.E. 97) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of February, 2008.

**All Citations**

Not Reported in Fed. Supp., 2008 WL 11411845

**Footnotes**

| | |
|---|---|
| 1 | Factual contentions in a pleading are covered in Fed. R. Civ. P. 11(b)(3). |
| 2 | Bringing a claim for an improper purpose is covered in Fed. R. Civ. P. 11(b)(1). |
| 3 | Rule 11(b)(2) states, in pertinent part: |

(b) Representations to Court. By presenting to the court ... a pleading, ... an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

\* \* \*

(2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

\* \* \*

| | |
|---|---|
| 4 | The Court notes that the Complaint alleges that Defendant Bay of Pigs Veterans, 2506 Brigade, Inc. is a state actor because it was recently given public land by Miami-Dade County for the purpose of building a new memorial. (Am. Compl. ¶ 4.) However, Plaintiff's counsel should have discovered Supreme Court precedent holding that the receipt of benefits from the state does not render a private person or company a state actor for § 1983 purposes. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982) (school found not to be state actor despite school's receipt of substantial federal funding). The one case cited by Plaintiff, *U.S. v. Guest*, does not hold otherwise, and Plaintiff has pointed to no other cases in support of his position. *See U.S. v. Guest*, 383 U.S. 745 (1965). |