UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.C. as parent and legal guardian of )
Jane Doe, a minor, )
                      Plaintiff, )
                                  ) No. 1:23-cv-255
-v- )
                                  ) Honorable Paul L. Maloney
MARCELLUS COMMUNITY SCHOOLS, *et al.*, )
                      Defendants. )
                                  )

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Following complaints about peer-to-peer bullying, harassment and sexual abuse of an elementary school student, Marcellus Community Schools tasked Defendant Robert Dietzel with conducting a Title XI investigation. In the complaint, Plaintiff C.C. brings seven causes of action against Dietzel: four federal claims and three state law claims. Dietzel filed a motion to dismiss addressing each of the claims against him. In the response, Plaintiff concedes all of the claims against Dietzel with the exception of the negligence claim. For the negligence claim, Defendant characterizes the claim as one for legal malpractice and argues that he did not have an attorney-client relationship with Plaintiff. Plaintiff insists that the negligence claim does not arise from any attorney-client relationship. The Court will grant the motion in part and will dismiss all claims against Dietzel except for the negligence claim.

I.

A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a plaintiff pleads a cognizable claim. *Scheid v. Fanny Farmer Candy*

*Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). A plaintiff's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (italics in original). To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).

II.

Plaintiff identifies Dietzel as a defendant in Counts three through nine. In Count III, Plaintiff alleges a violation of the First Amendment. In Count IV, Plaintiff alleges a violation of substantive due process. In Count V, Plaintiff alleges a violation of procedural due process. In Count VI, Plaintiff alleges the denial of equal protection. Plaintiff relies on 42 U.S.C. § 1983 as the statutory vehicle for bringing the constitutional claims. In Count VII, Plaintiff alleges a violation of Michigan's Elliott-Larson Civil Rights Act (ELCRA). In Count VIII, Plaintiff alleges a claim for gross negligence under Michigan Compiled Laws § 691.1407, *et seq.* Finally, in Count IX, Plaintiff alleges a claim for negligence.

A. Constitutional Claims

20 provides a statutory mechanism for redressing violations of our Constitution. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). The section provides a cause of action when an individual acting under color of law violates federal rights. *Lindke v. Freed*, 37 F.4th 1199, 1202 (6th Cir. 2022). "Only claims against 'state actors' are eligible for relief under the statute." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 753 (6th Cir. 2020) (citing *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 940 (1982)). The "color of law" language of the statute excludes private conduct from the reach of the statute, "no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted).

Defendant argues he did not act under color of law when conducting the Title IX investigation. Defendant also argues that his conduct as a private party cannot be attributable to the state under any of the three tests identified by the Supreme Court. *See Lindke*, 37 F.4th at 1202.

Plaintiff explicitly declines to address Defendant's arguments for the constitutional claims (ECF No. 18 PageID.296). Plaintiff's decision constitutes a waiver and the Court will grant the motion and dismiss the constitutional claims against Dietzel. *See Alexander v. Carter*, 733 F. App'x 256, 261 (6th Cir. 2018); *Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013).

B. ELCRA

Defendant argues that because he is not a state actor, he cannot be held liable for violations of the Michigan Constitution. *See Scalise v. Boy Scouts of America*, 692 N.W.2d

858, 872-73 (Mich. Ct. App. 2005). Defendant argues that the ELCRA prohibits discrimination by employers and educational institutions. *See* Mich. Comp. Laws §§ 37.202 and 37.2402. Defendant contends he did not act as either an employer or as an educational institution while conducting the Title IX investigation. Defendant also asserts he was not an agent of the school district but was employed by the Thrun Law Firm.

Plaintiff explicitly declines to address Defendant's arguments for the ELCRA claim (ECF No. 18 PageID.296). Plaintiff's decision constitutes a waiver and the Court will grant the motion and dismiss the ELCRA cause of action against Dietzel. *See Alexander v. Carter*, 733 F. App'x 256, 261 (6th Cir. 2018); *Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013).

### C.  Gross Negligence

Defendant argues that the allegations pled in support of the gross negligence claim do not relate in any way to the Title IX investigation. Defendant concludes the complaint fails to state a claim for gross negligence against him.

Plaintiff explicitly declines to address Defendant's arguments for the gross negligence claim (ECF No. 18 PageID.296). Plaintiff's decision constitutes a waiver and the Court will grant the motion and dismiss the gross negligence claim against Dietzel. *See Alexander v. Carter*, 733 F. App'x 256, 261 (6th Cir. 2018); *Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013).

### D.  Negligence

Defendant interprets the negligence claim against him as challenging the quality of the legal services he provided in connection with the Title IX investigation. Defendant argues

that any tort claim arising from the quality of legal services must be a claim for malpractice. *See Bernard v. Dilley*, 350 N.W.2d 887, 888 (Mich. Ct. App. 1984). Defendant argues he did not have an attorney-client relationship with Plaintiff or the student.

Plaintiff argues that the negligence claim does not arise from any attorney-client relationship and does not arise from the performance of any legal service. Plaintiff reasons that one does not have to be an attorney to conduct a Title IX investigation. Plaintiff contends a duty to the student arose from sections of a regulation that mandates certain procedures in Title IX investigations.

The Court declines to dismiss Plaintiff's negligence claim. The only argument raised in the motion to dismiss addresses a legal malpractice claim. Plaintiff clarifies that the negligence claim is not a legal malpractice claim. To the extent Defendant denies owing a duty to the subject of a Title IX investigation, he raises that argument for the first time in a reply brief. *See Stewart v. IHT Ins. Agency Group, LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("But even well developed arguments raised for the first time in a reply brief come too late."); *Golden v. C.I.R.*, 548 F.3d 487, 493 (6th Cir. 2008) ("Although the Goldens do mention § 6330(c)(2)(B) in their reply brief, their argument was forfeited when it was not raised in the opening brief.").

E.  Sanctions

In his reply brief, Defendant requests the Court order sanctions under Federal Rule of Civil Procedure 11(b)(2). Defendant points to Plaintiff's concessions, without argument, of six of the seven claims brought in the complaint. Defendant reasons that Plaintiff failed

to conduct a sufficient inquiry to determine whether any reasonable basis for the claims existed before filing the lawsuit.

The Court declines to award sanctions. Defendant makes this argument for the first time in a reply brief. Rule 11(c)(2) requires, among other things, a separately filed motion before a court may award sanctions for a violation of Rule 11(b). *See, e.g., Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 607 n.3 (7th Cir. 2013) ("Perhaps the Rule 11 request wasn't moot, but it was procedurally improper: It was not made by separate motion, as required by the rule."); *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 214 (W.D. Ky. 2016) ("Here, Myers filed her motion for sanctions within her reply brief in support of her submission of *Davis* as supplemental authority. Thus, she failed to comply with Rule 11(c)(2)'s requirement that a motion for sanctions be filed separately from other court filings.").

### III.

In the response to this motion to dismiss, Plaintiff concedes six of the seven claims brought against Defendant Dietzel in the complaint. For the negligence claim, Defendant characterized it as a claim for legal malpractice. Plaintiff clarifies that it is not a claim for legal malpractice and explains that Defendant owed a duty to the victim involved in the incident or incidents giving rise to the Title IX investigation. On this explanation, the Court will not dismiss the negligence claim.

## ORDER

For the reasons in the accompanying Opinion, the Court **GRANTS IN PART** Defendant Dietzel's motion to dismiss.  The Court dismisses the claims brought against Dietzel except for the negligence claim.  **IT IS SO ORDERED.**

Date:     October 17, 2023                                        /s/  Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 United States District Judge