UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

C.C., as Parent and Legal Guardian of JANE DOE, a
Minor,

     Plaintiff,

v

MARCELLUS COMMUNITY SCHOOLS,
MARCELLUS COMMUNITY SCHOOLS
BOARD OF EDUCATION, and individuals
NANETTE PAULEY, MELINDA BOHAN,
SARAH BISCHOFF, TAMMY CURTIS,
HENRY ESSEX and ROBERT DIETZEL,
In their individual capacities,

     Defendants.

CASE NO. 1:23-cv-00255

HON. PAUL L. MALONEY

---

## Robert Dietzel's Answer to Plaintiff's Complaint

     NOW COMES Defendant Robert Dietzel ("Dietzel"), by and through his attorney, Smith Haughey Rice & Roegge, and for his Answer to Plaintiff's Complaint states as follows:

### Jurisdiction and Venue

1.    **Allegation**:    This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*.; and the Elliott-Larsen Civil Rights Act, M.C.L. 37.2101, *et seq*.

        **Response**:    **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them. Further, Plaintiff's Complaint speaks for itself.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

2.      **Allegation**:      This is also an action to redress the deprivation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

> **Response**:      **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further, Plaintiff's Complaint speaks for itself.**

3.      **Allegation**:      Subject matter jurisdiction is based on 28 U.S.C. § 1331, which grants district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

> **Response**:      **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

4.      **Allegation**:      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

> **Response**:      **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

5. **Allegation**: Plaintiff's claims are cognizable under the U.S. Constitution and under Title IX, 42 U.S.C. § 1681, *et seq.*

> **Response**: **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

6. **Allegation**: The events giving rise to this lawsuit occurred in Cass County, Michigan, which sits in the Western District of Michigan.

> **Response**: **Defendant admits the allegations in this paragraph of the Plaintiff's Complaint.**

7. **Allegation**: Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

> **Response**: **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

### Parties

8. **Allegation**: Plaintiff C.C. is a resident of Cass County, Michigan, and was at all relevant times and continues to be the parent and legal guardian of Jane Doe.

> **Response**: **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

9. **Allegation**: Jane Doe is a twelve-year-old minor child, a resident of Cass County, Michigan, and at all relevant times was a student in Marcellus Community Schools.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

10.    **Allegation**:    Defendant Marcellus Community Schools (MCS) was at all relevant times and continues to be a public educational institution in Marcellus, Michigan, organized and existing under the laws of the State of Michigan.

**Response:**    **Defendant admits the allegations in this paragraph of the Plaintiff's Complaint.**

11.    **Allegation**:    Defendant MCS Board of Education is the governing body for MCS.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

12.    **Allegation**:    Defendant MCS and Defendant MCS Board of Education are hereinafter collectively referred to as "the MCS Defendants."

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

13.    **Allegation**:    At all material times, Defendant Nanette Pauley, in her official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of her employment and employer and served as the Superintendent of MCS.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Complaint, he neither admits nor denies them, and thus denies them.**

14.    **Allegation**:    At all material times, Defendant Melinda Bohan, in her official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of her employment and employer and served as Title IX Coordinator for MCS.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

15.    **Allegation**:    At all material times, Defendant Sarah Bischoff, in her official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of her employment and employer and served as the Principal of Marcellus Elementary School.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

16.    **Allegation**:    At all material times, Defendant Tammy Curtis, in her official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of her employment and employer and served as a school counselor at Marcellus Elementary School.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

17.     **Allegation**:     At all material times, Defendant Henry Essex, in his official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of his employment and employer and served as a teacher at Marcellus Elementary School.

> **Response**:     **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

18.     **Allegation**:     At all material times, Defendant Robert Dietzel, in his official capacity, worked within Cass County, State of Michigan, and was an agent and/or employee of MCS, acting or failing to act within the scope, course, and authority of his employment and employer and served as Title IX Investigator for MCS.

> **Response**:     **Dietzel admits only that he was hired to served as a Title IX Investigator in connection with the investigation giving rise to this suit.  The remaining allegations contained in this paragraph of the Complaint are denied as untrue.**

19.     **Allegation**:     Dietzel is also an attorney at Thrun Law Firm, P.C., and an additional claim against Dietzel is included in this Complaint should Defendant(s) choose to argue that Dietzel was not acting as an agent or employee of MCS and/or under color of law and was instead acting as a private individual.

> **Response**:     **Dietzel admits only that he is, and during the events giving rise to this suit was, a shareholder at Thrun Law Firm, P.C.  The remainder of the allegations in this paragraph of the Complaint are denied as untrue.**

**Applicable Law and Policies**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

20.     **Allegation**:     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §

1681(a), provides:

> No person in the United States shall, on the basis of sex, be excluded from
> participation in, be denied the benefit of, or be subjected to discrimination under
> any education program or activity receiving Federal financial assistance…
>
> > **Response:     To the extent the allegations in this
> > paragraph of the Complaint call for a legal conclusion
> > which Dietzel is not required to provide, he provides no
> > answer, and thus denies them.  To the extent an answer
> > is required, the referenced statute speaks for itself.**

21.     **Allegation**:     Title IX is implemented through the Code of Federal Regulations.  *See* 34

C.F.R. Part 106 and 38 C.F.R. Part 23.

> > **Response:     To the extent the allegations in this
> > paragraph of the Complaint call for a legal conclusion
> > which Dietzel is not required to provide, he provides no
> > answer, and thus denies them.  To the extent an answer
> > is required, the referenced administrative code speaks
> > for itself.**

22.     **Allegation**:     34 C.F.R. § 106.8(b) provides:

> …A recipient shall adopt and publish grievance procedures providing for
> prompt and equitable resolution of student and employee complaints
> alleging any action which would be prohibited by this part.
>
> > **Response:     To the extent the allegations in this
> > paragraph of the Complaint call for a legal conclusion
> > which Dietzel is not required to provide, he provides no
> > answer, and thus denies them.  To the extent an answer
> > is required, the referenced administrative code speaks
> > for itself.**

23.     **Allegation**:     In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274

(1988), the United States Supreme Court recognized that a recipient of federal educational funds

intentionally violates Title IX, and is subject to a private damages action, where the recipient is

"deliberately indifferent" to known acts of teacher-student discrimination.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response:**   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced case speaks for itself.

24.   **Allegation**:   In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

> **Response:**   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the case statute speaks for itself.

25.   **Allegation**:   *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is:

> a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

> b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

*Davis*, 526 U.S. at 1669-76.

> **Response:**   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced case speaks for itself.

26.   **Allegation**:   In assessing deliberate indifference, 34 C.F.R. § 106.30(a) differentiates between the responsibilities of employees in elementary and secondary schools.  In higher education institutions, actual knowledge of a hostile environment can only be imputed to a "Title IX Coordinator or any official of the recipient who has authority to institute corrective measures on behalf of the recipient" who has received notice of allegations of sex discrimination.  However, in elementary

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

8

and secondary schools, actual knowledge can be imputed to "any employee of an elementary and secondary school" provided with notice of allegations of sex discrimination.

> **Response**:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.

27.    **Allegation**:   In *Kollaritsch v. Michigan State University Board of Trustees*, 944 F.3d 613 (6th Cir. 2019), the Court of Appeals for the Sixth Circuit held that, in order to be liable for deliberate indifference under Title IX, a school's response must have failed to protect a plaintiff against actual further harassment: "…a student-victim plaintiff must plead, and ultimately prove, that the school had actual knowledge of actionable sexual harassment and that the school's deliberate indifference to it resulted in further actionable sexual harassment against the student-victim, which caused the Title IX injuries." *Id.* at 618.

> **Response**:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced case speaks for itself.

28.    **Allegation**:   In *Doe v. Metro. Gov't & Davidson Cty.*, 35 F.4th 459 (6th Cir. 2022), the Court of Appeals for the Sixth Circuit adopted the Ninth Circuit test for Title IX pre-assault claims, which provides: "A student must show: 1) the school maintained a policy of deliberate indifference to reports of sexual misconduct, 2) which created a heightened risk of sexual harassment that was known or obvious, 3) in a context subject to the school's control and 4) as a result the plaintiff suffered harassment that was 'so severe, pervasive and objectively offensive that it can be said to have deprived the plaintiff of access to the educational opportunities or benefits provided by the school.'" *Id.* at 465 (citing *Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020)). In essence, a

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

school's deliberate indifference to known past acts of sexual misconduct must have caused the misconduct that the student currently alleges to proceed with a pre-assault claim. The court further held that, when alleging post-assault claims, K-12 students need not prove that further harassment must be inflicted against the same victim.  Instead, the *Doe* court held that the "same victim" requirement from *Kollaritsch*–which involved a university–did not apply in the K- 12 context because K-12 schools have more authority and control over students than at the university level. *Id*. at 468.

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced case speaks for itself.**

29.     To prevail on a civil rights claim pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate (1) "a person acting under color of state law"; (2) "deprived [her] of a right secured by the Constitution or laws of the United States."  *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006); *see Waters v. City of Morristown*, 242 F.3d 353, 358–59 (6th Cir. 2001).

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced statute speaks for itself.**

30.     The First Amendment to the United States Constitution provides that Congress shall make no law "abridging the freedom of speech." U.S. Const. amend. I.

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced constitutional amendment speaks for itself.**

31.     In *Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503 (1969), the Supreme Court held that students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate."

> **Response:     To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced case speaks for itself.**

32.     The Fourteenth Amendment to the U.S. Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no State shall "deprive any person of life, liberty, or property, without due process of law" nor "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

> **Response:     To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced constitutional amendment speaks for itself.**

33.     **Allegation**:   The Elliott Larsen Civil Rights Act (ELCRA), M.C.L. 37.2101, *et seq.*, provides:

> The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right.

M.C.L. 37.2102(1).

> **Response:     To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced statute speaks for itself.**

34.     **Allegation**:   Under ELCRA, the term "educational institution" means:

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

...a public or private institution, or a separate school or department thereof, and includes an academy, college, elementary or secondary school, extension course, kindergarten, nursery, local school system, university, or a business, nursing, professional, secretarial, technical, or vocational school; and includes an agent of an educational institution.

M.C.L. 37.2401.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced statute speaks for itself.**

35.    **Allegation**:    Under ELCRA, an educational institution shall not "[d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs M.C.L. 37.2401.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced statute speaks for itself.**

36.    **Allegation**:    MCS receives federal financial assistance and is therefore subject to Title IX.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

## FACTUAL ALLEGATIONS

37.    **Allegation**:    During the 2021-2022 school year, Jane Doe was a fifth-grade student at Marcellus Elementary School, a school educating students in kindergarten through grade five in MCS.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

38. **Allegation**: Jane Doe had been enrolled in Marcellus Elementary School for her entire educational career.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

39. **Allegation**: Mary Roe and Katie Poe were also fifth grade students at Marcellus Elementary School during the 2021-2022 school year.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

40. **Allegation**: Mary and Katie began bullying and harassing Jane in approximately first grade.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

41. **Allegation**: Jane had attempted to report the bullying and harassment throughout those years.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

42.    **Allegation**:    On one occasion during the 2020-2021 school year, Jane reported physical abuse by Mary and Katie, including hair pulling, to her teacher, MCS employee Joyce Tone.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

43.    **Allegation**:    Instead of responding appropriately, Tone told Jane not to "tattle."

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

44.    **Allegation**:    Tone took no action to protect Jane or address Mary and Katie's abuse.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

45.    **Allegation**:    On one occasion during the 2020-2021 school year, Jane had a sprained ankle and Katie attacked her, hit Jane on her sprained ankle, and threatened to break Jane's Chromebook.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

46.    **Allegation**:    Jane reported this incident to Tone.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

47.    **Allegation**:    In response, Tone told Jane that she didn't care.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

48.    <u>Allegation</u>:     Tone took no action to protect Jane or address Mary and Katie's abuse.

**Response:     Because Dietzel lacks information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

49.    <u>Allegation</u>:     On another occasion during the 2020-2021 school year, Mary and Katie followed Jane and her friend and kicked them.

**Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

50.    <u>Allegation</u>:     On or around that occasion, Tone took Mary, Katie, Jane, and Jane's friend into the hallway and told them all to "learn how to get along" because they were going to be "friends forever."

**Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

51.    <u>Allegation</u>:     Tone took no action to protect Jane or address Mary and Katie's abuse.

**Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

52.     **Allegation**:     Jane stopped reporting Mary and Katie's abuse to MCS staff because they had repeatedly failed to appropriately respond, and she no longer trusted them.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

53.     **Allegation**:     Upon information and belief, Mary's mother is an employee of MCS.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

54.     **Allegation**:     Upon information and belief, Katie's aunt is an employee of MCS.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

55.     **Allegation**:     Upon information and belief, MCS has failed to appropriately respond to ongoing abuse by Mary and Katie due to protect their employees and hide their employees' children's misconduct, at the expense of the safety and well-being of the minor children who attend MCS schools.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### *Mary Roe and Katie Poe's Repeated Sexual Abuse of Jane Doe*

56.     **Allegation**:     In fifth grade, Mary and Katie's bullying and harassment of Jane escalated to sexual abuse.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

57.    **Allegation**:    Starting on or around September 20, 2021, until around October 17, 2021, Mary and Katie began repeatedly sexually assaulting Jane as part of a "game" during the school day at Marcellus Elementary School.

**Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

58.    **Allegation**:    At this time, Jane had just turned eleven years old.

**Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

59.    **Allegation**:    The assaults happened at least once per week.

**Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

60.    **Allegation**:    During these assaults, which Mary and Katie called the "Tweedle Dee game" or the "tickle game," Mary and Katie would hold Jane down and touch her genitals.

**Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

61.     **Allegation**:     Mary and Katie would say "Tweedle Dee" while she was touching Jane's genitals.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

62.     **Allegation**:     Jane would tell Mary and Katie to stop touching her.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

63.     **Allegation**:     Katie would stop touching Jane when Jane told Katie to stop.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

64.     **Allegation**:     Mary would not stop touching Jane when Jane told Mary to stop.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

65.     **Allegation**:     Mary and Katie sexually assaulted Jane in this manner at least five times during this period.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

66.     **Allegation**:     On at least one occasion, Mary kissed Jane's genitals while holding her down in this manner.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

67.     **Allegation**:     Upon information and belief, Mary and Katie also perpetrated this form of sexual assault on other students at Marcellus Elementary School.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

68.     **Allegation**:     Jane saw Mary perpetrate this form of sexual assault on four other students, including Katie.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

69.     **Allegation**:     Upon information and belief, this activity was observed by MCS staff, as it occurred repeatedly on school property, including on the playground and in the school building.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

70.     **Allegation**:     Jane did not report these incidents because she did not trust MCS staff to respond appropriately, and she was afraid of being forced to be friends with Mary.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

71.    **Allegation**:    On or around October 6, 2021, Jane was in the bathroom at school with Mary, Katie, and several other fifth grade girls.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

72.    **Allegation**:    Mary grabbed Jane's wrists and restrained her hands behind her back.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

73.    **Allegation**:    Jane struggled but was unable to escape from Mary's grasp.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

74.    **Allegation**:    During that struggle, Jane hit her shoulder on the bathroom stall, causing an injury to her shoulder.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

75.    **Allegation**:    Eventually, Jane was able to break free from Mary.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

76.    **Allegation**:    Mary then grabbed Jane's shirt and tried to pull and push Jane to the ground.

**Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

77.    **Allegation**:    Jane told Mary to stop, but Mary refused.

**Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

78.    **Allegation**:    Mary held Jane down and tried to touch her genitals.

**Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

79.    **Allegation**:    Mary then threatened to "hump" Jane.

**Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

80.    **Allegation**:    Jane was then able to escape from Mary when another student said they needed to return to class.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

81.     <u>**Allegation**</u>:     On October 7, 2022, C.C. and Jane met with Defendant Bischoff and reported the October 6 incident.

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

82.     <u>**Allegation**</u>:     C.C. told Bischoff that the issues with Mary and Katie had been ongoing and that they needed to be separated from each other because they were trouble when they were together.

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

83.     <u>**Allegation**</u>:     C.C. also told Bischoff that Mary should not be allowed to use the bathroom without adult supervision because C.C. believed Mary was engaging in similar abuse of other students in the bathroom.

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

84.     <u>**Allegation**</u>:     C.C. told Bischoff that Marcellus Elementary School needed to take children's safety seriously or someone would get seriously injured.

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Complaint, he neither admits nor denies them, and thus denies them.**

85.    **Allegation**:    Bischoff did not provide C.C. or Jane with any information about MCS's Title IX Policy, reporting procedures, supportive measures, or their right to report the incident to the U.S. Department of Education, U.S. Department of Justice, or the Michigan Department of Civil Rights.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

86.    **Allegation**:    Upon information and belief, Bischoff disciplined Mary with a one day "lunch detention" and took no other responsive action.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### *Mary and Katie's Sexual Abuse of MCS Student Kasia Bochelen*

87.    **Allegation**:    Kasia Bochelen, another victim of Mary and Katie's sexual abuse, was also a fifth- grade student at Marcellus Elementary School during the 2021-2022 school year.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

88.    **Allegation**:    Kasia was repeatedly sexually assaulted by Katie and Mary from approximately August to October 2021.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Complaint, he neither admits nor denies them, and thus denies them.**

89.   **Allegation**:   On or around October 6, 7, or 8, 2021, Kasia reported that Mary or Katie had attacked her in the girls' bathroom, pinned her to the wall, and "humped" her to her teacher, Defendant Essex.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

90.   **Allegation**:   Essex told Kasia to sit down at her desk and said he would report the incident to Defendant Curtis and would follow up with Kasia.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

91.   **Allegation**:   Essex never made any report to Curtis; Defendant Bohan, the MCS Title IX Coordinator; or to anyone else at MCS.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

92.   **Allegation**:   In failing to report this incident, Essex violated federal law mandating Title IX response within elementary and secondary schools, including 34 C.F.R. § 106.30(a): "Actual knowledge means notice of sexual harassment or allegations of sexual harassment to…any employee of an elementary and secondary school" and 34 C.F.R. § 106.44(a):

> A recipient with actual knowledge of sexual harassment in an education program or activity of the recipient against a person in the United States, must

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

respond promptly in a manner that is not deliberately indifferent. A recipient is deliberately indifferent only if its response to sexual harassment is clearly unreasonable in light of the known circumstances.

> **Response**:    **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further answering, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

93.    **Allegation**:    Because Essex failed to report Kasia's October 6-8, 2021, report of sexual abuse, no MCS employee responded appropriately to the report, and Mary and Katie continued to have unfettered access to sexually abuse other students, including Jane, through at least October 17, 2021.

> **Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

94.    **Allegation**:    Upon information and belief, Kasia told her parents, Tristina and Carl Bochelen (hereinafter "the Bochelens"), about her sexual assault around the same time she reported to Essex.

> **Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

95.    **Allegation**:    On October 12, 2021, Tristina Bochelen reported Kasia's sexual assault to Curtis, who told her it had "been handled."

> **Response**:    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

96. **Allegation**: Upon information and belief, Curtis never made any report to Bohan or to anyone else at MCS in violation of 34 C.F.R. § 106.30(a) and § 106.44(a).

> **Response**: **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them. Further answering, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

97. **Allegation**: Because Curtis failed to report Tristina Bochelen's October 12, 2021, report of Kasia's sexual abuse, no MCS employee responded appropriately to the report, and Mary and Katie continued to have unfettered access to sexually abuse other students, including Jane, through at least October 17, 2021.

> **Response**: **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

98. **Allegation**: On October 16, 2021, Tristina Bochelen reported Kasia's sexual assault to Defendant Pauley, who told "the issue had been addressed" and that there had been "some booty bumping" in the bathroom.

> **Response**: **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

99. **Allegation**: Upon information and belief, Pauley never made any report to Bohan or to anyone else at MCS in violation of 34 C.F.R. § 106.30(a) and § 106.44(a).

> **Response**: **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**answer, and thus denies them.   Further answering, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

100.   **Allegation**:   Because Pauley failed to report Tristina Bochelen's October 16, 2021, report of Kasia's sexual abuse, no MCS employee responded appropriately to the report, and Mary and Katie continued to have unfettered access to sexually abuse other students, including Jane, through at least October 17, 2021.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

101.   **Allegation**:   On October 18, 2021, the Bochelens reported Kasia's sexual assaults to Child Protective Services, which directed them to report the assaults to the Marcellus Police Department (MPD).

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

102.   **Allegation**:   That same day, Sgt. Johnson of MPD took a report from the Bochelens and visited Marcellus Elementary School.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

103.   **Allegation**:   Later that day, the Bochelens received a call from Defendant Bischoff asking them to meet with her, which they did.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

104. **Allegation:** The MCS staff present at this meeting included Bischoff, Curtis, and Essex.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

105. **Allegation:** At that meeting, Kasia told Bischoff that Jane had been a victim of repeated sexual assaults by Mary.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

106. **Allegation:** Upon information and belief, MCS staff told the Bochelens that Jane Doe's parents were aware of the sexual assaults perpetrated against Jane.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

107. **Allegation:** This statement was not true.

**Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

108. **Allegation:** During the meeting, Bischoff told the Bochelens that Mary and Katie had admitted to abusing Kasia.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response:**    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

109.   **Allegation:**   MCS staff also told the Bochelens that MCS was implementing the following measures in response to Kasia's assaults:

    a.   The assailant would be required to use a separate bathroom;

    b.   All teachers would be provided with radios so they could better monitor;

    c.   Kasia would be allowed to go to the office or to visit Curtis at any time for any reason due the unpredictability of the traumatic effects of a sexual assault.[18]

> **Response:**    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

110.   **Allegation:**   Upon information and belief, none of the MCS staff present, which included Bischoff, Curtis, and Essex, made any report to Bohan in violation of 34 C.F.R. § 106.30(a) and § 106.44(a).

> **Response:**    **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further answering, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

111.   **Allegation:**   On October 20, 2021, Kasia was again sexually assaulted by Mary or Katie at Marcellus Elementary School, and the Bochelens removed Kasia and her brother from MCS and began homeschooling them.

> **Response:**    **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or**

**falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

112.   **Allegation**:   On November 10, 2021, Tristina Bochelen called C.C. and told her that Jane Doe was a victim of Mary and Katie's sexual abuse and that MCS staff told her that C.C. already knew.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

113.   **Allegation**:   That same day, C.C. spoke with Jane Doe and learned about some of the sexual abuse directly from Jane.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

114.   **Allegation**:   That night, C.C. and Jane's father called MPS and made a police report.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

115.   **Allegation**:   The next day, November 11, 2021, C.C. met with Defendants Bischoff and Bohan regarding the information she had learned from Tristina Bochelen and Jane about Mary and Katie's sexual abuse of Jane.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

116.   **Allegation**:   During the meeting, Bischoff and Bohan claimed that they did not know anything about any sexual abuse of Jane, even though the Bochelens had learned about Mary and Katie's sexual abuse of Jane from MCS staff.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

117.   **Allegation**:   C.C. said she wanted to file a formal Title IX report.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

118.   **Allegation**:   Bohan told C.C. that she would need to come back later that day to do so.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

119.   **Allegation**:   C.C. returned to the MCS administration building later that day and filed a formal Title IX report.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

120.   **Allegation**:   When she returned, C.C. met with Pauley and Bohan and told them that she knew she did not know the entirety of the sexual assaults Jane had experienced and that the police would do a forensic interview with Jane to try to gather that information.

> **Response:      Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

121.    **Allegation**:   C.C. notified them of this to advise them that additional relevant information that may be coming from the police investigation.

> **Response:      Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

122.    **Allegation**:   MCS staff then abused this statement to later spread rumors that C.C. was attempting to coerce Jane into disclosing more sexual assaults than she had experienced.

> **Response:      Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### *MCS's Policy of Deliberate Indifference to Reports of Sexual Misconduct by Mary and Katie*

123.    **Allegation**:     Upon information and belief, MCS had been aware of sexual misconduct by Mary and Katie for years but had failed to take any action to address the misconduct, remedy the hostile environment at Marcellus Elementary School, or protect MCS students.

> **Response:      Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

124.    **Allegation**:     Upon information and belief, in or around 2016 or 2017, Mary touched the genitals of another young boy in her class.

> **Response:      Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or**

**falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

125. **Allegation**: Upon information and belief, MCS staff were aware of this incident and took no action to address the incident, remedy the hostile environment at Marcellus Elementary School, or protect MCS students.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

126. **Allegation**: In or around September 2019, when Jane, Mary, and Katie were in third grade, Jane saw Mary and Katie kissing each other behind a bookshelf in the classroom.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

127. **Allegation**: Jane reported the incident to her teacher, Ann Smith.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

128. **Allegation**: Instead of responding appropriately, Smith told Jane that she was sure Jane had not seen that correctly.

**Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

129.    **Allegation**:    When Jane got home, she reported the incident to C.C., who then called Smith.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

130.    **Allegation**:    Smith assured C.C. she would get to the bottom of it and separate Mary and Katie.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

131.    **Allegation**:    Upon information and belief, Mary and Katie were not separated.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

132.    **Allegation**:    Upon information and belief, no action was taken to address the incident, remedy the hostile environment at Marcellus Elementary School, or protect MCS students.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

133.    **Allegation**:    Upon information and belief, during the 2020-2021 school year, Mary was caught looking at pornography and/or performing internet searches for sexual words and/or phrases on a computer at Marcellus Elementary School.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

134. **Allegation**: Upon information and belief, MCS staff were aware of this incident and took no action to address the incident, remedy the hostile environment at Marcellus Elementary School, or protect MCS students.

> **Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### MCS's Violations of Jane Doe's Rights Under 34 C.F.R. Part 106

<u>MCS's Deficient and Deliberately Indifferent Title IX Investigation</u>

135. **Allegation**: After C.C. filed her formal Title IX report, MCS initiated a Title IX investigation and assigned Defendant Dietzel as the investigator.

> **Response: Dietzel admits only that he was assigned as the Title IX investigator in connection with the investigation giving rise to this suit. Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them**

136. **Allegation**: From start to finish, the investigation violated state and federal laws, as well as MCS's own Title IX policy, in myriad ways.

> **Response: Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

137. **Allegation**: Pursuant to federal Title IX regulations:

A recipient [of federal funding] with actual knowledge of sexual harassment in an education program or activity of the recipient against a person in the United States, must respond promptly in a manner that is not deliberately indifferent. A recipient is deliberately indifferent only if its response to sexual harassment is clearly unreasonable in light of the known circumstances.

34 C.F.R. § 106.44(a).

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

*Failure to Provide Jane Doe Notice of Her Right to File a Formal Title IX Complaint Upon Receipt of Notice that She Was a Victim of Sex Discrimination*

138.   **Allegation**:   As outlined previously in this Complaint, upon information and belief, MCS first became aware that Jane Doe was a victim of sexual assault perpetrated by Mary and Katie sometime in mid-October 2021.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

139.   **Allegation**:   MCS never notified C.C. or Jane Doe's father that Jane Doe was a victim of sexual assault, despite telling the Bochelens that they had done so.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

140.   **Allegation**:   MCS never provided any information to Jane Doe or her parents about how to file a formal Title IX complaint until almost a month later, on November 11, 2022.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

141.   **Allegation**:   Pursuant to 34 CFR § 106.44(a): "The Title IX Coordinator must promptly…explain to the complainant the process for filing a formal complaint."

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

142.   **Allegation**:   Waiting a month to explain the process for filing a complaint did not constitute a prompt response.

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

143.   **Allegation**:   Waiting a month to explain the process for filing a complaint to a victim was clearly unreasonable in light of the known circumstances.

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.**

*Untimeliness*

144.   **Allegation**:   MCS's investigation into Mary and Katie's sexual abuse of Jane Doe lasted from November 11, 2021, until MCS issued a decision on April 15, 2022, resulting in a 155-day investigation period.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

145.   **Allegation**:   34 C.F.R. § 106.45(a)(1) requires: "A recipient's grievance process must—

…Include reasonably prompt time frames for conclusion of the grievance process…."

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

146.   **Allegation**:   MCS's Title IX policy provides:

> The District will endeavor to complete the Grievance Process within 90-120 days, absent extenuating circumstances or delays as described below….

> At any point, the Title IX Coordinator, Investigator, Decision-Maker, or Appeals Officer may temporarily delay the Grievance Process or permit a limited extension of time frames for good cause. Good cause may include absence of a party, party's advisor, or witness; concurrent law enforcement activity; or the need for accommodations (e.g., language assistance or accommodation of disabilities). If there is a delay or extension, the parties will receive written notice of the delay or extension and the reasons for the action.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.  Further, the referenced Policy speaks for itself.**

147.   **Allegation**:   MCS never gave C.C. or Jane Doe any written notice of any delay or extension or any reasons for the 35-day delay in completing its investigation.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

148.  **Allegation**:  In fact, MCS ignored several communications from C.C. asking for an update on the status of the investigation after the 90-day mark had passed.

> **Response**:  **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

149.  **Allegation**:  A 155-day investigation does not constitute a "reasonably prompt" response.

> **Response**:  **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  Further, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

150.  **Allegation**:  A 155-day investigation was clearly unreasonable in light of the known circumstances.

> **Response**:  **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  Further, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

### *Failure to Investigate All Allegations of Sexual Misconduct*

151.  **Allegation**:  After Dietzel interviewed Jane Doe and her parents in early December 2021, he refused to include Jane's allegation that Mary had kissed her genitals while playing the "Tweedle Dee" game in his investigative report.

> **Response**:  **Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Further, the referenced investigative report speaks for itself.**

152.   **Allegation**:   Dietzel also failed to interview witnesses C.C. had named who had relevant information about Mary's history of sexual misconduct.

> **Response:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them**

153.   **Allegation**:   Dietzel's refusal to include a complainant's allegation of sexual assault against a respondent in a Title IX investigative report and failure to interview relevant witnesses were clearly unreasonable in light of the known circumstances.

> **Response:   Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

154.   **Allegation**:   34 C.F.R. § 106.45(a)(1) requires: "A recipient's grievance process must—…(ii) Require an objective evaluation of all relevant evidence…."

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

155.   **Allegation**:   Failing to include an allegation of an act of sexual assault in a Title IX investigative report, by definition, results in a failure to objectively evaluate all relevant evidence.

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**which Dietzel is not required to provide, he provides no answer, and thus denies them. Further, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

*Failure to Appoint a Decisionmaker Who Was Not the Same Person as the Title IX Coordinator or Investigator*

156. **Allegation**: When Dietzel issued his investigative report on March 14, 2022, it included two and a half pages factual findings.

> **Response: Dietzel admits only that he issued an investigative report, which speaks for itself.**

157. **Allegation**: It even included recommendations as to responsibility.

> **Response: Dietzel admits only that he issued an investigative report, which speaks for itself.**

158. **Allegation**: Dietzel's decision reads, in a footnote:

> On January 15, 2021, the Office for Civil Rights published a Questions and Answers document regarding the new Title IX regulations, which states that an investigator may recommend findings of fact, determinations of responsibility, and remedies to the Decision Maker. Nevertheless, the Decision Maker is under an "independent obligation to objectively evaluate relevant evidence, and thus cannot simply defer to recommendations made by the investigator in the investigative report."

> **Response: Dietzel admits only that he issued an investigative report, which speaks for itself.**

159. **Allegation**: Defendant Pauley's April 15, 2021, decision letter stated that she "accept[ed] and adopt[ed] all factual findings made by the investigator," with no further explanation.

> **Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

160. **Allegation**: Pauley implemented the exact responsibility determinations Dietzel had recommended, with no apparent independent thought or analysis.

> **Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

161. **Allegation**: Pauley failed in her obligation to "objectively evaluate relevant evidence" and clearly "simply defer[red] to recommendations made by the investigator in the investigative report," in violation of the clear text of Dietzel's investigative report.

> **Response: Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

162. **Allegation**: 34 C.F.R. § 106.45(b)(7)(i) requires: "The decision-maker(s), who cannot be the same person(s) as the Title IX Coordinator or the investigator(s), must issue a written determination regarding responsibility."

> **Response: To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them. To the extent an answer is required, the referenced administrative code speaks for itself.**

163. **Allegation**: Pauley's failure to make any independent factual findings and her whole-cloth, verbatim transcription of Dietzel's recommendations created a situation in which Dietzel, the investigator, was also the decisionmaker in the investigation.

> **Response: Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Because Dietzel lacks knowledge or information**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

164.   **Allegation**:   Pauley's failure to comply with her "independent obligation to objectively evaluate relevant evidence" and "simpl[e] defer[ence] to recommendations made by the investigator in the investigative report" was clearly unreasonable in light of the known circumstances.

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

*Failure to Properly Apply MCS's Title IX Policy Definitions of Sexual Misconduct*

165.   **Allegation**:   When C.C. received Pauley's determination letter, she was shocked to learn that Pauley made no finding of sexual assault against either Mary or Katie.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

166.   **Allegation**:   Pauley's rationale was as follows:

I determine that [Mary]'s actions towards [Jane] on October 6, 2021 in the girls' restroom (accosting her in the girls' restroom, attempting to push her to the ground, and threatening to "hump" her) rise to the level of sexual harassment as defined by District Policy. Given the circumstances predating the incident, including that [Mary Roe] had repeatedly touched [Jane Doe] in the genital area against her will before October 6, 2021, a reasonable person in [Jane Doe]'s position would find the October 6, 2021 incident to be so severe, pervasive, and objectively offensive to effectively deny equal access to District programs and activities.

I do not find, however, that this incident was sexual assault, as that term is defined in District policy, because there was no unwanted sexual touching.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

[Mary] and [Katie]'s conduct between September 20, 2021 and October 17, 2021, of repeatedly tapping [Jane] in the genital area over the clothes, yelling Twiddle Dee, laughing, and running away also constitutes sexual harassment. A reasonable person in [Jane Doe]'s position would find such repeated unwanted touching to be so severe, pervasive, and objectively offensive to effectively deny equal access to District programs and activities.

I do not find, however, that this behavior by [Mary] and [Katie] was sexual assault, as that term is defined in District policy and federal law, because a preponderance of the evidence does not establish that the touching was for sexual gratification.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

167.   **Allegation**:   Even more shocking, despite finding that both Mary and Katie had engaged in numerous acts of sexual harassment against Jane, Pauley issued no sanctions or discipline against them: "For Respondents, the District will not impose additional disciplinary sanctions on top of discipline previously issued to them related to the misconduct alleged in the Complaint."

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

168.   **Allegation**:   Pauley's decision misapplied state and federal law and MCS's own Title IX Policy.

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them**

169.   **Allegation**:   The MCS Title IX Policy defines sexual assault as follows:

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

c. Sexual assault, dating violence, domestic violence, or stalking, as defined by the Violence Against Women Act, 34 USC § 12291 et. [sic] seq., and the uniform crime reporting system of the Federal Bureau of Investigation, 20 USC 1092(f)(6)(A)(v).

1. "Sexual assault" means an offense classified as a forcible or nonforcible sex offense under the uniform crime reporting system of the Federal Bureau of Investigation.[29]

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.  Further, the referenced Policy speaks for itself.**

170.   **Allegation**:   Dietzel's report cites to part of this definition, but not all of it:

The Title IX Regulations and Policy 2266 incorporate the FBI's uniform crime reporting definitions for sexual assault, which include forcible rape, forcible sodomy, sexual assault with an object, forcible fondling, incest, and statutory rape. The only one of those offenses alleged in the Formal Complaint is forcible fondling. An element of forcible fondling is that the touch must be for sexual gratification.

> **Response:   Dietzel admits only that he issued an investigative report, which speaks for itself.  Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

171.   **Allegation**:   Dietzel's investigative report provided no explanation as to why he omitted the Violence Against Women Act definitions, codified at 34 U.S.C. § 12291 *et seq*., and referenced in literally the exact same sentence as the FBI definitions in the MCS Title IX Policy to which he cited.

> **Response:   Dietzel admits only that he issued an investigative report, which speaks for itself.  Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

172.   **Allegation**:      This is particularly perplexing given that the MCS Title IX Policy indicates that it was written by Thrun Law Firm, <u>Dietzel's law firm</u>.

> **Response:     Dietzel admits only that he issued an investigative report, which speaks for itself.  Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

173.   **Allegation**:      Likewise, Pauley's   decision   also   omitted   the   Violence   Against   Women  Act (VAWA) definitions, codified at 34 U.S.C. § 12291 *et seq.*, referenced in literally the exact same sentence  as  the  FBI  definitions  in  the  MCS  Title  IX  Policy  to  which  she  cited  without  any explanation.

> **Response:     Because  Dietzel  lacks  knowledge  or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

174.   **Allegation**:      Pursuant  to  the  clear  language  of  MCS's  own  Title  IX  policy,  MCS should  have  considered  all  the  following  potential  policy  violations,  given  the  substance  of  Jane Doe's allegations:

    a.   Stalking  as  defined  by  34  U.S.C.  §  12291(a)(36):  "The  term  'stalking'  means engaging  in  a  course  of  conduct  directed  at  a  specific  person  that  would  cause  a reasonable  person  to—  (A)fear  for  his  or  her  safety  or  the  safety  of  others;  or (B)suffer substantial emotional distress."

    b.   Sexual assault as defined by 34 U.S.C. § 12291(a)(35): "The term sexual assault means: any nonconsensual sexual act proscribed by Federal, tribunal, or state law, including when the victim lacks capacity to consent."

        i.   Michigan law defines sexual assault as follows:

        (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist: …

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> (b) Force or coercion includes, but is not limited to, any of the following circumstances:
>
> > (i) when the actor overcomes the victim through the actual application of physical force or physical violence.
>
> M.C.L. 750.520e.

ii. Michigan law defines sexual contact as follows:

> (q) Sexual contact includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed being for the purpose of sexual arousal or gratification, done for the sexual purpose or in a sexual manner for:
>
> (i) revenge
>
> (ii) to inflict humiliation
>
> (iii) out of anger.
>
> M.C.L. 750.520a.

> **Response:** **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

175. **Allegation:** Neither Dietzel's investigative report nor Pauley's determination letter analyzed Mary and Katie's conduct towards Jane Doe under any of these definitions, in violation of the clear language of MCS's own Title IX policy.

> **Response:** **Dietzel admits only that he issued an investigative report, which speaks for itself. Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

176.   **Allegation**:    A proper application of the facts to the VAWA definition of stalking would have led MCS to find that Mary and Katie stalked Jane, as they engaged in a course of conduct directed at Jane that would cause a reasonable person to suffer substantial emotional distress.

> **ANSWER:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

177.   **Allegation**:    A proper application of the facts to the VAWA definition of sexual assault would have led MCS to find that Mary had sexually assaulted Jane during the October 6, 2021, incident, as she engaged in the intentional touching of the clothing covering the immediate area of Jane's intimate parts in a sexual manner to inflict humiliation using force or coercion.

> **Response:    Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

178.   **Allegation**:    An educational institution's failure to properly apply its own Title IX policy definitions in a Title IX investigation is clearly unreasonable in light of the known circumstances.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

> *Failure to Provide Jane Doe with Appropriate Supportive Measures*

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

179.   **Allegation**:     As a supportive measure, during the Title IX investigation, C.C. asked several times that Jane Doe be interviewed by MPD and Dietzel together so that Jane would not have to repeat her account of her abuse, which was causing Jane significant trauma.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

180.   **Allegation**:     C.C. also knew that Jane was uncomfortable meeting with Dietzel, a strange man, to describe her experiences of sexual abuse, and was more comfortable with MPD officers.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

181.   **Allegation**:     34 C.F.R. § 106.44(a) requires:

> The Title IX Coordinator must promptly contact the complainant to discuss the availability of supportive measures as defined in § 106.30, consider the complainant's wishes with respect to supportive measures, inform the complainant of the availability of supportive measures with or without the filing of a formal complaint, and explain to the complainant the process for filing a formal complaint.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

182.   **Allegation**:     At no time did any MCS employee contact Jane Doe or C.C. to find out what Jane Doe's wishes were regarding supportive measures, inform her of the availability of supportive measures, or explain to her the process for filing a formal complaint.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

183.   **Allegation**:   When C.C. made requests for these appropriate supportive measures, they were denied without explanation.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

184.   **Allegation**:   The denial of C.C.'s requests that Jane be interviewed by MPD and Dietzel together is even more baffling given that, upon information and belief, Thrun Law Firm has, in other Title IX investigations, performed investigative interviews together with local law enforcement and has reassigned a female attorney to perform an investigation when a female complainant was uncomfortable with a male attorney.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

185.   **Allegation**:   MCS's failure to find out what Jane Doe's wishes were with respect to supportive measures, and its denial of C.C.'s requests that MPD and Dietzel interview Jane Doe together, were clearly unreasonable in light of the known circumstances.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

186. **Allegation**:    C.C. also requested that MCS ensure that Mary and Katie would have no contact with Jane, and that they not be allowed in the bathroom without adult supervision.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

187. **Allegation**:    Despite promising C.C. that it would implement this request, MCS failed to inform staff, and Katie entered the bathroom at one point while Jane was there, causing Jane to experience severe fear and anxiety, and ultimately resulting in C.C. and Jane's father removing Jane from MCS because MCS was not implementing promised supportive measures.

> **Response:    Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

188. **Allegation**:    MCS's failure to implement the reasonable supportive measure of ensuring that Mary and Katie did not use the bathroom when Jane did was clearly unreasonable in light of the known circumstances.

> **Response:    To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  Further, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### *MCS's Failure to Maintain Title IX Training Materials on Its Website*

189. **Allegation**:    34 C.F.R. § 106.45(b)(10)(i) requires:

A recipient must maintain for a period of seven years records of—…

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

(D) All materials used to train Title IX Coordinators, investigators, decisionmakers, and any person who facilitates an informal resolution process. <u>A recipient must make these training materials publicly available</u> <u>on its</u> <u>website</u>, or if the recipient does not maintain a website the recipient must  make these materials available upon request for inspection by members of the public. (Emphasis added).

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.  To the extent an answer is required, the referenced administrative code speaks for itself.**

190.   MCS has no Title IX training materials available anywhere on its website.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

191.   MCS's failure to maintain Title IX training materials on its website was clearly unreasonable in light of the known circumstances

> **Response:   To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### MSC's Violations of Jane Doe and C.C.'s Right to Free Speech and Expression

192.   **Allegation**:   On March 14, 2022, C.C. received a copy of Dietzel's investigative report.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

193.   **Allegation**:   The investigative report came with a letter from Dietzel that included the following warning:

> The information contained in the linked report is confidential. It is intended for inspection and review only by the Complainant, the Respondent, and their respective advisors. Neither party may copy, print, or download the document or share or disclose it to any other party.

> **Response:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Further answering, the referenced investigative report and letter speak for themselves.**

194.   **Allegation**:   As an attorney specializing in representing public school clients and general school law, a former assistant attorney general, and an instructor in educational law and policy,[36] Dietzel should have understood the protections the First Amendment provides to public school students and private citizens and known that such a warning was both inappropriate and unlawful.

> **Response:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

195.   **Allegation**:   On April 15, 2022, C.C. received Pauley's determination letter, which included a similar warning:

> …the information contained in the evidence and investigation report that were previously provided to the parties, and in this letter, is confidential and the Parties and their advisors are not authorized to verbally or electronically disclose copies of the report, the evidence referenced in the report, or the information contained in the report to others who are not parties in his matter.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

196.   **Allegation**:   As a public school superintendent, Pauley should have understood the protections the First Amendment provides to public school students and known that such a warning was both inappropriate and unlawful.

> **Response:   Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

197.   **Allegation**:   If First Amendment principles were insufficient for Dietzel and Pauley  to understand that they did not have the right to limit Jane Doe and C.C.'s communication, Title IX regulations also made this clear: "When investigating a formal complaint and throughout the grievance process, a recipient must— ...(iii) Not restrict the ability of either party to discuss the allegations under investigation…." 34 C.F.R. § 106.45(b)(5).

> **Response:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further, the referenced administrative code speaks for itself.**

198.   **Allegation**:   If that were also not clear enough, Title IX regulations also include the following language: "Nothing in this part requires a recipient to: (1) Restrict any rights that would otherwise be protected from government action by the First Amendment of the U.S. Constitution…." 34 C.F.R. § 106.6(d).

> **Response:   Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Further, the referenced administrative code speaks for itself.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

199.   **Allegation**:   Dietzel's admonishment that "the Parties and their advisors are not authorized to verbally or electronically disclose…the evidence referenced in the report, or the information contained in the report" clearly restricted Jane Doe and C.C.'s abilities to discuss the allegations under investigation.

> **Response**:   **Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

200.   **Allegation**:   As a result of the language in Dietzel and Pauley's letters warning Jane Doe and C.C. not to share any information in the investigative report or decision, Jane Doe and C.C. limited her communications about the abuse and the investigation process with their friends and family, did not seek support that Jane Doe desperately needs, avoided talking with the Bochelens who had important information about Jane Doe's abuse, and refrained from seeking additional evidence and information that may have been relevant to the Title IX investigation.

> **Response**:   **Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages. Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

201.   **Allegation**:   C.C. was afraid to even share the investigative report and determination letter with her attorney for fear of risking negative consequences to her or Jane Doe.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

202.   **Allegation**:   Dietzel and Pauley's warnings were clearly unreasonable in light of the known circumstances.

> **Response**:   **To the extent the allegations in this paragraph of the Complaint call for a legal conclusion which Dietzel is not required to provide, he provides no answer, and thus denies them.   Further answering, Dietzel denies as untrue any allegation, suggestion, or inference that he owed a duty in tort to the Plaintiff, breached any alleged duty, or otherwise proximately caused any of Plaintiff's claimed damages.**

### The Effects of MCS's Failures on Jane Doe

203.   **Allegation**:   After Jane Doe went through the grueling, 155-day-long Title IX investigation process, and finally learned near the end of the school year that MCS was not going to hold Mary and Katie accountable for their abuse, her mental and emotional health began to suffer.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

204.   **Allegation**:   On or around December 13, 2021, C.C. and Jane's father decided that they could not force Jane to remain in MCS.  They disenrolled Jane from MCS and homeschooled her for the rest of the fifth-grade year.  In fall 2022, Jane's parents enrolled her in private school at significant out of pocket cost.  In March 2023, Jane's parents removed her from the private school, where she was struggling, to reintegrate her into another district's public school.  The out of district school requires Jane's parents to provide her transportation, again at significant out of pocket cost.

> **Response**:   **Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

205.  **Allegation**:  Jane has been diagnosed with post-traumatic stress disorder (PTSD), anxiety, and depression due to MCS's failures.  Jane is in counseling and taking medication to help support her mental health.

> **Response:  Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

206.  **Allegation**:  Jane's diagnoses have significantly affected her daily routines.  She experiences triggers such as smells, sounds, or someone simply bumping into her. When these triggers occur, Jane experiences a complete shutdown. If such a trigger happens at school, C.C. must leave work to pick up Jane.  C.C. will try to talk Jane through these shutdowns, but sometimes the only way to for Jane to get through the experience is to completely remove herself from a situation.  Jane has also become apprehensive to speak to adults or go to them for help.

> **Response:  Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

207.  **Allegation**:  MCS's failures have significantly negatively affected Jane in numerous additional ways.  She has little to no trust in adults due to the number of adults who failed her when she asked for help from them at Marcellus Elementary School.  Even after Mary and Katie admitted what they did to Jane, MCS failed to provide Jane with adequate supportive measures, which caused her to feel completely failed.  Jane now isolates herself from her peers to try to keep herself safe.  Jane now has days where she is paralyzed with fear and unable to withstand any human interactions. Her education has been deeply negatively impacted cannot attend school.  Her family relationships have also suffered because of her inability to be around other people.  Jane has lost out on the close friendships she had at MCS and

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

misses her friends there.  She had to leave everything and everyone she cared about in her school district and doesn't understand why she and not her assailants had to suffer punishment.  Jane has panic attacks and withdraws due to her overwhelming emotions.  Jane also became negatively sensitized to human touch due to the repeated sexual assaults and stopped allowing herself to be hugged.  Even a simple arm around her shoulder can trigger her central nervous system and cause a negative spiral into fear and withdrawal.   Jane has also started to question her self-worth and has begun exhibiting obsessive-compulsive behaviors to try to exert some level of control over her environment and her body.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

208.   **Allegation**:     Jane misses her friends and her educational community and wants to return to MCS, but C.C. and Jane's father are terrified to allow her to do so because they do not trust that MCS will keep her safe.  Jane's separation from her friends and her community causes her ongoing negative emotional, psychological, and physical effects.

> **Response:     Because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### COUNT I
**Violation of Title IX**
**Deliberate Indifference to Sex Discrimination 20 U.S.C. § 1681, *et seq*.**
**(The MCS Defendants)**

209.   **Allegation**:     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

> **Response:     Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

210.   **Allegation**:   Plaintiff alleges violations of Title IX due to Defendants' deliberate indifference to the sex discrimination they knew she was experiencing at MCS.

> **Response:   The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

211.   **Allegation**:   From approximately September to October 2021, Jane Doe was subjected to sex discrimination consisting of sexual harassment, stalking, and sexual assault committed by fellow MCS students on MCS property.

> **Response:   The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

**ANSWER:**

212.   **Allegation**:   From approximately September 2021 to April 2022, Defendants engaged in repeated acts of deliberate indifference to Jane Doe's multiple reports of sex discrimination perpetrated by fellow students as outlined previously in this Complaint, by failing to timely respond to her reports of sexual misconduct, failing to provide her with information about supportive measures, failing to provide her with information on how to make a formal complaint of sex discrimination, and failing to adequately train and supervise their staff with respect to the handling of Title IX complaints.

**Response:   The   allegations   contained   in   this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  may  be  deemed provided.   To the extent an answer may be deemed required,   because   Dietzel   lacks   knowledge   or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

213.   **Allegation**:   Defendants failed to take immediate, effective remedial steps to resolve Jane

Doe's complaints of sex discrimination and instead acted with deliberate indifference to her claims.

**Response:   The   allegations   contained   in   this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To the extent an answer may be deemed required,   because   Dietzel   lacks   knowledge   or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

214.   **Allegation**:   Defendants' lack of action and failure to appropriately respond to Jane

Doe's reports caused her to experience further sexual harassment, stalking, and sexual assault.

**Response:   The   allegations   contained   in   this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To the extent an answer may be deemed required,   because   Dietzel   lacks   knowledge   or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

215.   **Allegation**:   Defendants persisted in their actions and inactions despite having actual

knowledge of the discrimination to which Jane Doe was subjected.

**Response:   The   allegations   contained   in   this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To  the  extent  an  answer  may  be  deemed**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

216.   **Allegation**:   The ongoing sexual harassment, stalking, and sexual assault that Jane Doe experienced, and the subsequent Title IX failures by Defendants, were so severe, pervasive, and objectively offensive that Jane Doe was denied equal access to MCS's educational opportunities and benefits.

> **Response:   The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

217.   **Allegation**:   Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade students who had experienced sex discrimination from seeking assistance and protection.

> **Response:   The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

218.   **Allegation**:   As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response:** **The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

### COUNT II
**Violation of Title IX**
**Deliberate Indifference to a Known Hostile Environment 20**
**U.S.C. § 1681,** *et seq.*
**(The MCS Defendants)**

219.    **Allegation:**  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

> **Response:** **Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

220.    **Allegation:**  Plaintiff alleges violations of Title IX due to Defendants' cultivation and perpetuation of a sexually hostile environment against Jane Doe.

> **Response:** **The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

221.    **Allegation:**  Through the abuse described previously in this Complaint, MCS students created an abusive and sexually hostile educational environment on Marcellus Elementary School's

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

campus that impeded and effectively denied Jane Doe and other MCS students equal access to educational opportunities and benefits.

> **Response:** **The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided. To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

222. **Allegation:** Defendants are liable for the abusive and hostile educational environment at Marcellus Elementary School because Defendants had actual knowledge of Jane Doe's abusers' acts of sex discrimination but allowed them to continue to have unfettered access to Jane Doe and other students.

> **Response:** **The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided. To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

223. **Allegation:** Defendants are also liable for their failure to remedy the hostile educational environment experienced by Jane Doe by failing to offer her appropriate supportive measures and accommodations that could have provided equal access to educational opportunities and benefits and by ailing to remedy a known sexually hostile environment.

> **Response:** **The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided. To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

224. **Allegation**:  As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response:  The allegations contained in this paragraph of the Complaint do not concern Dietzel and, accordingly, no answer is required and thus none is provided.  To the extent an answer may be deemed required, because Dietzel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint, he neither admits nor denies them, and thus denies them.**

## COUNT III

**Denial of Right to Free Speech and Expression and Prior Restraint 42 U.S.C. § 1983 and the First Amendment (Defendants Pauley and Dietzel in their individual capacities)**

225. **Allegation**:  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

> **Response:  Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

226. **Allegation**:  Plaintiff alleges violations of 42 U.S.C. § 1983 against the above-named Defendants in their individual capacities due to deprivation of her constitutional right to free speech and expression via their repeated instructions that she may not share the investigative report or Pauley's determination letter, which constitutes both a content-based restriction on her speech and a

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

"presumptively unconstitutional" prior restraint on her speech and expression, "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 559 (1976); *see also CBS v. Davis*, 510 U.S. 1315, 1317 (1994); *New York Times Co. v. United States*, 403 U.S. 713, 723–24 (1971) (Douglas, J., concurring).

> **Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

227. **Allegation**: "A prior restraint is any law 'forbidding certain communications when issued in advance of the time that such communications are to occur.'" *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)).

> **Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

228. **Allegation**: "Prior restraints are presumptively invalid because of the risk of censorship associated with the vesting of unbridled discretion in government officials and the risk of indefinitely suppressing permissible speech when a licensing law fails to provide for the prompt issuance of a license." *Bronco's Ent., Ltd. v. Charter Twp. of Van Buren*, 421 F.3d 440, 444 (6th Cir. 2005) (citation and internal quotation marks omitted).

> **Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

229.   **Allegation**:   A prior restraint on speech violates the First Amendment if it places "unbridled discretion in the hands of a government official or agency." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 757, 108 S. Ct. 2138, 100 L. Ed. 2d 771 (1988).

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

230.   **Allegation**:    "'A law subjecting the exercise of First Amendment freedoms to the prior restraint of a license' must contain 'narrow, objective, and definite standards to guide the licensing authority.'" *Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131, 112 S. Ct. 2395, 120 L. Ed. 2d 101 (1992) (quoting *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 150-151, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969)).

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

231.   **Allegation**:   As a result of the language in Dietzel and Pauley's letters warning Jane Doe and C.C. not to share any information in the investigative report or decision, Jane Doe and C.C. were chilled from exercising their right to free speech and expression protected by the First Amendment.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

232.   **Allegation**:   In evaluating the constitutionality of prior restraints, courts "must ask . . . whether the challenged provisions of the injunction burden no more speech than necessary to serve a significant government interest." *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 765 (1994).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response**: In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.

233. **Allegation**: Defendants' admonishments served no significant government interests.

**Response**: In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.

234. **Allegation**: Any interest in protecting student privacy could have been achieved through redaction, as demonstrated in the attached exhibits, and as many educational institutions do when issuing Title IX investigation reports and decisions and when responding to Freedom of Information Act requests for such.

**Response**: In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.

235. **Allegation**: Defendants' conduct would chill an ordinary person from exercising their First Amendment rights.

**Response**: In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.

236. **Allegation**: Jane Doe and C.C.'s right to free speech and expression under the law is one of which reasonable officials in Defendants' positions would have known.

**Response**: In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

237.   **Allegation**:   Defendants' actions violated clearly established Constitutional law; thus, they are not entitled to qualified immunity.

> **Response:    In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

238.   **Allegation**:   As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response:    In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

**COUNT IV**
**Denial of Substantive Due Process**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(Defendants Pauley, Bohan, Bischoff, and Dietzel, in their individual capacities)**

239.   **Allegation**:   Plaintiff incorporates by reference the allegations contained in the previous paragraphs.

> **Response:    Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

240. **Allegation**: The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1.

**Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

241. **Allegation**: Defendants failed to comply with the administrative requirements of Title IX by failing to notify Jane Doe's parents when they first learned that Jane Doe had been the victim of sexual assault, failing to properly respond to Jane Doe's reports of sex discrimination, failing to provide her with information about supportive measures, failing to ensure that the limited supportive measures they provided were actually implemented, failing to timely provide her with information on how to make a formal complaint of sex discrimination, failing to adequately train and supervise their staff with respect to the handling of complaints of sex discrimination, and improperly chilling her speech.

**Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

242. **Allegation**: Defendants' actions and inactions caused Jane Doe to continue to be the victim of ongoing sex discrimination and to have to leave MCS, resulting in a deprivation of her liberty interest in her bodily integrity and her property interest in her education.

**Response**: **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

243.    **Allegation**:    MCS's actions and inactions resulted from its interest in covering up sexual misconduct; in other words, this selective treatment was not justified by a sufficient purpose under the law.

> **Response**:    **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

244.    **Allegation**:    Jane Doe's right to substantive due process under the law is one of which reasonable officials in Defendants' positions would have known.

> **Response**:    **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

245.    **Allegation**:    Defendants' actions violated clearly established Constitutional law; thus, they are not entitled to qualified immunity.

> **Response**:    **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

246.    **Allegation**:    As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response**:    **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

<u>**COUNT V**</u>
**Denial of Procedural Due Process**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(Defendants Pauley, Bohan, Bischoff, and Dietzel, in their individual capacities)**

247.   <u>**Allegation**</u>:   Plaintiff incorporates by reference the allegations contained in the previous paragraphs.

<u>**Response**</u>:   **Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

248.   <u>**Allegation**</u>:   The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law " U.S. Const. amend. XIV, § 1.

<u>**Response**</u>:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

249.   <u>**Allegation**</u>:   Defendants failed to comply with the administrative requirements of Title IX by failing to notify Jane Doe's parents when they first learned that Jane Doe had been the victim of sexual assault, failing to properly respond to Jane Doe's reports of sex discrimination, failing to provide her with information about supportive measures, failing to ensure that the limited supportive measures they provided were actually implemented, failing to timely provide her with information on how to make a formal complaint of sex discrimination, failing to adequately train and supervise their staff with respect to the handling of complaints of sex discrimination, and improperly chilling her speech.

**Response:** In its October 17, 2023 Opinion and **Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

250.  **Allegation:**  Defendants' actions and inactions caused Jane Doe to continue to be the victim of ongoing sex discrimination and to have to leave MCS, resulting in a deprivation of her liberty interest in her bodily integrity and her property interest in her education.

**Response:** In its October 17, 2023 Opinion and **Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

251.  **Allegation:**  Defendants' failure to comply with the administrative requirements of Title IX deprived Jane Doe of her procedural due process right to be heard prior to deprivation of her liberty and property interests.

**Response:** In its October 17, 2023 Opinion and **Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

252.  **Allegation:**  Jane Doe's right to procedural due process under the law is one of which reasonable officials in Defendants' positions would have known.

**Response:** In its October 17, 2023 Opinion and **Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

253.  **Allegation:**  Defendants' actions violated clearly established Constitutional law; thus, they are not entitled to qualified immunity.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response**:   In its October 17, 2023 Opinion and
> **Order Granting in Part and Denying in Part Motion to**
> **Dismiss (ECF No. 20, PageID.332-338), the Court**
> **dismissed this count against Dietzel.  Accordingly, no**
> **answer is required and none is given.**

254.   **Allegation**:   As a direct and proximate result of Defendants' wrongful acts and

omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss;

loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including

anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name;

and loss of the ordinary pleasures of everyday life.

> **Response**:   In its October 17, 2023 Opinion and
> **Order Granting in Part and Denying in Part Motion to**
> **Dismiss (ECF No. 20, PageID.332-338), the Court**
> **dismissed this count against Dietzel.  Accordingly, no**
> **answer is required and none is given.**

**COUNT VI**
**Denial of Equal Protection**
**42 U.S.C. § 1983 and the Fourteenth Amendment**
**(Defendants Pauley, Bohan, Bischoff, Curtis, Essex, and Dietzel, in their**
**individual capacities)**

255.   **Allegation**:   Plaintiff incorporates by reference the allegations contained in the

previous paragraphs.

> **Response**:   **Dietzel   restates   and   realleges   his**
> **responses to the preceding paragraphs as though fully**
> **incorporated herein.**

256.   **Allegation**:   Plaintiff alleges violations of 42 U.S.C. § 1983 against Defendants

due  to discrimination on the basis of sex that denied Plaintiffs equal protection under the law in violation

of the Equal Protection Clause of the Fourteenth Amendment.

> **Response**:   In its October 17, 2023 Opinion and
> **Order Granting in Part and Denying in Part Motion to**
> **Dismiss (ECF No. 20, PageID.332-338), the Court**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

257.   **Allegation**:   The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

258.   **Allegation**:   Under the Equal Protection Clause of the Fourteenth Amendment, discrimination based on sex is presumptively unconstitutional and subject to intermediate scrutiny.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

259.   **Allegation**:   Defendants' discrimination against Plaintiff on the basis of sex was  not substantially or rationally related to any legitimate government interest.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

260.   **Allegation**:   Defendants subjected Plaintiff to violations of her liberty and property interests by failing to notify Jane Doe's parents when they first learned that Jane Doe had been the victim of sexual assault, failing to properly respond to Jane Doe's reports of sex discrimination, failing to provide her with information about supportive measures, failing to ensure that the limited supportive measures they provided were actually implemented, failing to timely provide her with

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

information on how to make a formal complaint of sex discrimination, failing to adequately train and supervise their staff with respect to the handling of complaints of sex discrimination, and improperly chilling her speech.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

261.  **Allegation**:   Defendants' discrimination against Plaintiff on the basis of sex endangered her safety, privacy, security, and well-being.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

262.  **Allegation**:   Defendants' actions and inactions deprived Plaintiff of her right to equal dignity, liberty, and autonomy by treating her as a second-class citizen at her school.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

263.  **Allegation**:   This selective treatment was related to MCS's interest in covering up sexual misconduct; in other words, this selective treatment was not substantially or rationally related to any legitimate government interest.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

264. **Allegation**:   It is clearly established that failing to properly investigate allegations of sex discrimination violates the Equal Protection clause.

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

265. **Allegation**:   First, "a State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 197 n. 3 (1989).

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

266. **Allegation**:   More recently, the Supreme Court heard a case in which petitioners filed suit against the local school district's governing board and superintendent, alleging that their response to allegations of peer-on-peer sexual harassment of petitioners' daughter was inadequate and constituted unconstitutional sex discrimination in schools in violation of 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2008).

> **Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

267. **Allegation**:   The Supreme Court held that "Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools, or a substitute for § 1983 suits as a means of enforcing constitutional rights," and "§ 1983 suits based on the Equal Protection Clause remain

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

76

available to plaintiffs alleging unconstitutional gender discrimination in schools," including in the case of school officials' inadequate responses to an allegation of peer-on-peer sexual harassment. *Id*. at 258.

> **Response:** **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

268. **Allegation:** Jane Doe's right to equal protection under the law is one of which reasonable officials in Defendants' positions would have known.

> **Response:** **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

269. **Allegation:** Defendants' actions violated clearly established Constitutional law; thus, they are not entitled to qualified immunity.

> **Response:** **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

270. **Allegation:** As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response:** **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel. Accordingly, no answer is required and none is given.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**COUNT VII**
**Violation of the Elliott-Larsen Civil Rights Act Sex Discrimination**
**M.C.L. 37.2101, *et seq.***
**(All Defendants)**

271.   **Allegation**:   Plaintiff realleges and incorporates by reference the allegations

contained in the previous paragraphs.

> **Response:   Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

272.   **Allegation**:   MCS is an educational institution by and within the meaning of ELCRA,

M.C.L. 37.2401.

> **Response:   In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

273.   **Allegation**:   ELCRA prohibits discrimination in educational institutions based

on sex, specifically providing that no school shall "[d]iscriminate against an individual in the

full utilization of or benefit from the institution, or the services, activities, or programs provided by the

institution because of sex." M.C.L. 37.2402(a).

> **Response:   In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

274.   **Allegation**:   Defendants violated ELCRA by failing to notify Jane Doe's parents when

they first learned that Jane Doe had been the victim of sexual assault, failing to properly respond to

Jane Doe's reports of sex discrimination, failing to provide her with information about supportive

measures, failing to ensure that the limited supportive measures they provided were actually

implemented, failing to timely provide her with information on how to make a formal complaint of sex

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

discrimination, and failing to adequately train and supervise their staff with respect to the handling of complaints of sex discrimination.

> **Response:**   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

275.   **Allegation**:   As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response:**   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

### COUNT VIII
### Gross Negligence
### M.C.L. 691.1407, *et seq*.
### (All Defendants)

276.   **Allegation**:   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

> **Response:   Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

277.   **Allegation**:   Defendants had a special relationship with Jane Doe, obligating Defendants, individually and collectively, to provide safe care and treatment.

> **Response:**   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No.  20, PageID.332-338), the Court**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

278.   **Allegation**:   Defendants owed Jane Doe a duty to conform to a specific standard of conduct to protect her from unreasonable risk of injury.

> **Response:   In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

279.   **Allegation**:   Defendants breached their duty to Jane Doe by failing to notify Jane Doe's parents when they first learned that Jane Doe had been the victim of sexual assault, failing to properly respond to Jane Doe's reports of sex discrimination, failing to provide her with information about supportive measures, failing to ensure that the limited supportive measures they provided were actually implemented, failing to timely provide her with information on how to make a formal complaint of sex discrimination, and failing to adequately train and supervise their staff with respect to the handling of complaints of sex discrimination.

> **Response:   In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

280.   **Allegation**:   Defendants' conduct evidences a high degree of carelessness and shows a reckless disregard of the consequences.

> **Response:   In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.  Accordingly, no answer is required and none is given.**

281.   **Allegation**:   Defendants engaged in willful and wanton misconduct.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.   Accordingly, no answer is required and none is given.**

282.   **Allegation**:   As a direct and proximate result of Defendants' wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

**Response**:   **In its October 17, 2023 Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 20, PageID.332-338), the Court dismissed this count against Dietzel.   Accordingly, no answer is required and none is given.**

## COUNT IX
### Negligence (Defendant Dietzel)

283.   **Allegation**:   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**Response**:   **Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

284.   **Allegation**:   Dietzel owed a duty of care to Jane Doe.

**Response**:   **Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

285.   **Allegation**:   Dietzel breached the duty of care when conducting his Title IX investigation, including but not limited to failing to provide Jane Doe with appropriate supportive measures, failing to consider all relevant evidence, failing to interview all relevant witnesses, failing to include all the relevant Title IX policy definitions in his investigative report, failing to comply with

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

other requirements under federal law as outlined previously in this Complaint, and providing incorrect information to Jane Doe about her First Amendment rights.

> **Response**: **Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

286.  **Allegation**: Dietzel's failures resulted from his own negligent conduct.

> **Response**: **Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

287.  **Allegation**: Dietzel's failures proximately caused injury to Jane Doe.

> **Response**: **Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

288.  **Allegation**: As a direct and proximate result of Dietzel's wrongful acts and omissions, Jane Doe has sustained injuries and damages, including, but not limited to economic loss; loss of earnings capacity; educational loss; pain and suffering; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; loss of relationships; damage to her good name; and loss of the ordinary pleasures of everyday life.

> **Response**: **Dietzel denies the allegations in this paragraph of the Complaint as untrue.**

### COUNT X
**Injunctive Relief (The MCS Defendants)**

289.  **Allegation**: Plaintiff incorporates by reference the allegations contained in the previous paragraphs.

> **Response**: **Dietzel restates and realleges his responses to the preceding paragraphs as though fully incorporated herein.**

290.  **Allegation**: Plaintiff is entitled to injunctive relief under Title IX, 20 U.S.C. § 1681 *et seq*., and its implementing regulations 34 C.F.R. Part 106 and 38 C.F.R. Part 23.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

> **Response**:   The   allegations   contained   in   this
> **paragraph of the Complaint do not concern Dietzel and,**
> **accordingly, no answer is required and thus none is**
> **provided.   To the extent an answer may be deemed**
> **required,   because   Dietzel   lacks   knowledge   or**
> **information sufficient to form a belief as to the truth or**
> **falsity of the allegations in this paragraph of the**
> **Complaint, he neither admits nor denies them, and thus**
> **denies them.**

291.   **Allegation**:   Plaintiff seeks to compel Defendants to create and/or revise the MCS

Title IX policy and procedure to require immediate notice to the parents or guardians of all students

involved in or the victims of any substantiated or confirmed sexual misconduct.

> **Response**:   The   allegations   contained   in   this
> **paragraph of the Complaint do not concern Dietzel and,**
> **accordingly, no answer is required and thus none is**
> **provided.   To the extent an answer may be deemed**
> **required,   because   Dietzel   lacks   knowledge   or**
> **information sufficient to form a belief as to the truth or**
> **falsity of the allegations in this paragraph of the**
> **Complaint, he neither admits nor denies them, and thus**
> **denies them.**

292.   **Allegation**:   Plaintiff seeks to compel Defendants to disseminate to all MCS

administrators, faculty, staff, students, parents, and guardians the revised MCS Title IX policy and

complaint procedure and to post the policy and procedure in a conspicuous location on its website, as

required by 34 C.F.R. § 106.8(b)(1), as it is at present not posted on MCS's Title IX website and is

only available on the MCS Board of Education website.

> **Response**:   The   allegations   contained   in   this
> **paragraph of the Complaint do not concern Dietzel and,**
> **accordingly, no answer is required and thus none is**
> **provided.   To the extent an answer may be deemed**
> **required,   because   Dietzel   lacks   knowledge   or**
> **information sufficient to form a belief as to the truth or**
> **falsity of the allegations in this paragraph of the**
> **Complaint, he neither admits nor denies them, and thus**
> **denies them.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

293.   **Allegation**:   Plaintiff seeks to compel Defendants to train all MCS staff, including but not limited to administrators, Title IX Coordinators, and teachers, on proper and industry standard Title IX reporting, response, and investigation procedures.  Plaintiff seeks to provide input on the selection of the training provider and specifically requests that the training provider not be Thrun Law Firm.

> **Response:    The allegations  contained  in  this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To  the  extent  an  answer  may  be  deemed required,  because  Dietzel  lacks  knowledge  or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

294.   **Allegation**:   Plaintiff seeks to compel Defendants to post Title IX training materials on its website, as required by 34 C.F.R. § 106.45(b)(10)(i).

> **Response:    The allegations  contained  in  this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To  the  extent  an  answer  may  be  deemed required,  because  Dietzel  lacks  knowledge  or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the Complaint, he neither admits nor denies them, and thus denies them.**

295.   **Allegation**:   Plaintiff seeks to compel Defendants to remove any sentences or instructions from its Title IX-related communications that chill the speech of MCS students or parents.

> **Response:    The allegations  contained  in  this paragraph of the Complaint do not concern Dietzel and, accordingly,  no  answer  is  required  and  thus  none  is provided.   To  the  extent  an  answer  may  be  deemed required,  because  Dietzel  lacks  knowledge  or information sufficient to form a belief as to the truth or falsity  of  the  allegations  in  this  paragraph  of  the**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

**Complaint, he neither admits nor denies them, and thus denies them.**

Date:  November 8, 2023

By: /S/ Mark A. Gilchrist

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
Smith Haughey Rice & Roegge
Attorneys for Defendant Robert Dietzel
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
mgilchrist@shrr.com
mwiese@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **<u>Robert Dietzel's Additional and Affirmative Defenses</u>**

NOW COMES Defendant Robert Dietzel ("Dietzel") by and through his attorneys, Smith Haughey Rice & Roegge, and hereby asserts the following affirmative defenses:

1.     Plaintiff's claims, either in whole or in part, fail to state a claim upon which relief can be granted.

2.     Plaintiff's claims fail as a matter of law because Dietzel, as a Title IX investigator, did not owe a duty of care to Plaintiff such that Plaintiff may assert a negligence claim against him.

3.     Plaintiff's claims, either in whole or in part, are barred or precluded because, even if Dietzel owed a duty in tort to Plaintiff, Dietzel met or exceeded the applicable standard of care.

4.     Plaintiff's claims, either in whole or in part, fail because it will not be able to establish (i) duty, (ii) breach, (iii) causation or (iv) damage.

5.     While not admitting any of the allegations set forth in Plaintiff's Complaint, Plaintiff's claims are barred or may be barred, in whole or in part, by an intervening and/or superseding cause of Plaintiffs' claimed damages.

6.     While not admitting any of the allegations set forth in Plaintiff's Complaint, Dietzel affirmatively states that the damages alleged in the Complaint were or may have been proximately contributed to or caused in whole or in part by the actions, fault, or conduct of others, not Dietzel.

7.     Plaintiff's claims, in whole or in part, are or may time-barred either (i) because of the doctrine of laches or (ii) because they are barred by the relevant statute of limitations.

8.     Plaintiff's claims, either in whole or in part, are or may be barred by Plaintiff's failure to mitigate their damages.

9.     Dietzel incorporates by reference each and every affirmative defense set forth by any other defendant in this action, whether or not each such party remains a party to this lawsuit at the time of trial.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

10.    Dietzel respectfully reserves the right to assert additional affirmative defenses upon the completion of his further investigation and discovery.

WHEREFORE, Dietzel respectfully requests entry of a judgment of no cause of action on the Plaintiffs' claims, and such further relief as may be granted by this Court.


Date:  November 8, 2023                          By:/s/ Mark A. Gilchrist _____
                                                        Mark A. Gilchrist (P61741)
                                                        Michael D. Wiese (P78353)
                                                        SMITH HAUGHEY RICE & ROEGGE
                                                        Attorneys for Defendant Robert Dietzel
                                                        100 Monroe Center, N.W.
                                                        Grand Rapids, MI 49503
                                                        616-774-8000
                                                        mgilchrist@shrr.com
                                                        mwiese@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## <u>Robert Dietzel's Reliance on Jury Demand</u>

NOW COMES Defendant, Robert Dietzel ("Dietzel"), by and through his attorney, Smith Haughey Rice & Roegge, and asserts his reliance upon the Jury Demand filed in this action by the Plaintiff, and hereby reserves the right to assert a demand of his own should that made by the Plaintiff be waived or otherwise lost.

Date:  November 8, 2023

By:/s/ Mark A. Gilchrist _____
  Mark A. Gilchrist (P61741)
  Michael D. Wiese (P78353)
  SMITH HAUGHEY RICE & ROEGGE
  Attorneys for Defendant Robert Dietzel
  100 Monroe Center, N.W.
  Grand Rapids, MI 49503
  616-774-8000
  mgilchrist@shrr.com
  mwiese@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\5977376v1