UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.C., as Parent and Legal Guardian of JANE DOE, a Minor,

    Plaintiff,

v

MARCELLUS COMMUNITY SCHOOLS, et al.,

    Defendants.

CASE NO. 1:23-cv-00255

HON. PAUL L. MALONEY

## STIPULATION AND ORDER APPROVING SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Plaintiffs and Defendants Marcellus Community Schools, Marcellus Community Schools Board of Education, Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy Curtis, and Henry Essex have entered into the Settlement Agreement attached as Exhibit 1.  Defendant Dietzel is not a part of this agreement.

Plaintiffs and Defendants Marcellus Community Schools, Marcellus Community Schools Board of Education, Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy Curtis, and Henry Essex believe the Settlement Agreement is fair to the minor child, and hereby bring the Settlement Agreement before the judge to whom the action is assigned to pass on the fairness of the proposal pursuant to Mich. Ct. R. 2.420(B).  The Settlement Agreement has been reviewed and approved by Cass County Probate Court, Case No. 2024-052-CY.  *See* Exhibit 2, Order Approving Settlement & Granting Authority to Distribute Settlement to Restricted Account & Order Regarding Appointment of Conservator.

Plaintiffs and Defendants Marcellus Community Schools, Marcellus Community Schools Board of Education, Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy Curtis, and Henry Essex stipulate and agree that costs and attorneys fees will be allocated as detailed in the Petition to Approve Settlement and Authority to Distribute Proceeds attached as Exhibit 3.  Plaintiffs and Defendants Marcellus Community Schools, Marcellus Community Schools Board of Education, Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy Curtis, and Henry Essex further stipulate and agree that the proceeds from the settlement will be held in trust for the minor child, Jane Doe, after payment of costs and fees as set forth in Exhibit 3.

Pursuant to Mich. Ct. R. 2.420(B)(1)(a), the Parties stipulate and agree that there is good cause not to make the minor child appear in court personally to allow the judge an opportunity to observe the nature of the injury, for the following reasons:

1. The injuries consist primarily of emotional and psychological distress, and are not physically visible nor easily assessed through conversation or questioning, as the minor child has developed coping mechanisms which include masking and minimizing;

2. Asking the minor child to appear in court personally to be questioned by the judge will likely cause her additional emotional and psychological harm; and

3. The injuries to the minor child are detailed at length in the Complaint (ECF No. 1) and it is unlikely that the minor child will be able to provide any additional information to the Court beyond what is included in the Complaint.

**IT IS SO STIPULATED** on May 2, 2024.

        */s/ Elizabeth K. Abdnour*
        By: Elizabeth K. Abdnour (P78203)
        Megan N. Mitchell (P87312)
        Abdnour Weiker, LLP
        Attorneys for Plaintiffs

500 East Michigan Ave, Ste 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com
megan@education-rights.com


*/s/ Mark T. Ostrowski with permission*
Mark T. Ostrowski (P49761)
Jessica M. Stark (P80647)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendants Marcellus Community Schools,
Marcellus Community Schools Board of Education,
Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy
Curtis, and Henry Essex
3033 Orchard Vista Dr SE, Ste 308
Grand Rapids, MI 49546
(616) 559-8649
marko@kgvlaw.com


**IT IS SO ORDERED.**


_____
**HON. PAUL L. MALONEY**
**U.S. District Court Judge**

Dated: _____

3