## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is effective as of this 30 day of November 2023, and entered into by and between (among):

"PLAINTIFFS": ▇▇▇▇▇, for herself and for her minor daughter, ▇▇▇▇

"DEFENDANTS": Marcellus Community Schools, Marcellus Community Schools Board of Education, Superintendent, Nanette Pauley, Elementary School Principal, Sarah Bischoff, Social Worker, Tammy Curtis, Teacher, Henry Essex and Director of Curriculum, Melinda Bohan.

### RECITALS

1. Plaintiffs allege that their ten-year-old daughter was sexually assaulted by two other students of about the same age while attending the elementary school. They allege that the individual defendants were provided with notice of the alleged assaults and failed to appropriately investigate and respond. Plaintiff ▇▇▇▇ filed a Complaint for herself and on behalf of her daughter, ▇▇▇▇ in the United States District Court, Western District of Michigan, Southern Division, assigned case number 1:23-cv-255 currently pending before Judge Paul L. Maloney ("the Lawsuit"). Plaintiffs alleged claims against defendants pursuant to Title IX, 20 U.S.C. § 1681(a), 42 U.S.C. § 1983 and the First and Fourteenth Amendments, Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2101, et seq., MCL 691.1407(2), Gross Negligence, and seeking injunctive relief.

2. Defendants deny any wrongdoing and contend Plaintiffs' claims are not supported by applicable law or the facts of this case and that Plaintiffs cannot show a sexual assault occurred or that defendants had either actual or constructive prior notice of wrongdoing or were deliberately indifferent as required for Plaintiffs to prove their claims.

3. The parties desire to enter into this Agreement in order to provide for a certain payment to Plaintiffs in **FULL SETTLEMENT AND DISCHARGE OF ANY AND ALL CLAIMS MADE OR WHICH COULD HAVE BEEN MADE AGAINST THESE DEFENDANTS AND/OR ANY OF MARCELLUS COMMUNITY SCHOOLS, CURRENT OR FORMER BOARD MEMBERS, ADMINISTRATORS, TEACHERS, EMPLOYEES, AGENTS AND INSURER,** arising out of, or related to, the events described in Recital 1 above, and more fully described in the Lawsuit. The Complaint filed in the Lawsuit is incorporated herein by reference. This Agreement is upon the terms and conditions set forth below.

### AGREEMENT

4.     Defendants agree to provide a total payment of One Hundred Twenty-Five Thousand Dollars ($125,000.00) to Plaintiffs and their attorneys. This is the only amount to be paid pursuant to this Agreement and includes any and all liability, costs, expenses and/or attorney fees. This payment shall be made by check within twenty (20) days after court approval of the settlement. The check shall be made out to "Abdnour Weiker LLP" and delivered to Abdnour Weiker LLP, 262 S. 3rd Street, Columbus, OH 43215. If Defendants choose to mail the payment, it shall be sent by certified mail with tracking, and tracking information shall be provided to Elizabeth Abdnour via email at liz@education-rights.com.

5.     In exchange for the payment described above, Plaintiffs agree to completely release and forever discharge Defendants, and any person or entity associated with them, from all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, loss of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or any other theory of recovery, which the Plaintiffs now have, may have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of, or related to the incidents described in Recital 1 above and Plaintiff's Complaint in the Lawsuit, including, without limitation, any and all known or unknown claims for bodily, emotional, psychological, educational, and personal injuries to Plaintiffs, or any future claim brought by representatives or heirs of Plaintiffs.

6.     The parties hereby agree that Plaintiffs, release Defendants and Marcellus Community Schools' past or current employees, Board Members, Administrators, Agents and/or Insurance Pool from any and all claims existing or potential, any liability or other legal or equitable relief, arising out of, or related to, any event, occurrence, facts and/or circumstances taking place prior to November 30, 2023.

7.     It is expressly understood and agreed that this Agreement applies to all claims made in the Lawsuit along with any other claim which Plaintiffs may have, or had, based on any occurrence, event or fact which precedes the date of this Agreement. Plaintiffs hereby agree and acknowledge the claims released herein are not limited to matters which are known as of the date hereof.

8.     Plaintiffs agree to dismiss with prejudice and without costs or attorney fees to any party the claims made in the Lawsuit against these Defendants, as identified above. Plaintiffs agree that this settlement extinguishes and forever prevents resurrection of the claims set forth in that action, or any other claim arising out of, or related to, the facts alleged in the Lawsuit, against Defendants, and Marcellus Community Schools' current or former board members, employees, agents and /or their insurer. Plaintiffs agree that Defendants or their insurer shall be entitled to immediate dismissal and payment of their legal expenses including actual attorney fees in the event any attempt is made to re-file those or related claims.

9.     Plaintiffs acknowledge and agree that this Agreement is a general release. Plaintiffs expressly waive and assume the risk of any and all claims for damages which exist as of this date, but for which they do not know or expect to exist, whether through ignorance, oversight, error, negligence or otherwise. The parties acknowledge they have

accepted the terms specified herein as a complete compromise of matters involving disputed issues of law and fact. It is understood and agreed by the parties that this settlement is a compromise of disputed claims and that the terms and conditions hereof are not to be construed as an admission of any liability on the part of Defendants or any of Marcellus Community Schools' board members, administrators, employees and/or agents.

10. Plaintiffs have indicated that ▬▬▬ intends to return to school at Marcellus Community Schools. Defendants agree to separate ▬▬▬ from their daughter ▬▬▬ during class time to the extent possible. However, the parties acknowledge and agree that separation of the two students may not be possible in all situations such as where only one section of an academic class is offered, or a class can only be attended by the students at the same time due to other scheduling conflicts, at passing time, at recess, and where both students wish to participate in the same extracurricular activities.

   a. Marcellus Middle School has implemented a policy assigning one bathroom for the students to use based on the alphabetical order of their first name. Students with the first letter A-G of their first name are only allowed to use one specific bathroom. The remaining students whose names begin with H-Z are assigned to use a different bathroom. This in addition to coordinating their classroom schedules will keep the girls apart to the extent possible.

   b. Regarding sports participation, Marcellus Community Schools will instruct the coaches to keep the girls separated to the extent possible.

   c. Marcellus Middle School social worker ▬▬▬ will be ▬▬▬ point of contact to report any concerns she may have. Should ▬▬▬ no longer be available, a different school social worker or counselor will be assigned as ▬▬▬ point of contact.

   d. The Parties agree to convene a meeting at the end of the school year to determine if there have been specific concerns and if so, will evaluate continuing measures to separate the students. The measures agreed upon within this Agreement will remain in place for the remainder of ▬▬▬ educational time at Marcellus Community Schools or unless the Parties agree to remove them.

11. By entering into this Agreement, Plaintiffs acknowledge and represent that they have relied upon the advice of their attorney, Elizabeth Abdnour, who is the attorney of their own choice, concerning the legal consequences of this Agreement, that the terms of this Agreement have been completely read and explained to them by their attorneys, and that the terms and conditions of this Agreement are fully understood and voluntarily accepted by them.

12. The parties acknowledge that Court approval of the settlement on behalf of a minor will be required and agree to cooperate in obtaining such authorization. Plaintiffs shall retain counsel to file the appropriate pleadings seeking Court approval.

13. Plaintiffs represent and warrant that they have the sole right and exclusive authority to execute this Agreement.

14. This Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan.

15. This Agreement contains the entire agreement between Plaintiffs and Defendants with regard to the matters set forth in it, and it shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. The parties acknowledge that there are no other understandings or agreements, verbal or otherwise, in relation to this Agreement between the parties except as herein expressly stated.

16. This Agreement cannot be changed or terminated orally and except as otherwise specifically provided herein, no change, modification, addition, or amendment shall be valid unless in writing signed by or on behalf of all parties hereto.

17. This Agreement may be executed non-simultaneously and in counterparts and shall be effective as of November 30, 2023.

18. If any provision of this Agreement or its application to a given set of circumstances is deemed, in whole or in part, to be invalid or unenforceable, then to the extent possible, consistent with the intent of this Agreement, such provisions shall be interpreted to avoid their prohibitive effect and to apply to those circumstances where its application is permissible. In all respects, this Agreement shall be construed as if such provision had not been made a part hereof and the remainder of this Agreement shall remain in full force and effect.

19. Plaintiffs acknowledge that they have been provided a period of twenty-one (21) days during which to consider the terms of this Agreement between accepting and signing it. If Plaintiffs sign this Agreement before expiration of twenty-one (21) days, they represent that they have done so after consultation with legal counsel of their own choosing and not at the demand, advice or suggestion of Defendants. Plaintiffs also acknowledge that they have been provided a period of seven (7) days following the execution of this Agreement within which to revoke the Agreement.

20. Plaintiffs warrant and represent that they have not received Medicare or Medicaid benefits, are not a Medicare or Medicaid beneficiary and have no reasonable expectation of becoming a Medicare or Medicaid beneficiary within 30 months of this settlement.

21. Plaintiffs agree to provide any information necessary to comply with the Medicare/Medicaid reporting requirements. Plaintiffs agree that it is their responsibility

and not that of Defendants or the Self Insured Insurance Pool to pay for any and all, past, present, and/or future medical expenses arising out of or related to the incident described in Recital 1.  Plaintiffs agree that it is their responsibility to protect Medicare and/or Medicaid's interest regarding any payments previously made, or which might be made in the future, by those entities on their behalf arising out of or related to any injury or illness arguably connected with the claims made in the Lawsuit.

22. Plaintiffs agree that if there are any outstanding debts, obligations, liens, or claims upon them for reimbursement for benefits, services, accommodations, medical treatment, and the like, arising out of or related to the claims made against Defendants, including, but not limited to, Medicare/Medicaid liens, they will be responsible to satisfy them.  Plaintiffs affirm there are no Medicare/Medicaid claims or liens outstanding for any medical services or treatment provided to them for any conditions, physical or emotional.  Plaintiffs agree to indemnify and hold Defendants and the Self Insured Insurance Pool harmless from any claims, liens, or lawsuits brought on their behalf or through them, by their creditors or heirs at law, Medicare, Medicaid, insurer, or other health care providers regarding any services or products provided which are related to any harm or injury arising out of, or related to, the claims made against Defendants.  This indemnification and hold harmless agreement shall include costs, expenses, reasonable and actual attorney's fees, and expert witness fees.

23. The parties acknowledge this Agreement is supported by good and valuable consideration and the terms contained in this Agreement are meaningful.

24. Plaintiffs represent that they had a complete opportunity to consult with members of their family, legal counsel of their selection, tax advisors, as well as health care providers and/or other medical personnel from whom they may receive services relative to the advisability of entering into this Agreement.  After undertaking such consultations, or having had adequate opportunity to do so, Plaintiffs knowingly, voluntarily, and independently concluded that it is in their best interest to accept the terms and benefits set forth in this Agreement.

25. The parties agree the terms of settlement, and the allegations made in the lawsuit, and the contents of this Agreement are and shall remain confidential with the exception that the parties may notify accountants, financial advisors, or tax preparers; attorneys; staff members with a need to know in order to carry out school business; Plaintiff's immediate family members; and persons with need to know for any supplemental proceeding to finalize the terms of this Agreement.  It is further acknowledged that the terms of the settlement may be subject to disclosure via court order or pursuant to a Freedom of Information Act request.  However, the parties agree that they will not solicit, recommend or request that a third party submit a Freedom of Information Act request regarding the settlement. The parties also agree to refrain from disparaging one another or anyone associated with them, including without limitation, Plaintiffs or any of Marcellus Community School's teachers, administrators, board members and/or staff. Disparaging conduct prohibited includes, without limitation, insulting, demeaning, profane language or gestures and defamatory statements.

26. Plaintiffs understand and agree that they are solely responsible for payment of any taxes which might be owed as a result of receipt of the settlement proceeds.

27. All parties agree to cooperate fully to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

28. All parties to this Agreement have participated in the drafting and preparation of this Agreement and acknowledge that it shall not be construed more strongly against nor more favorably for the benefit of any party over another.

[Signatures Begin on Next Page]

Dated: 11-29-23

STATE OF MICHIGAN        )
                         ) ss.
COUNTY OF ~~CASS~~ Van Buren )

On the 29th day of November, 2023, the above person, [REDACTED] personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

Notary Public Anita Zaragoza
Van Buren ~~Cass County~~, Michigan
My Commission Expires: 12/20/2027

ANITA ZARAGOZA
Notary Public, State of Michigan
County of Van Buren
Commission Expires 12/20/2027
Acting in the County of Van Buren

Page 6 of 9

Dated: 11/29/2023

STATE OF MICHIGAN      )
                       ) ss.
COUNTY OF ~~CASS~~ Van Buren )

On the 29th day of November, 2023, the above person, [redacted] personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

ANITA ZARAGOZA
Notary Public, State of Michigan
County of Van Buren
My Commission Expires 12/20/2027
Acting in the County of Van Buren

Notary Public Anita Zaragoza
~~Cass County,~~ Van Buren, Michigan
My Commission Expires: 12/20/2027

Marcellus Community Schools

Dated: 12/4/23

Superintendent, Nanette Pauley

STATE OF MICHIGAN      )
                       ) ss.
COUNTY OF CASS         )

On the 4th day of December, 2023, the above person, Nanette Pauley, personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

Dana Marie Mikil
Notary Public
Cass County, Michigan
My Commission Expires: 9/25/2029

Page 7 of 9

Dated: 1/9/2024

_____
Henry Essex

STATE OF MICHIGAN  )
                   ) ss.
COUNTY OF CASS     )

On the 9th day of January, 2024 the above person, Henry Essex, personally appeared before me and made oath that he has read and signed the foregoing Settlement Agreement and General Release as his own free act and deed.

_____
Dana Marie Mikel
Notary Public
Cass County, Michigan
My Commission Expires: 9/25/2029

Dated: 12/18/2023

_____
Sarah Bischoff

STATE OF MICHIGAN  )
                   ) ss.
COUNTY OF CASS     )

On the 18th day of December, 2023, the above person, Sarah Bischoff, personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

_____
Dana Marie Mikel
Notary Public
Cass County, Michigan
My Commission Expires: 9/25/2029

Dated: 12/15/23          _____
                         Tammy Curtis

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF CASS       )

On the 15th day of December, 2023, the above person, Tammy Curtis, personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

_____
Dana Marie Mikel
Notary Public
Cass County, Michigan
My Commission Expires: 9/25/2029

Dated: 12/15/23          _____
                         Melinda Bohan

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF CASS       )

On the 15th day of December, 2023, the above person, Melinda Bohan, personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

_____
Dana Marie Mikel
Notary Public
Cass County, Michigan
My Commission Expires: 9/25/2029