UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

C.C., as Parent and Legal Guardian of JANE DOE, a Minor,

    Plaintiff,

v

MARCELLUS COMMUNITY SCHOOLS, MARCELLUS COMMUNITY SCHOOLS BOARD OF EDUCATION, and individuals NANETTE PAULEY, MELINDA BOHAN, SARAH BISCHOFF, TAMMY CURTIS, HENRY ESSEX and ROBERT DIETZEL, In their individual capacities,

    Defendants.

CASE NO. 1:23-cv-00255

HON. PAUL L. MALONEY

## Robert Dietzel's Brief in Support of Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings

**\*\*\* ORAL ARGUMENT REQUESTED \*\*\***

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel

Date:  May 8, 2024

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **Table of Contents**

**Index of Authorities** ................................................................................................................... ii

**Introduction** ..................................................................................................................................1

**Relevant Factual Background** ....................................................................................................1

**Controlling Legal Principles and Analysis** ................................................................................5

    I.     Standard of Review ..................................................................................................5

    II.    Plaintiff's Negligence Claim Against Mr. Dietzel Fails Because He Did Now Owe a Legal Duty to Plaintiff Sufficient to Give Rise to a Negligence Claim ................................5

        A.     Applicable Negligence Principles ................................................................5

        B.     The Case Law is Clear: Title IX Investigators Cannot be Sued for Negligence Arising out of their Investigations ................................................................6

        C.     The Regulations Applicable to Title IX Investigations Do Not Support the Notion that the Investigator Owes a Duty in Tort to the Subjects of the Investigation Either ................................................................10

        D.     Application and Analysis: Plaintiff Has Failed to State a Claim of Negligence Against Mr. Dietzel, Entitling Him to Dismissal of Her Negligence Claim ............10

**Requested Relief** .......................................................................................................................12

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

# Index of Authorities

**CASES**

*Case v. Consumers Power Co*, 463 Mich. 1; 615 N.W.2d 17 (2000) ............................................................ 6

*County of Oakland by Kuhn v. Detroit*, 784 F. Supp. 1275 (E.D. Mich. 1992) ........................................... 5

*Doe v. American University*, 2020 WL 5593909 (D.D.C. Sept. 18, 2020) ............................................... 7-9

*Doe v. University of Dayton*, 766 Fed. Appx. 275 (6th Cir. 2019) ..................................................... 8, 10-11

*Doe v. Dordt University*, 616 F. Supp. 3d 872 (N.D. Iowa 2022) .............................................................. 8, 10

*Doe v. Emerson College*, 153 F. Supp. 3d 506 (2015) ........................................................................... 6-7, 10

*Doe v. Hobart and William Smith Colleges*, 546 F. Supp. 3d 250 (W.D.N.Y. 2021) ............................. 8, 10

*Doherty v. Emerson College*, 2017 WL 4364406 (D. Mass. Sept. 29, 2017) ........................................... 7, 10

*Engler v. Arnold*, 862 F.3d 571 (6th Cir. 2017) ............................................................................................ 1

*Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165 (1st Cir. 2007), rev'd on other grounds,
    555 U.S. 246 (2009) ............................................................................................................................. 6

*Flones v. Dalman*, 199 Mich. App. 396; 502 N.W.2d 725 (1993) ............................................................... 8

*Groncki v. Detroit Edison Co*, 453 Mich. 664; 557 N.W.2d 289 (1996) ..................................................... 6

*Jackson v. Liberty University*, 2017 WL 3326972 (W.D. Va. Aug. 3, 2017) .............................................. 8

*Leitner v. Liberty University, Inc.*, 2020 WL 7128972 (W.D. Va. Dec. 4, 2020) .................................. 8, 10

*Maiden v. Rozwood*, 461 Mich. 109; 597 N.W.2d 817 (1999) ..................................................................... 6

*Sensations Inc v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008) ....................................................... 5

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................................. 5

Fed. R. Civ. P. 12(c) ........................................................................................................................... 1, 5, 11

**CODE OF FEDERAL REGULATIONS**

34 C.F.R. §106.45(b)(1)(iii) ........................................................................................................................... 9

34 C.F.R. §106.45(b)(7)(i) ............................................................................................................................. 9

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\6136681.v1

## Introduction

The remaining claim at issue in this case against Defendant Robert Dietzel ("Mr. Dietzel") sounds in negligence. But the law does not recognize a claim for negligence against a Title IX investigator, period.

Plaintiff claims that Mr. Dietzel – following his appointment as a Title IX investigator in connection with the investigation she criticizes in this suit – breached a duty to her in tort sufficient to give rise to a negligence claim. But the law is clear: the investigator appointed to conduct a Title IX investigation does not owe a common law duty to the subject of the investigation sufficient to give rise to a tort claim. Plaintiff cannot establish the existence of a legal duty, an elemental prerequisite to her remaining claim. Taking her pleadings as true for purposes of this Motion, her negligence claim against Mr. Dietzel fails as a matter of law. It should be dismissed pursuant to Fed. R. Civ. P. 12(c).

## Relevant Factual Background

This case arises out of an alleged pattern of bullying of plaintiff Jane Doe.[1] Plaintiff alleges that during the 2021-2022 school year, Jane was a fifth-grade student at Marcellus Elementary School.[2] Fellow students Mary Roe and Katie Poe, also fifth graders, had bullied Jane since approximately the first grade.[3] The bullying escalated until, on one occasion during the 2020-2021 school year, Jane Doe reported physical abuse by Mary and Katie to her teacher, who failed to take adequate steps to address the issue.[4] Additional instances of bullying, including physical abuse, were reported to Jane Doe's teacher without adequate response.[5] It is alleged that the teacher's failure to address the issue was the result of family connections

---

[1] Generally, when considering a Fed. R. Civ. P. 12(c) motion to dismiss, the Court must accept the plaintiff's factual allegations as true. See *Engler v. Arnold*, 862 F.3d 571 (6th Cir. 2017).
[2] ECF No. 1, PageID.8, ¶ 37.
[3] ECF No. 1, PageID.8, ¶¶ 39-40.
[4] ECF No. 1, PageID.8, ¶¶ 42-44.
[5] ECF No. 1, PageID.8-9, ¶¶ 45-52.

1

between the bullies and staff at the school.[6]

The physical abuse continued to escalate, and in the fall of 2021 Mary and Katie began to sexually assault Jane by playing what they referred to as the "tweedle dee game" or "tickle game," which included Mary and Katie touching Jane's genitals.[7] The abuse culminated in an October 6, 2021 incident in which Mary and Katie held Jane's hands behind her back in the bathroom and forced her to the ground.[8] Jane and her mother, C.C., met with the school's principal, defendant Sarah Bischoff, who allegedly failed to provide them with information about the school's Title IX Policy, among other things.[9] Instead, she disciplined Mary with a one day "lunch detention," without any further action.[10]

The Complaint then addresses an alleged series of incidents of abuse suffered at the hands of Mary and Katie by another student, Kasia Bochelen.[11] As it relates to Jane and C.C., those allegations state that school staff told Kasia's parents that Jane's parents were aware of the sexual assaults perpetrated against Jane (which was not true). Plaintiff alleges that it was not until Kasia's mother called C.C. and told her that Jane was a victim of Mary and Katie's abuse that C.C. confronted Jane who confirmed that to be the case.[12] That revelation prompted a meeting the following day – November 11, 2021, between C.C., principal Bischoff, and Melinda Bohan, the school's Title IX Coordinator, where both Bischoff and Bohan claimed to have no knowledge of Jane's abuse.[13] C.C. filed a Title IX report that day.[14] Plaintiff characterizes the school's response as a "policy of deliberate indifference" to reports of Mary and Katie's alleged sexual

---

[6] ECF No. 1, PageID.9, ¶ 55.
[7] ECF No. 1, PageID.10, ¶ 60.
[8] ECF No. 1, PageID.10-11, ¶¶ 71-80.
[9] ECF No. 1, PageID.11, ¶ 85.
[10] ECF No. 1, PageID.12, ¶ 86.
[11] ECF No. 1, PageID.12-16, ¶¶ 87-122.
[12] ECF No. 1, PageID.15, ¶¶112-113.
[13] ECF No. 1, PageID.15-16, ¶¶ 115-116.
[14] ECF No. 1, PageID.16, ¶ 119.

misconduct over a number of years.[15] Until this point, there are no allegations related to Mr. Dietzel, as he was not involved in any of the underlying responses to the alleged bullying, nor was he responsible for addressing it.

The formal Title IX report filed by C.C. prompted the engagement of Mr. Dietzel of Thrun Law Firm, P.C. as the Title IX investigator.[16] Plaintiff characterizes that investigation as having been "deficient and deliberately indifferent." Specifically, Plaintiff asserts that (i) Defendants failed to provide Jane Doe notice of her right to file a Title IX Complaint upon notice that she was a victim of sex discrimination (Plaintiff does not allege that Mr. Dietzel was responsible for providing the notice, nor was he responsible as a matter of law);[17] (ii) the investigation itself was untimely, as it involved a 155-day investigation period;[18] (iii) Defendants failed to investigate all allegations of sexual misconduct;[19] (iv) Defendants failed to appoint a decision maker who was not the same person as the Title IX Coordinator or Investigator (Plaintiff does not allege that Mr. Dietzel was responsible for making this decision, nor was he responsible as a matter of law);[20] (v) Defendants failed to properly apply the school's Title IX policy definitions of sexual misconduct in connection with the investigation;[21] (vi) Defendants failed to provide Jane with appropriate supportive measures (Plaintiff does not allege that Mr. Dietzel was responsible for this failure, nor was he responsible as a matter of law);[22] and (vii) the school failed to maintain Title IX training materials on its website (again, this allegation does not relate to Mr. Dietzel).[23]

---

[15] ECF No. 1, PageID.16, ¶¶ 123-134.
[16] ECF No. 1, PageID.17, ¶ 135.
[17] ECF No. 1, PageID.18, ¶¶ 138-143.
[18] ECF No. 1, PageID.18-19, ¶¶ 144-150.
[19] ECF No. 1, PageID.19-20, ¶¶ 151-155.
[20] ECF No. 1, PageID.20-21, ¶¶156-164.
[21] ECF No. 1, PageID.21-25, ¶¶ 165-178.
[22] ECF No. 1, PageID.25-26, ¶¶ 179-188.
[23] ECF No. 1, PageID.26-27, ¶¶ 189-191.

With specific respect to Mr. Dietzel, Plaintiff alleges that Mr. Dietzel failed to investigate all allegations of sexual misconduct by failing to address certain allegations or interview certain witnesses who had relevant information, which was "clearly unreasonable in light of the known circumstances."[24] Plaintiff also takes issue with the fact that the Title IX decisionmaker adopted Mr. Dietzel's recommendations whole cloth, despite the fact that Mr. Dietzel's report clearly stated that the decisionmaker was under an "independent obligation to objectively evaluate relevant evidence, and thus cannot simply defer to recommendations made by the investigator in the investigative report."[25] She also takes specific issue with the fact that Mr. Dietzel's investigative report omitted certain definitions from the Violence Against Women Act and the school's own Title IX policy.[26] Plaintiff alleges that the defendants' various acts and omissions in connection with the harassment and subsequent investigation had a drastic impact on Jane's life.[27]

Importantly, a redacted version of Mr. Dietzel's Title IX Report is attached to Plaintiff's Complaint.[28] It shows that the matter was assigned to Mr. Dietzel on November 17, 2021, and he submitted his report on March 14, 2022.[29] During that time, he (i) undertook 19 witness interviews,[30] (ii) reviewed several witness statements,[31] and (iii) reviewed video footage.[32] The chronology of his work details twenty-seven separate activities, including emails, phone calls, interviews of several student witnesses and their parents, contact with law enforcement, communications with the complainant (instant Plaintiff) and respondents advising them of their right to inspect and review all evidence collected and to submit a

---

[24] ECF No. 1, PageID.19-20, ¶¶ 151-153.
[25] ECF No. 1, PageID.20, ¶ 158.
[26] ECF No. 1, PageID.23-24, ¶¶ 171-175.
[27] ECF No. 1, PageID.29-30, ¶¶ 203-208.
[28] ECF No. 1-2, PageID.57-66.
[29] ECF No. 1-2, PageID.57-59.
[30] ECF No. 1-2, PageID.59-60.
[31] ECF No. 1-2, PageID.60.
[32] ECF No. 1-2, PageID.60.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\6136681.v1

response to said evidence, and ultimately the production of a report.[33]

With respect to Mr. Dietzel, the only claim that survived Mr. Dietzel's pre-answer Fed. R. Civ. P. 12(b)(6) Motion is one for negligence.[34] For the reasons set forth below, Plaintiff's negligence claim against Mr. Dietzel should be dismissed.

## Controlling Legal Principles and Analysis

### I. Standard of Review.

A motion for judgment on the pleadings tests whether the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(c).  Motions brought under Fed. R. Civ. P. 12(c) are analyzed using the same review standard as those brought under Fed. R. Civ. P. 12(b)(6).[35] Relief under Fed. R. Civ. P. 12(c) should be granted whenever, accepting all of the allegations as true, the plaintiff has failed to make out the elements of a right to relief.[36] Measured against that standard, Plaintiff's negligence claim fails as a matter of law and must be dismissed.

### II. Plaintiff's Negligence Claim Against Mr. Dietzel Fails Because He Did Now Owe a Legal Duty to Plaintiff Sufficient to Give Rise to a Negligence Claim.

#### A. Applicable Negligence Principles.

This case is, at its core, a Title IX case.  Plaintiff, using a shotgun pleading approach, sued Mr. Dietzel for negligence (among many other claims she has since abandoned) arising out of his conduct as a Title IX investigator.  Of course, "Title IX does not require educational institutions to take heroic measures, to perform flawless investigations, [or] to craft perfect solutions."[37]  But in any event, the case law is clear

---

[33] ECF No. 1-2, PageID.57-59.
[34] ECF No. 1, PageID.43, ¶¶ 283-288.
[35] *Sensations Inc v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).
[36] *County of Oakland by Kuhn v. Detroit*, 784 F. Supp. 1275, 1279 (E.D. Mich. 1992).
[37] *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 174 (1st Cir. 2007), rev'd on other grounds, 555 U.S. 246 (2009).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

– the person undertaking to investigate a Title IX claim does not owe a duty to the subject(s) of the investigation sufficient to give rise to a negligence claim, period.

To establish a negligence claim, a plaintiff must prove: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages."[38] A negligence claim may only be maintained if a legal duty exists. Without it, such claims fail as a matter of law.[39] Whether a duty exists is a legal question that must be decided by the trial court (and not by the fact finder).[40]

### B. The Case Law is Clear: Title IX Investigators Cannot be Sued for Negligence Arising out of their Investigations.

A survey of case law from courts across the country leads inescapably to the conclusion that no cause of action for negligence against a Title IX investigator exists. This case is no different.

In *Doe v. Emerson College*,[41] following an alleged assault and resulting investigation in which the school concluded that there was insufficient evidence to justify further action, a female student sued a university and several administrators (including two Title IX investigators). In addition to Title IX claims, plaintiff also alleged several other torts against the individual defendants, including negligence against Title IX investigators Arno and Marcella, taking issue with the quality of the investigation and conduct of the investigators. The Court characterized her negligence claim as being "based on Doe's dissatisfaction with the investigation process, rather than any specific negligent conduct."[42] Specifically, the Complaint alleged that the investigators were insensitive to Doe, seemed judgmental, and failed to trace the origin of certain threatening messages received by Doe. The Court said "[i]n sum, it appears that the complaint's allegations against Arno and Marcella amount to mere dissatisfaction with the investigation's conclusion; they fail to

---

[38] *Case v. Consumers Power Co*, 463 Mich. 1, 6; 615 N.W.2d 17 (2000).
[39] *Maiden v. Rozwood*, 461 Mich. 109, 131-132; 597 N.W.2d 817 (1999).
[40] *Groncki v. Detroit Edison Co*, 453 Mich. 664, 659; 557 N.W.2d 289 (1996).
[41] *Doe v. Emerson College*, 153 F. Supp. 3d 506 (2015).
[42] *Doe v. Emerson College*, 153 F. Supp. 3d at 516.

6

identify what specific actions by the defendants were negligent and how they breached a legal duty."[43]

In *Doherty v. Emerson College*,[44] the plaintiff sued Emerson College and its Title IX investigator for claims including Title IX violations and negligence. The basis of her negligence claim was that defendants violated their duty to her to comply with Title IX.[45] The Court said this:

> Insofar as Doherty's negligence claims relate to Title IX, they fail for a further reason. Doherty claims Emerson negligently implemented Title IX, in informing its students about the law and through its investigation and adjudication of her complaint. However, neither Title IX specifically, nor federal law generally, give rise to a cause of action for negligent implementation of Title IX. Federal law limits damage liability claims to deliberate indifference. Doherty has cited no Massachusetts law establishing a state common-law duty to implement Title IX in a non-negligent manner. Indeed, a negligence claim framed in this manner, with the duty itself arising from a federal law, likely would raise federal preemption concerns. Accordingly, the Motion for Summary Judgment is ALLOWED as to Count II.[46]

The same conclusion was reached in *Doe v. American University*,[47] where the Court held that plaintiff's claims "stem from the University's duties that arise out of its contractual relationship with Plaintiff. In other words, Doe has not identified any duty owed to him by the University independent of the University's Code or Policy…"[48] Thus, his negligence claim – premised on the notion that (i) the university negligently facilitated a Title IX process that was careless and violated his rights, (ii) negligently trained those involved in the Title IX investigation and sanctioning process, and (iii) hired a biased Title IX investigator[49] - was dismissed.

In *Leitner v. Liberty University, Inc.*,[50] a doctoral student sued her university for Title IX violations

---

[43] *Id*. at pp. 516-517.
[44] *Doherty v. Emerson College*, 2017 WL 4364406 (D. Mass. Sept. 29, 2017).
[45] *Doherty v. Emerson College*, 2017 WL 4364406, *10.
[46] *Id*. (citations omitted).
[47] *Doe v. American University*, 2020 WL 5593909 (D.D.C. Sept. 18, 2020).
[48] *Id*.
[49] *Doe v. American University*, 2020 WL 5593909, *19.
[50] *Leitner v. Liberty University, Inc.*, 2020 WL 7128972 (W.D. Va. Dec. 4, 2020).

7

and negligence, among other claims. The Court held that the claim failed because the law did "not support a duty of care between a college or its administration and its students, such as Plaintiff has alleged."[51] Citing *Jackson v. Liberty University*,[52] which rejected a student's negligence claim based on purported duties of care to, for example, develop and implement fair and equitable policies in accordance with the requirements of Title IX and to "fully and properly investigat[e] claims of retaliation," the Court ruled that such a negligence claim was not recognized, which warranted dismissal. No such claim is recognized in Michigan,[53] requiring the same result.

Courts considering negligence claims against Title IX investigators where the claim is based on the investigator having "created an unreasonable risk of a wrongful finding" as a result of their investigatory conduct have also concluded that no cause of action was properly stated against the investigator. See, e.g., *Doe v. Hobart and William Smith Colleges*.[54] The reason is that claims against Title IX investigators must be "analyzed in their proper place, under recognized Title IX rubrics – not as freestanding tort claims." See *Doe v. University of Dayton*.[55] And this makes sense – a Title IX investigator does not have an independent duty to a plaintiff to "conduct their investigation and adjudication in any particular manner."[56] Not only does the case law provide no support for the proposition that an independent Title IX investigator owes a duty in tort to the subjects of the investigation that can give rise to a tort claim; neither does common sense. The subjects of an investigation necessarily have competing interests. If a Title IX investigator owed a duty in tort to both, Investigators would routinely be sued by whomever received an adverse outcome as a result of the investigation.

---

[51] *Leitner v. Liberty University, Inc.*, 2020 WL 7128972, *10.
[52] *Jackson v. Liberty University*, 2017 WL 3326972 (W.D. Va. Aug. 3, 2017).
[53] *Flones v. Dalman*, 199 Mich. App. 396, 402; 502 N.W.2d 725 (1993).
[54] *Doe v. Hobart and William Smith Colleges*, 546 F. Supp. 3d 250 (W.D.N.Y. 2021).
[55] *Doe v. University of Dayton*, 766 Fed. Appx. 275, 289 (6th Cir. 2019).
[56] *Doe v. Dordt University*, 616 F. Supp. 3d 872, 915 (N.D. Iowa 2022).

8

      **C.**    <u>**The Regulations Applicable to Title IX Investigations Do Not Support the Notion that the Investigator Owes a Duty in Tort to the Subjects of the Investigation.**</u>

The regulations that apply to Title IX investigations – like the case law – do not support the notion that an investigator owes a duty to the subject of the investigation. Rather, applicable regulations simply provide that the grievance process for a Title IX violation requires any appointed Title IX investigator to be free of "a conflict of interest or bias for or against complainants or respondents generally or an individual complainant or respondent."[57] They must "serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias."[58] To promote the requisite fairness during the investigation stage, the regulations require that the ultimate decision-makers cannot be the same person as the investigator.[59] None of that supports the notion that a Title IX investigator may ever be subject to a negligent claim challenging the quality of their investigation.

      **D.**    <u>**Application and Analysis: Plaintiff Has Failed to State a Claim of Negligence Against Mr. Dietzel, Entitling Him to Dismissal of Her Negligence Claim.**</u>

The law is clear: the actions of a Title IX investigator do not give rise to a duty in tort sufficient to sustain a negligence claim like that asserted against Mr. Dietzel. See, e.g., *Doe v. American University*,[60] *Leitner v. Liberty University, Inc.*,[61] *Doe v. Hobart and Williams Smith Colleges*,[62] and *Doe v. Dordt*.[63] Accordingly, as there is no legal duty, there can be no recovery in negligence. Since no such claim can exist against a Title IX investigator, Plaintiff's negligence claim must be dismissed.

An analysis of Plaintiff's pleading supports this conclusion. Reduced to its essentials, Plaintiff's negligence claim against Mr. Dietzel relates exclusively to his decisions about (i) what interviews to

---

[57] 34 C.F.R. §106.45(b)(1)(iii).
[58] *Id*.
[59] 34 C.F.R. §106.45(b)(7)(i).
[60] *Doe v. American University*, 2020 WL 5593909 (D.D.C. Sept. 18, 2020).
[61] *Leitner v. Liberty University, Inc.*, 2020 WL 7128972 (W.D. Va. Dec. 4, 2020).
[62] *Doe v. Hobart and William Smith Colleges*, 546 F. Supp. 3d 250 (W.D.N.Y. 2021).
[63] *Doe v. Dordt University*, 616 F. Supp. 3d 872 (N.D. Iowa 2022).

9

conduct,[64] (ii) what allegations to include in his investigative report,[65] (iii) his factual findings and recommendations as to responsibility,[66] (iv) which definitions he used,[67] and (v) other individuals' reactions to the report (i.e., the ultimate decision to adopt the report's recommendations).[68] In other words, just like in *Doe v. Emerson College*,[69] the Plaintiff's negligence claim against Mr. Diezel relates to her "dissatisfaction with the investigation process" and "dissatisfaction with the investigation's conclusion."[70] Like in *Doe*, Plaintiff is dissatisfied with decisions made by Mr. Dietzel in his capacity as investigator about what interviews to conduct, what definitions to utilize, and what facts to include in his report. Plaintiff's claim is really one for negligent *implementation* of Title IX, a claim expressly disallowed in *Doherty v. Emerson College*.[71]

Just as the court noted in *Doe v. University of Dayton*,[72] claimed violations of Title IX, like those levied against Mr. Dietzel (see, e.g., ECF No. 1, PageID.17, ¶136 of the complaint: "From start to finish, the investigation violated state and federal laws, as well as MSC's own Title IX policy, in myriad ways."), should be "analyzed in their proper place, under recognized Title IX rubrics – not as freestanding tort claims."[73] As there is no legal basis to support a negligence claim against Mr. Dietzel arising out of his alleged acts or omissions as a Title IX investigator, Plaintiff's negligence claim must be dismissed as a matter of law.

## Requested Relief

---

[64] ECF No. 1, PageID.19, ¶ 152.
[65] ECF No. 1, PageID.19, ¶ 151.
[66] ECF No. 1, PageID.20, ¶¶ 157-158.
[67] ECF No. 1, PageID.22, 24, ¶¶ 170, 175.
[68] ECF No. 1, PageID.20-21, ¶¶ 159-161.
[69] *Doe v. Emerson College*, 153 F. Supp. 3d 506 (2015).
[70] *Doe v. Emerson College*, 153 F. Supp. 3d at 516-517.
[71] *Doherty v. Emerson College*, 2017 WL 4364406, *10.
[72] *Doe v. University of Dayton*, 766 Fed. Appx. 275 (6th Cir. 2019).
[73] *Doe v. University of Dayton*, 766 Fed. Appx. at 289.

Plaintiff's negligence claim against Mr. Dietzel is premised upon a legal duty that does not exist. Accordingly, Mr. Dietzel respectfully requests this Honorable Court grant this Motion, issue an Order dismissing Plaintiff's remaining claim against him pursuant to Fed. R. Civ. P. 12(c), and grant any other relief deemed appropriate under the circumstances.

Date: May 10, 2024      By: */s/ Mark A. Gilchrist*
Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
mgilchrist@shrr.com
mwiese@shrr.com