UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

C.C., as Parent and Legal Guardian of JANE
DOE, a Minor,

      Plaintiff,

v

MARCELLUS COMMUNITY SCHOOLS,
MARCELLUS COMMUNITY SCHOOLS
BOARD OF EDUCATION, and individuals
NANETTE PAULEY, MELINDA BOHAN,
SARAH BISCHOFF, TAMMY CURTIS,
HENRY ESSEX and ROBERT DIETZEL,
In their individual capacities,

      Defendants.

CASE NO. 1:23-cv-00255

HON. PAUL L. MALONEY

---

Elizabeth Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
Attorneys for Plaintiff
1100 W. Saginaw St. Ste. 4A-2
Lansing, MI 48915
(517) 292-0067
Email: elizabeth@abdnour.com

Mark T. Ostrowski (P49761)
Jessica M. Stark-Flechsig (P80647)
KLYCZYNSKI, GIRTZ & VOGELZANG
Attorneys for the MSC Defendants
3033 Orchard Vista Dr SE, Ste 308
Grand Rapids, MI 49546
(616) 559-8649
Email: marko@kgvlaw.com

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
Drew W. Broaddus (P64658)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel
100 Monroe Center, N.W.
Grand Rapids, MI 49503
616-774-8000
mgilchrist@shrr.com
mwiese@shrr.com
dbroaddus@shrr.com

---

## Robert Dietzel's Reply Brief in Support of Fed. R. Civ. P. 12(c) Motion to Dismiss

---

Mark A. Gilchrist (P61741)
Michael D. Wiese (P78353)
Drew W. Broaddus (P64658)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant Robert Dietzel

Date:  June 21, 2024

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **Introduction**

On March 12, 2023, Plaintiff filed a ten-count, 295-paragraph Complaint against eight Defendants,[1] based on Marcellus Community Schools' handling of "complaints about peer-to-peer bullying, harassment and sexual abuse of an elementary school student…."[2] Seven of those counts were directed towards Defendant Robert Dietzel ("Dietzel"), the independent Title IX investigator; in the face of Dietzel's Motion to Dismiss under Fed. R. Civ. P 12(b)(6), Plaintiff abandoned six of those claims.[3] The parties agree that the only remaining claim against Dietzel is for general negligence.[4] "It is axiomatic that there can be no" claim for negligence "unless a defendant owed a duty to a plaintiff."[5] Dietzel has maintained, from the outset, that he owed no duty to the Plaintiff. Dietzel raised this in his Motion to Dismiss[6] and in his Affirmative Defenses.[7] Yet, Plaintiff maintains that this argument has somehow been waived.[8] The record belies Plaintiff's waiver argument.[9] Moreover, the lack of a duty owed is not an affirmative defense.[10] So,

---

[1] ECF No. 1, PageID.1-44.

[2] ECF No. 20, Opinion and Order Regarding Motion to Dismiss, PageID.332.

[3] Id.

[4] ECF No. 49, Plaintiff's Response to Motion for Judgment on the Pleadings, PageID.550.

[5] *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 661; 822 N.W.2d 190 (2012) (cleaned up).

[6] ECF No. 11, PageID.188, ¶ 4; ECF No. 12, PageID.211. Although Dietzel framed the issue in terms of legal malpractice at that time, "legal malpractice is a species of negligence…." *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004). See also *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assur. Co.,* 96 F. Supp. 3d 182, 217 (S.D.N.Y. 2015) ("legal malpractice … is a species of negligence – i.e., a tort" and as such, "a threshold question … is whether the alleged tortfeasor owed a duty of care to the injured party").

[7] ECF No. 21, PageID.424, ¶ 2 ("Plaintiff's claims fail as a matter of law because Dietzel, as a Title IX investigator, did not owe a duty of care to Plaintiff such that Plaintiff may assert a negligence claim against him."). See also Id., ¶ 2 ("Plaintiff's claims, either in whole or in part, fail because it will not be able to establish … duty….").

[8] ECF No. 49, PageID.551.

[9] In its October 17, 2023 Opinion and Order, this Court did not find that Dietzel waived the "no duty" argument. Rather, the Court merely found that it not been adequately developed in the Motion to Dismiss. ECF No. 20, PageID.336. The argument was "forfeited" only in the context of that Motion, not for the case as a whole.  See Id.

[10] See *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia,* 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

the "no duty" argument that Dietzel now raises couldn't have been waived, *even if* he had failed to assert it in his first responsive pleading (which he did).[11] The argument is properly before this Court.[12]

And the argument is dispositive. "Factors relevant to the determination whether a legal duty exists include *the relationship of the parties,* the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented."[13] "The most important factor to be considered in this analysis is the relationship of the parties."[14] "[B]efore a duty can be imposed, there must be a relationship between the parties…."[15] If that factor is lacking, "then it is unnecessary to consider any of the remaining factors."[16] Dietzel initially framed duty in terms of legal malpractice because there was no other conceivably relevant relationship between the parties that was apparent from the face of the Complaint. In response to that argument, Plaintiff argued that Dietzel's status as an independent Title IX investigator gave rise to such a relationship.[17] But no case has recognized a tort duty in this context. In the absence of any "relationship between [Dietzel] and the plaintiff" that "gives rise to any legal obligation on [Dietzel's] part to act for the benefit of" the Plaintiff, the remaining claim fails.

---

[11] *Id.* ("Existence of a duty is part of Plaintiff's prima facie case … and a defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense") (cleaned up). See also *Ford Motor Co. v. Transp. Indem. Co.,* 795 F.2d 538, 546 (6th Cir. 1986) ("some defenses negate an element of the plaintiff's prima facie case; these defenses are excluded from the definition of affirmative defense"); *Authement v. Ingram Barge Co.,* 977 F. Supp. 2d 606, 619 (E.D. La. 2013); *Etienne v. Wal-Mart Stores, Inc.,* 197 F.R.D. 217, 221 (D. Conn. 2000) ("the plaintiff bears the burden to prove duty," and "[b]ecause the alleged lack of duty would merely negate an element of the plaintiff's claim, it is not appropriately considered an affirmative defense").

[12] Moreover, the argument that this Motion needed to be filed "before discovery began" (ECF No. 49, PageID.551) is belied by the plain language of Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). See also *Vail v. City of New York,* 68 F. Supp. 3d 412, 423 (S.D.N.Y. 2014).

[13] *Hill*, 492 Mich. at 661 (cleaned up, emphasis added).

[14] *Id.* (cleaned up).

[15] *Id.* (cleaned up, emphasis added).

[16] *Id.*

[17] ECF No. 49, PageID.559.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **Discussion**

Again, the parties agree that the only remaining claim against Dietzel is for general negligence.[18] And since "there is no federal common law tort for negligence,"[19] this claim can only exist under Michigan law. "To establish a prima facie case of negligence" in Michigan, "a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages."[20] "It is axiomatic that there can be no tort liability unless a defendant owed a duty to a plaintiff."[21] "Factors relevant to the determination whether a legal duty exists include *the relationship of the parties,* the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented."[22] "The most important factor to be considered in this analysis is the relationship of the parties."[23] "[B]efore a duty can be imposed, there must be a relationship between the parties…."[24] If that factor is lacking, "then it is unnecessary to consider any of the remaining factors."[25] "The ultimate inquiry in determining whether a legal duty should be imposed is whether the social benefits of imposing a duty outweigh the social costs of imposing a duty."[26]

So, what was the relation between the Plaintiff and Dietzel that justifies "the social costs of imposing a duty" on him?  Plaintiff says that Dietzel's status as an independent Title IX investigator gave rise to such a relationship.[27] But if that is true, he would owe a duty to both the Plaintiff, Marcellus Community Schools,

---

[18] ECF No. 49, Plaintiff's Response to Motion for Judgment on the Pleadings, PageID.550.
[19] *Bryan v. Norfolk & W. Ry. Co.,* 21 F. Supp. 2d 1030, 1038 (E.D. Mo. 1997), aff'd, 154 F.3d 899 (8th Cir. 1998).
[20] *Hill*, 492 Mich. at 660 (citation omitted).
[21] *Id*. (cleaned up).
[22] *Id.* at 661 (cleaned up, emphasis added).
[23] *Id.* (cleaned up).
[24] *Id.* (cleaned up, emphasis added).
[25] *Id.*
[26] *Hill*, 492 Mich. at 661 (cleaned up).
[27] ECF No. 49, PageID.559.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\6169792.v1

and the non-party students accused of bullying[28] - creating an unnavigable, tri-partite conflict of interest. If that were the law, no one would ever be a Title IX investigator because nearly every investigation would result in tort exposure to someone.  Paraphrasing Justice Cardozo, "tort law ought not expose a defendant guilty of mere negligence to a liability in an indeterminate amount for an indeterminate time to an indeterminate class."[29] "The hazards of a business conducted on these terms are so extreme as to enkindle doubt whether a flaw may not exist in the implication of a duty that exposes [professionals] to these consequences."[30]

Consistent with this, courts found that a Title IX investigator owed no tort duty in *Doe v. Dordt Univ.*[31] and *Doe v. Harvard Univ.*,[32] and other cases discussed in Dietzel's previous brief. Plaintiff attacks the cases cited by Dietzel, but falls short of identifying any decision finding that a Title IX investigator owes a complainant a tort duty. For example, Plaintiff claims that *Doe v. Emerson Coll.*[33] is distinguishable because in that case, the claim against the Title IX investigator was dismissed because the pleading was vague. But it does not follow that a duty could have been pled into existence.  Rather, the fact that the plaintiff and the District Court gave the duty question short shrift in *Doe v. Emerson Coll.* is more reflective of the fact that the cause of action simply doesn't exist.

Plaintiff claims that the most controlling decision is *Doe v. Univ. of St. Thomas.*[34] But that case dealt with the duties owed *by the educational institution* to a student who was accused of misconduct. The opinion says nothing about a Title IX investigator owing any duties in tort.  And, as the Eighth Circuit's subsequent

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

---

[28] See *Doe v. Univ. of St. Thomas,* 972 F.3d 1014, 1017 (8th Cir. 2020).
[29] *Indianapolis-Marion Cnty. Pub. Libr. v. Charlier Clark & Linard, P.C.,* 929 N.E.2d 722, 730 (Ind. 2010).
[30] *Id.* (citation omitted).
[31] 616 F. Supp. 3d 872, 916 (N.D. Iowa 2022).
[32] 462 F. Supp. 3d 51, 68 (D. Mass. 2020).
[33] 153 F. Supp. 3d 506, 516 (D. Mass. 2015).
[34] 368 F. Supp. 3d 1309 (D. Minn. 2019).

opinion in that case illustrates, the duty "private universities owe their students when investigating non-academic misconduct" was entirely a creature of Minnesota common law.[35] Indeed, it was distinguished on this basis in *Doe v. Trustees of Dartmouth College*.[36] Therefore, Plaintiff's citation to *Doe v. Univ. of St. Thomas*, as support for "a duty of care owed by private, nonstate actor investigators to parties in Title IX investigations,"[37] is misleading.  *Doe v. Univ. of St. Thomas* is not relevant factually or legally because the only tort duty found to exist was owed by the university.[38]  Indeed, there is no indication that the Title IX investigator was even sued in that case.

Plaintiff next tries to turn the *Doe v. Dordt Univ.* decision – which expressly rejected imposing a tort duty on the Title IX investigator[39] – on its head by pointing to cases distinguished in that opinion, which supposedly found a duty owed.[40]  Plaintiff suggests that, if the duty analysis boils down to a battle of non-binding authorities, those cases (which Plaintiff does not meaningfully analyze) are more persuasive.[41] **But not one of those cases addressed a claim against a Title IX investigator.** In three of those cases – *Doe v. Univ. of the South*,[42] *Atria v. Vanderbilt Univ.*,[43] and *Doe v. Rollins Coll*.[44] – the university was the only

---

[35] 972 F.3d at 1017.

[36] No. 21-CV-085-JD, 2021 WL 2857518, at *10 (D.N.H. July 8, 2021).

[37] ECF No. 49, PageID.557.

[38] 368 F. Supp. 3d at 1323. And again, the claim still failed to survive summary judgment because the plaintiff could not prove breach of duty, 972 F.3d at 1019.

[39] 616 F. Supp. 3d at 916 (noting that duty must "arise[] out of the parties' relationship….")

[40] ECF No. 49, PageID.562.

[41] ECF No. 49, PageID.563.

[42] No. 4:09-CV-62, 2011 WL 1258104, at *1 (E.D. Tenn. Mar. 31, 2011).

[43] 142 F. App'x 246 (6th Cir. 2005).

[44] 352 F. Supp. 3d 1205, 1210 (M.D. Fla. 2019).  Admittedly, *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) – which was cited in *Doe v. Rollins Coll*. – mentions that the plaintiff pled a facially viable claim that the Title IX investigator was biased.  But again, this was on the context of a suit against the university only.  Like the other cases relied upon by the Plaintiff, the opinion contains no discussed of whether the Title IX investigator might have owed a duty in tort.  But, the fact that the plaintiffs in these cases apparently did not even name the Title IX investigators as defendants is telling.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

named defendant. Other university employees were named as defendants in *Collick v. William Paterson Univ.*[45] and *Doe v. Salisbury Univ.*,[46] but those opinions do not mention the Title IX investigator ever being one of the defendants.  And *Vizzoni v. B.M.D.* wasn't a Title IX case.[47]

Plaintiff then cites two published Michigan Court of Appeals opinions for the proposition that Dietzel doesn't have governmental immunity.[48] Which is true (Dietzel wasn't a state actor), but irrelevant to the issues presented. "[I]mmunity is irrelevant when there is no duty in the first place."[49] Moreover, *Patterson* dealt with a defamation claim,[50] so the question of duty was irrelevant for that reason as well.[51] And in *Berry,* the panel found that the defendant owed a duty based upon case law specific to general contractors in construction site injury cases.[52] The only apparent similarity these cases have to Plaintiff's claim against Dietzel is that they were civil actions for damages.

## Conclusion and Requested Relief

Plaintiff has not cited a single case where a Title IX investigator was found to owe a tort duty to a complainant under Michigan law, or the law of any other state.  On the other hand, Dietzel has set forth an unbroken line of decisions from other circuits finding no such duty.  Those decisions are consistent with the public policies underlying tort duties – no one would be a Title IX investigator if they faced potential tort exposure to anyone involved in the investigation. Plaintiff's efforts to distinguish those decisions are

---

[45] No. 16-471 (KM) (JBC), 2016 WL 6824374, at *1 (D.N.J. Nov. 17, 2016)
[46] 123 F. Supp. 3d 748, 766 (D. Md. 2015).
[47] 459 N.J. Super. 554, 567; 212 A.3d 962, 969 (App. Div. 2019).
[48] ECF No. 49, PageID.564-565.
[49] *Coleman v. E. Joliet Fire Prot. Dist.,* 46 N.E.3d 741, 756; 399 Ill.Dec. 422 (2016).
[50] *Patterson v. St. John's Bd. of Educ.,* No. 322135, 2015 WL 5440335 (Mich. App. Sept. 15, 2015).
[51] "[D]efamation is an *intentional* tort." *In re Thompson,* 162 B.R. 748, 753 n.4 (Bankr. E.D. Mich. 1993) (emphasis in original).  "Intentional torts, in contrast to negligence, do not require proof of a predicate duty of care." *Florez v. Broward Sheriff's Off.,* 270 So. 3d 417, 421 n.2 (Fla. App. 2019), citing  *Gipson v. Kasey,* 214 Ariz. 141; 150 P.3d 228, 231 n.2 (2007).
Smith v. Welch, 265 Kan. 868, 879, 967 P.2d 727, 734 (1998)
[52] *Berry v. Barton-Malow Co.,* No. 235475, 2003 WL 21699891, at *1 (Mich. App. July 22, 2003).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

6

specious, largely boiling down to the fact that they are from other jurisdictions. But Plaintiff has not cited

any Michigan law in support of a duty owed.  For these reasons, Dietzel respectfully requests this Honorable

Court grant this Motion and dismiss him from this case.[53]


Date:  June 21, 2024                                    By:/s/ Drew W. Broaddus
                                                           Mark A. Gilchrist (P61741)
                                                           Michael D. Wiese (P78353)
                                                           Drew W. Broaddus (P64658)
                                                           SMITH HAUGHEY RICE & ROEGGE
                                                           Attorneys for Defendant Robert Dietzel
                                                           100 Monroe Center, N.W.
                                                           Grand Rapids, MI 49503
                                                           616-774-8000
                                                           mgilchrist@shrr.com
                                                           mwiese@shrr.com
                                                           dbroaddus@shrr.com

---

[53] Which would seemingly end the suit, as there is a pending Motion to Approve Settlement as to the other
Defendants (see ECF No. 48, PageID.549).

SHRR\6169792.v1

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation