UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.C., as Parent and Legal Guardian of Jane Doe, a minor,

    Plaintiff,

v.

MARCELLUS COMMUNITY SCHOOLS et al.,

    Defendants.
_____/

Case No. 1:23-cv-255

Hon. Paul L. Maloney

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

Plaintiff C.C., as parent and legal guardian of Jane Doe, filed this lawsuit against multiple parties, asserting claims under federal and state law. (Compl., ECF No. 1.) All but one of her claims have been dismissed. The sole remaining cause of action is a state-law negligence claim, which Plaintiff asserts against Robert Dietzel. Dietzel moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Mot. for J. on the Pleadings, ECF. No. 41.) Because no federal causes of action remain in this lawsuit, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. Thus, the Court *sua sponte* dismisses Plaintiff's complaint for lack of jurisdiction.

**I.**

On March 12, 2023, Plaintiff filed this action against eight defendants, asserting federal and state law claims. Plaintiff sued Marcellus Community Schools and Marcellus Community School's Board of Education ("MCS" Defendants), and Nanette Pauley, Melinda Bohan, Sarah Bischoff, Tammy Curtis, Henry Essex, and Robert Dietzel, in their individual capacities (collectively "Defendants"). (Compl. 1.) She alleged that Defendants did not properly investigate,

report, and prevent known and continued abuse of MCS students. (*See generally* Compl.) As a result, she claimed that MSC Defendants violated various Title IX provisions, and the individuals violated her constitutional rights. (*Id.* ¶¶ 210, 220, 226, 241, 249. 256.) She also asserted state law claims against Defendants, particularly gross negligence and violation of Michigan's Elliott-Larsen Civil Rights Act. (*Id.* ¶¶ 274, 282.) And on the last few pages of her complaint, Plaintiff added a single state-law negligence claim against just one defendant, Robert Dietzel, a Title IX investigator. (*Id.* ¶¶ 283-288.) Plaintiff obtained this Court's federal question jurisdiction through her Title IX and 42 U.S.C. § 1983 claims. (*Id.* ¶¶ 1-7.) The Court exercised jurisdiction over her state-law claims under § 28 U.S.C. § 1367(a). (*Id.*)

But all those claims, except for her negligence claim against Defendant Dietzel, have been dismissed. In May 2023, Defendant Dietzel moved to dismiss Plaintiff's claims under Rule 12(b)(6). (Mot. to Dismiss, ECF No. 11.) This Court dismissed all but one of her claims, the state-law negligence claim. (Order, ECF No. 14.) Then in August 2024, all parties, except Defendant Dietzel, stipulated that the claims between them have been settled and shall be dismissed with prejudice. (Proposed Stipulation and Order, ECF No. 54.) This Court approved the settlement, and ordered that those defendants be dismissed with prejudice. (Stipulation and Order, ECF No. 55.) Now, the only claim at issue is the state-law negligence claim against Defendant Dietzel.

Defendant Dietzel has moved for judgment on the pleadings for the negligence claim. He argues the Court should dismiss the claim because a Title IX investigator owes no legal duty to subjects of Title IX investigations. None of the opinions analyzing negligence claims arising from Title IX situations apply Michigan law. (Br. in Supp. of Mot. for J. on the Pleadings, ECF No. 42, PageID.534-540.) Plaintiff filed an opposition brief and argues that Defendant waived his right to bring a Rule 12(c) motion, and all cases Defendant cited are not on-point, since they do not apply

2

Michigan law.  (Pl.'s Resp. in Opp'n to Def.'s Mot. for J. on the Pleadings, ECF No. 49, PageID.551-563.)  Neither party argues that the Court lacks subject matter jurisdiction.

## II.

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Generally, a suit may be brought in federal court only if there is a basis under "federal question" or "diversity" jurisdiction.  *See generally* 28 U.S.C. §§ 1331, 1332.  The basis for jurisdiction must be apparent from the face of the complaint.  Fed. R. Civ. P. 8(a)(1).  The district court can decide whether it has subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking.  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 1996 WL 616677, at *3 (6th Cir. Oct. 24, 1996) ("Neither party has raised the jurisdictional issue this case presents, but it is axiomatic that we must raise issues of subject matter jurisdiction *sua sponte*.") (citing *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994)).

At first, this Court exercised original jurisdiction over this lawsuit because Plaintiff pleaded causes of action under federal law, Title IX and 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331.  The Court obtained supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  All of Plaintiff's federal law claims have since been dismissed.  Consequently, the Court retains discretion to continue to exercise supplemental jurisdiction over Plaintiff's negligence claim.  28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

Typically, when a district court dismisses federal law claims before trial, the court should not reach the merits of any state law claims.  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728

3

(6th Cir. 2006); *Musson*, 89 F.3d at 1254 ("As a rule of thumb . . . [w]hen all federal claims have been dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them back to state court if the action was removed.") (citations omitted); *Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909, 917 (6th Cir. 1991). The Sixth Circuit takes the position that district courts "have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial." *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) (citation omitted). District courts should apply this minimal discretion only where the interests of judicial economy, and the avoidance of multiplicity of litigation outweigh the concern over needlessly deciding state law issues. *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). Further, courts should consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997).

Here, the balance of interests weighs against exercising supplemental jurisdiction. First, the Court is presented with a novel Michigan tort issue: Can a Title IX investigator be liable for negligence? Second, there are no remaining federal claims. Third, although some discovery has occurred, the information exchanged would be just as useful state court litigation. (*See* Expert Witness List, ECF No. 38) Fourth, no substantial proceedings have occurred over this claim. Lastly, no other relevant factors favor retention of supplemental jurisdiction by this Court. Thus, this claim is best resolved in the state courts.

4

### III.

The Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim. Because the negligence claim is the only claim left, the Court will dismiss Plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED FOR LACK OF JURISDICTION**.

Dated: October 28, 2024　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　PAUL L. MALONEY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE